Craig S. Warkol (CW-5220)
Julian Rainero (JR-7034)
Bracewell & Giuliani LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 508-6100
*Attorney for Defendants Robert David Fuchs,*
*Robert MacGregor, Duncan Capital LLC, and*
*Santal Holdings LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ECF CASE

---

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

    v.

MICHAEL W. CROW, DUNCAN CAPITAL LLC,
DUNCAN CAPITAL GROUP LLC, ROBERT DAVID
FUCHS, and ROBERT MACGREGOR,

                        Defendants,
    and

TREVOR CROW, SANTAL HOLDINGS LLC, M.W.
CROW FAMILY LP, CROW 2001 CHILDREN'S
TRUST FBO MICHELLE LEE CROW, CROW 2001
CHILDREN'S TRUST FBO SPENCER MICHAEL
CROW, CROW 2001 CHILDREN'S TRUST FBO
DUNCAN CROW, and CROW 2001 CHILDREN'S
TRUST FBO OLIVIA TREVOR CROW,

                      Relief Defendants.

07 Civ. 3814 (CM)
ECF CASE

**ANSWER TO THE FIRST**
**AMENDED COMPLAINT**

---

Defendants Robert David Fuchs, Robert MacGregor and Duncan Capital LLC ("Duncan Capital") (together, the "Defendants"), and Santal Holdings LLC, by their undersigned counsel, answer the First Amended Complaint ("FAC") as follows:

## SUMMARY OF ALLEGATIONS

1. Defendants deny the allegations contained in paragraph 1 of the FAC, but admit that Duncan Capital was a registered broker-dealer.

2. Defendants deny the allegations contained in paragraph 2 of the FAC, but admit that Fuchs was the owner and president of Duncan Capital.

3. Defendants deny the allegations contained in paragraph 3 of the FAC, but admit that neither MacGregor nor Crow were registered in any capacity with the National Association of Securities Dealers, Inc. ("NASD") during the Relevant Period.

## VIOLATIONS

4. Defendants deny the allegations contained in paragraph 4 of the FAC.

## JURISDICTION AND VENUE

5. Defendants deny the allegations contained in paragraph 5 of the FAC, but admit that the Commission purports to bring this action pursuant to Sections 21(d) and 21(e) of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78u(e).

6. Defendants deny the allegations contained in paragraph 6 of the FAC, but admit that the defendants have made use of the means and instrumentalities of interstate commerce or of the mails, or the facilities of a national securities exchange.

7. Defendants deny the allegations contained in paragraph 7 of the FAC, but admit that defendants Fuchs and MacGregor were either inhabitants of, or transacted business in, this District during the Relevant Period.

## RELEVANT INDIVIDUALS AND ENTITIES

8. Defendants deny the allegation in the second sentence of paragraph 8 that Crow controlled Duncan Capital. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the FAC.

9. Defendants deny the allegations contained in paragraph 9 of the FAC, but admit that (a) Duncan Capital is a New York limited liability company with its principal palce of business in New York, New York, (b) Santal Holdings ("Santal") was the sole owner of Duncan Capital, (c) that Mr. Fuchs owned 99% of Santal, (d) that Mr. Fuchs's wife owned 1% of Santal, and (e) that Duncan Capital served as placement agent in connection with certain PIPE transactions.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the FAC.

11. Defendants deny the allegations contained in paragraph 11 of the FAC, but admit that (a) Santal was the sole owner of Duncan, (b) that Mr. Fuchs owned 99% of Santal, and (c) that Mr. Fuchs's wife owned 1% of Santal.

12. Defendants deny the allegations contained in the second sentence of paragraph 12 of the FAC, and admit the remaining allegations of paragraph 12 of the FAC.

The Relief Defendants

13. Defendants deny the allegations contained in paragraph 13 of the FAC, but admit that (a) Santal was the sole owner of Duncan, (b) that Mr. Fuchs owned 99% of Santal, and (c) that Mr. Fuchs's wife owned 1% of Santal.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the FAC.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the FAC.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the FAC.

## FACTUAL ALLEGATIONS

Background – The Creation of Duncan Capital

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the FAC.

18. Defendants deny the allegations contained in paragraph 18 of the FAC, but admit that Fuchs owned Rockwood, Inc., the registered broker-dealer whose name would later be changed to Duncan Capital.

19. Defendants deny the allegations contained in paragraph 19 of the FAC.

20. Defendants deny the allegations contained in paragraph 20 of the FAC.

21. Defendants deny the allegations contained in paragraph 21, but admit (a) that Fuchs was the president of Duncan Capital, (b) that Fuchs was registered as a FINOP of Duncan Capital, and (c) that Duncan Capital's Form BD did not reference Mr. Crow or his regulatory history.

22. Defendants deny the allegations contained in paragraph 22 of the FAC, but admit that Duncan Capital served as the designated placement agent in connection with certain PIPE transactions.

23. Defendants deny the allegations contained in paragraph 23 of the FAC, but admit that Duncan Capital served as the designated placement agent in connection with certain PIPE transactions.

<u>Crow Controlled Duncan Capital and Received the Vast Majority of Its Profits</u>

24.  Defendants deny the allegations contained in paragraph 24 of the FAC.

25.  Defendants deny the allegations contained in paragraph 25 of the FAC.

26.  Defendants deny the allegations contained in paragraph 26 of the FAC.

27.  Defendants deny the allegations contained in paragraph 27 of the FAC.

28.  Defendants deny the allegations contained in paragraph 28 of the FAC.

29.  Defendants deny the allegations contained in paragraph 29 of the FAC.

30.  Defendants deny the allegations contained in paragraph 30 of the FAC, but admit that certain amounts of money were transferred by Duncan Capital to Crow.

31.  Defendants deny the allegations contained in paragraph 31 of the FAC, but admit that on one occasion, due to an administrative error, Duncan Capital paid the personal travel expenses of Mr. Crow.

32.  Defendants deny the allegations contained in paragraph 32 of the FAC, but admit that certain amounts of cash, warrants and stock were transferred by Duncan Capital to Crow.

33.  Defendants deny the allegations contained in paragraph 33 of the FAC, but admit that certain amounts of cash, warrants and stock were transferred by Duncan Capital to Crow.

34.  Defendants deny the allegations contained in paragraph 34 of the FAC.

35.  Defendants deny the allegations contained in paragraph 35 of the FAC.

<u>Duncan Capital Failed to Disclose Crow's Role</u>

36.  Paragraph 36 of the FAC describes various Exchange Act provisions and rules to which no response is required.

37.  Defendants deny the allegations contained in paragraph 37 of the FAC, but admit that on or about January 15, 2004, Duncan Capital filed a Form BD with the United States

Securities & Exchange Commission ("SEC"), and respectfully refer the Court to that document for its content, meaning and import.

38. Defendants deny the allegations contained in paragraph 38 of the FAC, but admit that certain amendments to Duncan Capital's Form BD were filed with the SEC and respectfully refer the Court to those documents for their content, meaning and import..

39. Defendants deny the allegations contained in paragraph 39 of the FAC.

<u>DC Group Acted as an Unregistered Broker-Dealer</u>

40. Paragraph 40 of the FAC states a legal conclusion to which no response is required.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the FAC, but admit (a) that certain amounts of cash, warrants and stock were transferred by Duncan Capital to Crow; and (b) that DC Group was not registered as a broker-dealer.

42. Defendants deny the allegations contained in paragraph 42 of the FAC, but admit (a) that certain amounts of cash, warrants and stock were transferred by Duncan Capital to Crow; and (b) that DC Group was not registered as a broker-dealer.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the FAC.

44. Paragraph 44 of the FAC states a legal conclusion to which no response is required.

45. Defendants admit the allegations contained in paragraph 45 of the FAC.

46. Defendants deny the allegations contained in paragraph 46 of the FAC, but admit that during a certain, more-limited time period, Mr. MacGregor was an associated person of Duncan Capital.

47. Defendants deny the allegations contained in paragraph 47 of the FAC, but note that there is no registration category for persons associated with a broker-dealer -- certain associated persons of a broker-dealer are required to be registered under NASD rules.

48. Defendants deny the allegations contained in paragraph 48 of the FAC, but admit that Mr. Fuchs was responsible for ensuring that persons performing functions requiring registration were appropriately registered.

49. Defendants deny the allegations contained in paragraph 49 of the FAC, but admit that neither Mr. Crow nor Mr. MacGregor was registered with the NASD.

50. Defendants deny the allegations contained in paragraph 50 of the FAC.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the FAC with respect to defendant Crow, but admit that Mr. MacGregor knew he was not currently registered with Duncan.

Duncan Capital Failed to Make and Keep Certain Employment Documentation
<u>Concerning Crow and MacGregor</u>

52. Paragraph 52 of the FAC states a legal conclusion to which no response is required.

53. Defendants deny the allegations contained in paragraph 53 of the FAC.

54. Defendants deny the allegations contained in paragraph 54 of the FAC.

55. Defendants deny the allegations contained in paragraph 55 of the FAC.

<u>The Relief Defendants Received Some of Defendants' Ill-Gotten Gains</u>

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the FAC.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the FAC.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the FAC.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the FAC.

60. Defendants admit the allegations contained in the first two sentences in paragraph 60 of the FAC, but lack knowledge or information sufficient to form a belief as to the truth of the allegation that Fuchs caused Santal to transfer at least $86,000 to M.W. Crow Family LP, and admit that Fuchs caused certain funds to be distributed to Fuchs.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Violations of Section 15(b)(1) of the Exchange Act and Rule 15b3-1 Thereunder
(Against Defendant Duncan Capital)

61. Defendants incorporate and repeat their responses to paragraphs 1-60 of the FAC.

62. Defendants deny the allegations contained in paragraph 62 of the FAC.

63. Defendants deny the allegations contained in paragraph 63 of the FAC.

64. Defendants deny the allegations contained in paragraph 64 of the FAC.

### SECOND CLAIM FOR RELIEF

Aiding and Abetting Violations of Section 15(b)(1) of the Exchange Act
and Rule 15b3-1 Thereunder
(Against Defendants Crow and Fuchs)

65. Defendants incorporate and repeat their responses to paragraphs 1-64 of the FAC.

66. Defendants deny the allegations contained in paragraph 66 of the FAC.

67. Defendants deny the allegations contained in paragraph 67 of the FAC, but admit that Defendant Duncan Capital filed Forms BD with the SEC.

68. Defendants deny the allegations contained in paragraph 68 of the FAC.

69. Defendants deny the allegations contained in paragraph 69 of the FAC.

### THIRD CLAIM FOR RELIEF

Violations of Section 15(b)(7) of the Exchange Act and Rule 15b7-1 Thereunder
(Against Defendant Duncan Capital)

70. Defendants incorporate and repeat their responses to paragraphs 1-69 of the FAC.

71. Defendants deny the allegations contained in paragraph 71 of the FAC.

72. Defendants deny the allegations contained in paragraph 72 of the FAC.

### FOURTH CLAIM FOR RELIEF

Aiding and Abetting Violations of Section 15(b)(7) of the
Exchange Act and Rule 15b7-1 Thereunder
(Against Defendants Crow, Fuchs and MacGregor)

73. Defendants incorporate and repeat their responses to paragraphs 1-72 of the FAC.

74. Defendants deny the allegations contained in paragraph 74 of the FAC, but admit that MacGregor knew he was not registered in any capacity with Duncan.

75. Defendants deny the allegations contained in paragraph 75 of the FAC.

76. Defendants deny the allegations contained in paragraph 76 of the FAC.

## FIFTH CLAIM FOR RELIEF

Violations of Section 15(a) of the Exchange Act
(Against Defendant DC Group)

77.　　Defendants incorporate and repeat their responses to paragraphs 1-76 of the FAC.

78.　　Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the FAC.

79.　　Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the FAC.

## SIXTH CLAIM FOR RELIEF

Aiding and Abetting Violations of Section 15(a) of the Exchange Act
(Against Defendants Crow and Fuchs)

80.　　Defendants incorporate and repeat their responses to paragraphs 1-79 of the FAC.

81.　　Defendants deny the allegations contained in paragraph 81 of the FAC as to defendant Fuchs. As to defendant Crow, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the FAC.

## SEVENTH CLAIM FOR RELIEF

Aiding and Abetting Violations of Section 15(a) of the Exchange Act
(Against Defendants Crow and Fuchs)

82.　　Defendants incorporate and repeat their responses to paragraphs 1-81 of the FAC.

83.　　Defendants deny the allegations contained in paragraph 83 of the FAC.

84.　　Defendants deny the allegations contained in paragraph 84 of the FAC.

## EIGHTH CLAIM FOR RELIEF

Aiding and Abetting Violations of Section 17(a) of the Exchange Act
And Rule 17a-3(a)(12) Thereunder
(Against Defendant Fuchs)

85.　　Defendants incorporate and repeat their responses to paragraphs 1-84 of the FAC.

86. Defendants deny the allegations contained in paragraph 86 of the FAC.

87. Defendants deny the allegations contained in paragraph 87 of the FAC.

### NINTH CLAIM FOR RELIEF

Disgorgement
(Against the Relief Defendants)

88. Defendants incorporate and repeat their responses to paragraphs 1-87 of the FAC.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the FAC, and deny the allegations contained in paragraph 89 of the FAC as to Santal.

90. Defendants deny the allegations contained in paragraph 90 of the FAC.

### DEFENSES

91. The FAC fails to state a claim upon which relief can be granted.

92. This action should be dismissed because it constitutes selective prosecution of the federal securities laws.

93. Disgorgement is inappropriate under the factual circumstances of this case.

94. Civil money penalties are inappropriate under the factual circumstances of this case.

95. Injunctive relief is inappropriate under the factual circumstances of this case.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing the First Amended Complaint in its entirety.

Dated: New York, New York
September 10, 2007

                                            Respectfully submitted,

                                            BRACEWLL & GIULIANI LLP

By: _____
Craig S. Warkol (CW-5220)
Julian Rainero (JR-7034)
1177 Avenue of the Americas
New York, New York 10036-2714
212-508-6100

Attorneys for Defendants Robert David Fuchs, Robert MacGregor, Duncan Capital LLC, and Relief Defendant Santal Holdings LLC

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendants' Answer to the Plaintiff's First Amended Complaint by mailing a copy of same via Federal Express on this 10th day of September, 2007 to:

Preethi Krishnamurthy
Securities and Exchange Commission
Northeast Regional Office
3 World Financial Center
New York, NY 10281
*Attorney for Plaintiff*

Seth Levine, Esq.
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
*Counsel for Michael W. Crow and Duncan Capital Group LLC*

Martin Russo, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
*Counsel for Trevor Crow, M.W. Crow Family LP,*
*Crow 2001 Children's Trust FBO Michelle Lee Crow,*
*Crow 2001 Children's Trust FBO Spencer Michael Crow,*
*Crow 2001 Children's Trust FBO Duncan Crow, and*
*Crow 2001 Children's Trust FBO Olivia Trevor Crow*

CRAIG WARKOL (CW-5220)
Bracewell & Giuliani LLP
1177 Avenue of the Americas
New York, NY 10036
Ph: (212) 508-6100
Fax: (212) 938-3850
*Counsel for Robert David Fuchs, Robert MacGregor, Duncan Capital LLC, and Santal Holdings LLC*