UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION

                          Plaintiff,

- against -

MICHAEL W. CROW, DUNCAN CAPITAL LLC,
DUNCAN CAPITAL GROUP LLC, ROBERT DAVID
FUCHS, and ROBERT MACGREGOR,

                          Defendants,    07 Civ. 3814 (CM)

            and

TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW
FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO
MICHELLE LEE CROW, CROW 2001 CHILDREN'S
TRUST FBO SPENCER MICHAEL CROW, CROW 2001
CHILDREN'S TRUST FBO DUNCAN CROW, and CROW
2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW,

                          Relief Defendants.

**RELIEF DEFENDANTS CROW 2001 CHILDREN'S TRUST FBO MICHELLE LEE CROW'S, CROW 2001 CHILDREN'S TRUST FBO SPENCER MICHAEL CROW'S, CROW 2001 CHILDREN'S TRUST FBO DUNCAN CROW'S, and CROW 2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW'S ANSWER**

      The Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, and Crow 2001 Children's Trust FBO Olivia Trevor Crow ("The Children's Trusts"), by and through their attorneys, Nixon Peabody LLP, respond to the First Amended Complaint of the Securities and Exchange Commission, as follows:

      1.      The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the First Amended Complaint.

10720373.1

2. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the First Amended Complaint.

3. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the First Amended Complaint.

4. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the First Amended Complaint.

5. The allegations set forth in Paragraph 5 of the First Amended Complaint require no response.

6. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the First Amended Complaint.

7. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the First Amended Complaint.

8. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the First Amended Complaint.

9. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint.

10. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the First Amended Complaint.

11. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the First Amended Complaint.

12. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the First Amended Complaint.

13. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the First Amended Complaint.

14. The Children's Trusts admit the allegations set forth in Paragraph 14 of the First Amended Complaint.

15. The Children's Trusts admit the allegations set forth in Paragraph 15 of the First Amended Complaint, except denies knowledge and information sufficient to form a belief with respect to the organization and the business address of the M.W. Crow Family LP.

16. The Children's Trusts admit the allegations set forth in Paragraph 16 of the First Amended Complaint.

17. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the First Amended Complaint.

18. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the First Amended Complaint.

19. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the First Amended Complaint.

20. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the First Amended Complaint.

21. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the First Amended Complaint.

22. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the First Amended Complaint.

23. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the First Amended Complaint.

24. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the First Amended Complaint.

25. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the First Amended Complaint.

26. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the First Amended Complaint.

27. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the First Amended Complaint.

28. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the First Amended Complaint.

29. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the First Amended Complaint.

30. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the First Amended Complaint.

31. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the First Amended Complaint.

32. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the First Amended Complaint.

33. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the First Amended Complaint.

34. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the First Amended Complaint.

35. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the First Amended Complaint.

36. The Children's Trusts admit the allegations set forth in Paragraph 36 of the First Amended Complaint, except neither admit nor deny those allegations which purport to state a legal conclusion and require no response.

37. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the First Amended Complaint.

38. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the First Amended Complaint.

39. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the First Amended Complaint.

40. The Children's Trusts admit the allegations set forth in Paragraph 40 of the First Amended Complaint, except neither admit nor deny the allegations which purport to state a legal conclusion and require no response.

41. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the First Amended Complaint.

42. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the First Amended Complaint.

43. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the First Amended Complaint.

44. The Children's Trusts admit the allegations set forth in Paragraph 44 of the First Amended Complaint, except neither admit nor deny the allegations which purport to state a legal conclusion and require no response.

45.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the First Amended Complaint.

46.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the First Amended Complaint.

47.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the First Amended Complaint.

48.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the First Amended Complaint.

49.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the First Amended Complaint.

50.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the First Amended Complaint.

51.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the First Amended Complaint.

52.     The Children's Trusts admit the allegations set forth in Paragraph 52 of the First Amended Complaint, except neither admit nor deny the allegations which purport to state a legal conclusion and require no response.

53.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the First Amended Complaint.

54.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the First Amended Complaint.

55.     The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the First Amended Complaint.

56. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the First Amended Complaint.

57. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the First Amended Complaint.

58. The Children's Trusts admit they received assets, but deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 as to the origin or the value of such assets.

59. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the First Amended Complaint.

60. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the First Amended Complaint.

61. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 60 as if fully set forth herein.

62. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the First Amended Complaint.

63. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the First Amended Complaint.

64. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the First Amended Complaint.

65. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 64 as if fully set forth herein.

66. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the First Amended Complaint.

67. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the First Amended Complaint.

68. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the First Amended Complaint.

69. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the First Amended Complaint.

70. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 69 as if fully set forth herein.

71. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the First Amended Complaint.

72. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the First Amended Complaint.

73. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 72 as if fully set forth herein.

74. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the First Amended Complaint.

75. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the First Amended Complaint.

76. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the First Amended Complaint.

77. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 76 as if fully set forth herein.

78. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the First Amended Complaint.

79. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the First Amended Complaint.

80. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 79 as if fully set forth herein.

81. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the First Amended Complaint.

82. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 81 as if fully set forth herein.

83. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the First Amended Complaint.

84. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the First Amended Complaint.

85. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 84 as if fully set forth herein.

86. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the First Amended Complaint.

87. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the First Amended Complaint.

88. The Children's Trusts repeat and reiterate their responses to the allegations in Paragraphs 1 through 87 as if fully set forth herein.

89. The Children's Trusts deny the allegations set forth in Paragraph 89 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief with respect to the allegations regarding Santal Holdings LLC.

90. The Children's Trusts deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Disgorgement is inappropriate under the factual circumstances of this case.

Dated: September 10, 2007
New York, New York

NIXON PEABODY LLP

By: S/_____
Martin P. Russo (MR-4134)
Alison B. Cohen (AC-7702)
Tamar Y. Duvdevani (TD-7603)
437 Madison Avenue
New York, New York 10022
Tel: (212) 940-3000
Fax: (212) 940-3111
mrusso@nixonpeabody.com

*Attorneys for Relief Defendants Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, and Crow 2001 Children's Trust FBO Olivia Trevor Crow*

10720373.1