Seth L. Levine (SL-8685)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329

*Attorneys for Defendants Michael W. Crow
and Duncan Capital Group LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br>      Plaintiff, <br><br>      v. <br><br>MICHAEL W. CROW, DUNCAN CAPITAL LLC, DUNCAN CAPITAL GROUP LLC, ROBERT DAVID FUCHS, and ROBERT MACGREGOR, <br><br>      Defendants. <br>and <br><br>TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO MICHELLE LEE CROW, CROW 2001 CHILDREN'S TRUST FBO SPENCER MICHAEL CROW, CROW 2001 CHILDREN'S TRUST FBO DUNCAN CROW, and CROW 2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW, <br><br>      Relief Defendants. | 07 Civ. 3814 (CM)(MHD)<br>ECF CASE<br><br><br>Oral Argument Requested |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MICHAEL W. CROW'S AND DUNCAN CAPITAL GROUP LLC'S MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I. PRELIMINARY STATEMENT ............................................................................... 2

II. PROCEDURAL BACKGROUND AND THE ALLEGATIONS
OF THE AMENDED COMPLAINT ........................................................................ 3

    A. This Action Relates Only To Technical Broker-Dealer
       Registration Issues And Alleges No Fraudulent
       Conduct Or Losses By Market Participants ................................................. 3

    B. The SEC Alleges Only Completed Conduct Which
       Occurred More Than Two Years Ago ......................................................... 4

III. ARGUMENT ............................................................................................................ 6

    A. This Court Lacks Jurisdiction Over the Request For
       Injunctive Relief Because the SEC Fails to Allege
       Statutorily Required Present or Imminent Violations .................................. 6

IV. CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases** — **Page(s)**

Aaron v. SEC,
  446 U.S. 680, 100 S. Ct. 1945 (1980) ...................................................................................7

Bell Atlantic Corp. v. Twombly,
  550 U.S. ___, 127 S. Ct. 1955 (2007) ...................................................................................5

Dow Jones & Company, Inc., v. Int'l Sec. Exch., Inc.,
  451 F.3d 295 (2d Cir. 2006) ..................................................................................................5

Gebhardt v. Allspect, Inc.,
  96 F. Supp. 2d 331 (S.D.N.Y. 2000) .....................................................................................5

Int'l Motor Sports Group, Inc. v. Gordon,
  No. 98 Civ. 5611, 1999 U.S. Dist. LEXIS 12610 (S.D.N.Y. August 10, 1999) ....................7

SEC v. Cavanaugh,
  155 F.3d 129 (2d Cir. 1998) ..................................................................................................7

SEC v. Commonwealth Chem. Sec., Inc.,
  574 F.2d 90 (2d Cir. 1978) ................................................................................................8, 9

SEC v. First City Fin. Corp.,
  890 F.2d 1215 (D.C. Cir. 1989) .........................................................................................7, 8

SEC v. Follick,
  No. 00 Civ. 4835, 2002 U.S. Dist. LEXIS 24112 (S.D.N.Y. Dec. 18, 2002) ........................4

SEC v. Jones,
  476 F. Supp. 2d 374 (S.D.N.Y. 2007) ...................................................................................8

SEC v. Martino,
  255 F. Supp. 2d 268 (S.D.N.Y. 2003) ................................................................................3, 4

SEC v. Princeton Econ. Intern. Ltd.,
  84 F. Supp. 2d 452 (S.D.N.Y. 2000) .....................................................................................7

SEC v. Scott,
  565 F. Supp 1513 (S.D.N.Y. 1983), aff'd sub nom. SEC v. Cayman Islands Reinsurance
  Corp., 734 F.2d 118 (2d Cir. 1894) .......................................................................................7

# TABLE OF AUTHORITIES
## (cont'd)

**Cases (cont'd)**                                                                                              **Page(s)**

SEC v. Steadman,
    967 F.2d 636 (D.C. Cir. 1992) .......................................................................................7

Smith v. Local 819 I.B.T. Pension Plan,
    291 F.3d 236 (2d Cir. 2002) ..........................................................................................5

United States v. W.T. Grant Co.,
    345 U.S. 629 (1953) .......................................................................................................7


**Statutes, Rules and Regulations**

Securities Exchange Act of 1934 § 15(b)(4), 15 U.S.C.A. § 78o(b)(4)(C) (2000)................8, 9

Securities Exchange Act of 1934 § 21(a)(1), 15 U.S.C.A. § 78u(a)(1) (2000) ...............................6

Securities Exchange Act of 1934 § 21(d)(1), 15 U.S.C.A. § 78u(d) (2000).........................2, 5, 6

Securities and Exchange Act of 1934 § 21(d)(3)(A), 15 U.S.C.A.§ 78u(d)(3)(A) (2000)..............6

Fed. R. Civ. P. 12 (b)(1)...............................................................................................................2, 7

Fed. R. Civ. P. 12 (f)..........................................................................................................................2

Investment Advisers Act of 1940, § 203(f), 15 U.S.C.A. § 80b-3(f) ...............................................8


**Other Sources**

2 James WM. Moore et al., Moore's Federal Practice § 12.37 [3] (3d ed. 1999) .........................7

## I.   **PRELIMINARY STATEMENT**

Defendants Michael W. Crow ("Crow") and Duncan Capital Group LLC ("DC Group") respectfully submit this Memorandum of Law in support of their motion to dismiss the Securities and Exchange Commission's ("SEC") request for injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to strike the request pursuant to Federal Rule of Civil Procedure 12(f).

The SEC's request for injunctive relief against Crow and DC Group reaches beyond its statutory authority, and should be dismissed or struck. Section 21(d)(1) of the Securities Exchange Act of 1934, the jurisdictional basis for the injunctive relief alleged in the Amended Complaint, permits the SEC to seek an injunction only when a party "**is engaged or is about to engage in acts**" that constitute "a violation" of the charged provisions of the federal securities laws. Here, the SEC alleges no current or imminent violation; rather, the SEC alleges only conduct that occurred and ended years ago. As such, the SEC has failed to plead facts sufficient to permit any further adjudication of its request for injunctive relief.

As discussed herein, this pleading failure is no technical deficiency or inadvertent error, because the conduct at issue in this action--whether Crow aided, and the DC Group violated, technical broker-dealer registration and record keeping requirements--are alleged to have occurred from **November 2003** to **December 2004, ending**, at the latest, in **January 2005.** In fact, the Amended Complaint is devoid of a single allegation of any current or imminent--actual or contemplated--action by Crow or DC Group that the SEC claims will violate any provision of the securities laws.

Given the serious and well-known collateral consequences of a federal court injunction in an SEC enforcement action, particularly the impact in SEC administrative proceedings, further

2

litigation of this relief is likely to harm the defendants. Given the fundamental requirement that jurisdiction be established before a claim proceeds and the fact that this action concerns the technical requirements of broker-dealer registration rules--and not fraud--there is good cause for this Court to prune this overreaching and unsupported request for relief at this stage of the proceeding.

## II. PROCEDURAL BACKGROUND AND THE ALLEGATIONS OF THE AMENDED COMPLAINT

### A. This Action Relates Only To Technical Broker-Dealer Registration Issues And Alleges No Fraudulent Conduct Or Losses By Market Participants

This case is unusual. Cases in which the SEC has brought an action in a United States District Court asserting only violations of the broker-dealer registration and record-keeping provisions of sections 15 and 17, where such allegations are not also accompanied by claims of securities fraud or other violations of the securities laws, are exceedingly rare, if any exist at all. Nonetheless, in both the SEC's initial and Amended Complaints, the SEC alleges only violations of such registration and recordkeeping provisions and seeks dramatic remedies including permanent injunctions, penalties and substantial disgorgement. The SEC does not allege, however, that Crow, DC Group, or any other defendant violated the anti-fraud provisions of the securities laws, or that any entity or person has been harmed, sustained losses or even complained about the defendants' conduct.[1]

---

[1] The SEC's overreaching in this matter is by no means limited to its claims for injunctive relief. The SEC also seeks disgorgement not only from the defendants, but also from Crow's family and various trusts they control, who are styled as relief defendants. This position is quite aggressive and seemingly unprecedented, as to date we have not identified a single reported case where the SEC has sought disgorgement in federal court based solely upon a violation of broker-dealer registration rules without also alleging some other violation. Second Circuit cases analyzing disgorgement in cases involving broker-dealer registration violations almost always include anti-fraud violations. See, e.g., SEC v. Martino, 255 F.Supp.2d 268 (S.D.N.Y. 2003)

Specifically, the Amended Complaint alleges that during the period from November 2003 through December 2004, Crow and DC Group's interactions and financial arrangements with a broker-dealer, a separate entity, defendant Duncan Capital LLC ("Duncan Capital"), along with defendants Fuchs and MacGregor, triggered certain registration and record keeping requirements that were not met. The Amended Complaint alleges that DC Group was required to register as a broker-dealer under section 15(a), and that Crow's actions served to aid and abet the failure of DC Group and Duncan Capital to fulfill these registration and record keeping obligations. (Am. Compl. ¶¶ 39, 40-41 & 43.)[2]

### B. The SEC Alleges Only Completed Conduct Which Occurred More Than Two Years Ago

The factual allegations of the Amended Complaint point exclusively to violations occurring more than two years in the past, and which, based on the allegations, could not have continued beyond 2005. Paragraph One of the Amended Complaint defines the "Relevant Period" to be "[f]rom November 2003 through at least December 2004." (Am. Compl. ¶ 1.) No other act in furtherance of the claimed violations is alleged to have occurred after, at the latest, January 2005. (See, e.g., Am. Compl. ¶¶ 25-26, 33-34, 37-38.)

Additionally, the Amended Complaint forecloses the possibility of any continuing or future misconduct by alleging that Duncan Capital ceased to be a registered broker-dealer on "June 13, 2005" and is not currently operating. (See Am. Compl. ¶ 9.) Similarly, the SEC

---

(the defendant employed numerous classic manipulative devices with the successful intention of raising certain stock prices over a period of several years); SEC v. Follick, No. 00 Civ. 4835, 2002 U.S. Dist. LEXIS 24112 (S.D.N.Y. Dec. 18, 2002) (the defendant participated in a fraudulent scheme to sell fake securities in non-existent companies).

[2] It should be noted that the broker-dealer registration requirements of section 15 provide only general guidance on the need for registration, and require the application of a fact-based, multi-factor evaluation to determine the scope of the registration requirements.

4

claims that DC Group is no longer operating. (See Am. Compl. ¶ 10.) Taking these allegations as true, it would be impossible for Crow to aid and abet a broker-dealer violation by either of these entities or for these entities to violate the registration requirements.

Given these factual allegations, the SEC's boiler-plate claims that the defendants "violated, and unless enjoined will continue to violate, Section 15(a) of the Exchange Act" (Am. Compl. ¶ 79; see also id. ¶¶ 69, 76, 81) (same) are baseless, conclusory and inconsistent with the factual allegations of the Amended Complaint. As such, this boiler-plate language is of no moment and should be disregarded.[3]

Remarkably, the SEC has not alleged a single current act—actual or contemplated—by Crow or DC Group in the Amended Complaint that could satisfy the statutory requirements of section 21(d)(1).

---

[3] It is well-settled case law that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (internal citation and quotation marks omitted); see also Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation omitted); see also Dow Jones & Co. Inc., v. Int'l Sec. Exch., Inc., 451 F.3d 295, 307 (2d Cir. 2006) ("conclusory allegations unsupported by factual assertions . . . fail[] even the liberal standard of Rule 12(b)") (internal citations and quotations omitted); see also Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal quotation marks omitted).

### III. ARGUMENT

A. **This Court Lacks Jurisdiction Over The Request For Injunctive Relief Because the SEC Fails to Allege Statutorily Required Present or Imminent Violations**

The SEC is permitted to initiate actions in federal court seeking injunctive relief pursuant to 21(d)(1) of the 1934 Exchange Act, 15 U.S.C. § 78u (d)(2000), which provides in pertinent part:

> Whenever it shall appear to the Commission that any person <u>is engaged or is about to engage</u> in acts or practices constituting a violation of any provision of this title, the rules or regulations thereunder, . . . it may in its discretion bring an action in the proper district court of the United States, the United States District Court for the District of Columbia, or the United States courts of any territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.

As the statutory language makes plain, the SEC may only seek injunctive relief where a "**person is engaged or is about to engage**" in violations of the Exchange Act. As such, the SEC's authority to bring, and the Court's power to hear, actions for injunctive relief are strictly circumscribed to current or imminent violations.

A comparison of the language of section 21(d)(1) with other portions of section 21 buttresses the conclusion that the SEC's ability to seek injunctive relief is far narrower than its ability to initiate proceedings seeking other forms of relief. Section 21(d)(3)(A) allows the SEC to seek monetary penalties "[w]henever it shall appear to the Commission that any person **has violated**" the Exchange Act. In the same vein, section 21(a)(1) permits the Commission to conduct investigations concerning "whether any person **has violated, is violating, or is about to violate**" the securities laws. Therefore, as the SEC has failed to allege statutorily required

6

current or imminent violations, the claim for an injunction should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[4]

The Commission's limited statutory authority to seek injunctive relief for present or imminent future, but not past, violations is confirmed in the case law. To be entitled to an injunction the Commission must allege and prove not merely (1) that a defendant has violated a provision of the securities laws, but also (2) that unless enjoined he or she will continue violating, or is about to violate, that provision. Aaron v. SEC, 446 U.S. 680, 100 S. Ct. 1945 (1980); SEC v. Scott, 565 F.Supp.1513, 1536 (S.D.N.Y. 1983), aff'd sub nom. SEC v. Cayman Islands Reinsurance Corp., 734 F.2d 118 (2d Cir. 1984). The second prong -- the existence of continuing, present violations or the likelihood of imminent repeated violations -- is the foremost consideration. Thus, the Second Circuit requires the SEC to demonstrate a "substantial likelihood" of future violations. SEC v. Cavanaugh, 155 F.3d 129, 132 (2d Cir. 1998).

In SEC v. Steadman, 967 F.2d 636, 648 (D.C. Cir. 1992), the discussion of the D.C. Circuit Court similarly makes clear that the remedy for injunctive relief extends only to cases where the violation is either current or imminent:

> There must be "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953). The relevant factors we consider when assessing the likelihood of recurrent violation include "whether a defendant's

---

[4] In considering a 12(b)(1) motion, a court must accept all the facts alleged in the complaint as true. SEC v. Princeton Econ. Intern. Ltd., 84 F.Supp.2d 452, 453 (S.D.N.Y. 2000). To the extent the Court concludes the SEC's failure to allege current or imminent violations is not a jurisdictional failure subject to dismissal under Rule 12(b)(1), the request for injunctive relief is alternatively subject to being stricken under Rule 12(f). Motions to strike requests for certain types of relief "are generally granted if such relief is not recoverable under the applicable law." Int'l Motor Sports Group, Inc. v. Gordon, No. 98 Civ. 5611, 1999 U.S. Dist. LEXIS 12610, at *28 (S.D.N.Y. August 10, 1999) (citing 2 Moore's Federal Practice, § 12.37[3] at 12-96, 12-97 (Matthew Bender 3d ed. 2000)).

> violation was isolated or part of a pattern, whether the violation was flagrant and deliberate or merely technical in nature, and whether the defendant's business will present opportunities to violate the law in the future." SEC v. First City Fin. Corp., 890 F.2d 1215, 1228 (D.C. Cir. 1989). Injunctive relief is reserved for willful lawbreakers or those whose operations are so extremely or persistently sloppy as to pose a continuing danger to the investing public.

Plainly, given the heavy burden to demonstrate current or imminent conduct to obtain an injunction, the SEC's failure even to allege any such circumstances is fatal to its claim. The SEC's reliance on dated conduct from years ago cannot meet either the jurisdictional requirements of the Exchange Act or suggest any possibility that an injunction could issue in this matter.[5] Further, the technical nature of the violations alleged, and lack of any allegation of fraud or actual harm, further counsel that such claims should not be allowed to continue.

Finally, the serious collateral consequences that can flow from a federal court injunction in the context of an SEC enforcement action, have been long recognized: "[A]n injunction, while not always a drastic remedy . . ., often is much more than [a] mild prophylactic. . . . In some cases the collateral consequences of an injunction can be very grave.'" SEC v. Commonwealth Chem. Sec., Inc., 574 F.2d 90, 99 (2d Cir. 1978) (internal citations omitted). In fact, the SEC routinely seeks to suspend or bar defendants from the securities industry based solely on the entry of an injunction against them. See §15(b)(4) of the Exchange Act, 15 U.S.C. § 78o(b)(4)(c) and § 203(f) of the Investment Advisers Act, 15 U.S.C. § 80b-3(f). In such a

---

[5] Moreover, the SEC's allegations concerning Crow's "prior regulatory history" from 1998, do not raise any inference of current or imminent violations. In the recent case of SEC v. Jones, 476 F.Supp.2d 374, 383-84 (S.D.N.Y. 2007), Judge Casey observed that, "With respect to recurrence, the Second Circuit demands that the Commission 'go beyond the mere facts of past violations and demonstrate a realistic likelihood of recurrence.'" See also id. at 384 ("'The Commission cannot obtain relief without positive proof of a reasonable likelihood that past wrong-doing will recur'") (quoting SEC v. Commonwealth Chem. Sec., Inc., 574 F.2d 90, 99 (2d Cir. 1978)).

follow-on administrative proceeding, the fact of the prior injunction itself, rather than the underlying conduct of the defendant, serves as the predicate for the sanction, provided that the Commission finds such a sanction to be in the public interest. Id. Thus, under the SEC's strategy of pursuing an injunction from this Court, Crow and DC Group will be accorded no more than a summary administrative proceeding in which to defend themselves against such unjustified and potentially career-ending administrative remedies. The potential collateral impact of an injunction in this matter further militates in favor of requiring the SEC to comply with the statutory requirements of the Exchange Act with respect to seeking injunctive relief.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants Michael W. Crow and the DC Group respectfully request the Court to enter an Order dismissing or striking the SEC's request for entry of a permanent injunction.

Respectfully submitted,

By:   /s/ Seth L. Levine
Seth L. Levine (SL-8685)
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474 (Phone)
(212) 687-2329 (Fax)

DATED: September 10, 2007

*Attorneys for Defendants Michael W. Crow and Duncan Capital Group LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 10, 2007, I caused a true and correct copy of the above Memorandum Of Law In Support Of Defendants Michael W. Crow's And Duncan Capital Group LLC's Motion To Dismiss Claims For Injunctive Relief to be served on the following, via the United States District Court electronic filing system:

Preethi Krishnamurthy
Securities and Exchange Commission
Northeast Regional Office
3 World Financial Center
New York, NY 10281
*Attorneys for Plaintiff*

Martin Russo
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
*Attorneys for Trevor Crow, M.W. Crow Family LP,*
*Crow 2001 Children's Trust FBO Michelle Lee Crow,*
*Crow 2001 Children's Trust FBO Spencer Michael Crow,*
*Crow 2001 Children's Trust FBO Duncan Crow, and*
*Crow 2001 Children's Trust FBO Olivia Trevor Crow.*

Craig Warkol
Bracewell & Giuliani LLP
1177 Avenue of the Americas
New York, NY 10036
*Attorneys for Robert David Fuchs, Robert MacGregor,*
*Duncan Capital LLC, and Santal Holdings LLC*

Dana C. Rundlöf
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474
(212) 687-2329