Seth L. Levine (SL-8685)
Dana C. Rundlöf (DR-1431)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329

*Attorneys for Defendants Michael W. Crow
and Duncan Capital Group LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. CROW, DUNCAN CAPITAL LLC, DUNCAN CAPITAL GROUP LLC, ROBERT DAVID FUCHS, and ROBERT MACGREGOR,<br><br>Defendants.<br>and<br><br>TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO MICHELLE LEE CROW, CROW 2001 CHILDREN'S TRUST FBO SPENCER MICHAEL CROW, CROW 2001 CHILDREN'S TRUST FBO DUNCAN CROW, and CROW 2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW,<br><br>Relief Defendants. | 07 Civ. 3814 (CM) (MHD)<br>ECF CASE<br><br><br>Oral Argument Requested |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.   PRELIMINARY STATEMENT ............................................................................... 2

II.  ARGUMENT ............................................................................................................ 3

    A.  This Court Lacks Subject Matter Jurisdiction Over The Request For Injunctive Relief Based On the SEC's Failure To Satisfy Section 21(d)(1) ................................................................. 3

        1. The Language of Section 21 Demonstrates It Is Jurisdictional ................................................................................... 3

        2. Case Law Establishes That Section 21(d) Is Jurisdictional, and that Sections 21 and 27 Must Both Be Satisfied For The Court To Have Jurisdiction .................................................................... 5

    B.  The SEC Fails to Allege Statutorily Required Present or Imminent Violations ................................................................................... 7

        1. The Allegations In The SEC's First Amended Complaint Fail To Establish That Violations Are Ongoing Or Imminent ..................................... 7

        2. Crow's Prior History And Alleged Status As Providing Financial Advisory Services Are Insufficient To Establish The Basis For An Injunction ................................................................................... 8

        3. Requiring The SEC To Meet Basic Pleading Requirements At This Procedural Juncture Is Proper ................................................................................... 9

III. CONCLUSION ....................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

Duncan v. Walker,
  533 U.S. 167, 121 S.Ct. 2120 (2001) .............................................................................4

Faggionato v. Lerner,
  500 F.Supp.2d 237, No. 06 CV 2614(LAP), 2007 WL 959102 (S.D.N.Y. Mar. 30, 2007) .........9

Makarova v. United States,
  201 F.3d 110 (2d Cir. 2000) ...........................................................................................9

Market Co. v. Hoffman,
  101 U.S. 112 (1879) .......................................................................................................4

SEC v. Antar,
  831 F.Supp. 380 (D.N.J. 1993) ......................................................................................6

SEC v. Broadwall Securities, Inc.,
  514 F.Supp. 488 (S.D.N.Y. 1981) ..................................................................................6

SEC v. Capital Growth Company, S.A. (Costa Rica),
  391 F.Supp. 593 (S.D.N.Y. 1974) ..................................................................................6

SEC v. Cavanagh,
  1 F.Supp.2d 337 (S.D.N.Y. 1998) ............................................................................5-6

SEC v. Commonwealth Chem. Sec., Inc.,
  574 F.2d 90 (2d Cir. 1978) .............................................................................................9

SEC v. Fox,
  654 F.Supp. 781 (N.D.Tex. 1986) ..................................................................................6

SEC v. Freiberg,
  2:05-CV-00233PGC, 2007 WL 2692041 (D. Utah Sept. 12, 2007) ...............................6

SEC v. Infinity Group Co.,
  993 F.Supp. 324 (E.D.Pa. 1998) ....................................................................................6

SEC v. Jones,
  476 F.Supp.2d 374 (S.D.N.Y. 2007) ..............................................................................9

SEC v. J.W. Korth & Co.,
  991 F.Supp. 1468 (S.D.Fla. 1998) .................................................................................6

**TABLE OF AUTHORITIES**
(cont'd)

**Cases (cont'd)**                                                                                         **Page(s)**

SEC v. Martino,
    255 F.Supp.2d 268, 276-79 (S.D.N.Y. 2003) ..........................................................................10

SEC v. Mayhew,
    916 F.Supp. 123 (D.Conn. 1995) ............................................................................................6

SEC v. Thermodynamics, Inc.,
    464 F.2d 457 (10th Cir. 1972) ................................................................................................6

SEC v. Yuen,
    No. CV 03-4376MRP(PLAX), 2006 WL 1390828 (C.D.Cal. Mar. 16, 2006) .....................6

U.S. v. Philip Morris USA, Inc.,
    396 F.3d 1190 (D.C. Cir. 2005) .............................................................................................6

**Statutes, Rules and Regulations**

Fed. R. Civ. P. 12 (b)(1) ................................................................................................................7,9

Securities Act of 1933 § 5, 15 U.S.C.A. § 77e ...............................................................................10

Securities and Exchange Act of 1934 § 15(a), 15 U.S.C.A. §§ 78 o(a)(1) ....................................10

Securities Exchange Act of 1934 § 21(d)(1), 15 U.S.C.A. § 78u(d) (2000) .............................. 3-7,9

Securities and Exchange Act of 1934 § 21(e), 15 U.S.C.A.§ 78u(e)(1) (2000) ......................... 4-6

Securities and Exchange Act of 1934 § 27, 15 U.S.C.A.§ 78aa ............................................... 2-3,5

**Other Authorities**

*Complaint*, SEC v. Gad,
    No. 07-CV-8385 (GEL) (S.D.N.Y. September 27, 2007) ........................................ 7 (Exhibit A)

*Complaint*, SEC v. Simone,
    No. 07-3928 (E.D.N.Y. September 20, 2007) .......................................................... 7 (Exhibit B)

*Complaint*, SEC v. DeMizio,
    No. 07-3927 (E.D.N.Y. September 20, 2007) .......................................................... 7 (Exhibit C)

# TABLE OF AUTHORITIES
### (cont'd)

**Cases** (cont'd)                                                 **Page(s)**

*Complaint,* SEC v. Nally,
   No. 07CV00991 (D.D.C. May 31, 2007) ................................................................. 7 (Exhibit D)

*First Amended Complaint,* SEC v. Donlan,
   No. 3:07CV00793 (S.D. Cal. May 16, 2007) ........................................................... 7 (Exhibit E)

*Complaint,* SEC v. Tenet Healthcare Corp.,
   No. CV-07-2144 (RGK) (AGRx) (C.D. Cal. April 2, 2007) .................................... 7 (Exhibit F)

Defendants Michael W. Crow ("Crow") and Duncan Capital Group LLC ("DC Group") (collectively "Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss, or alternatively to strike, the Securities and Exchange Commission's ("SEC") request for injunctive relief.

### I. PRELIMINARY STATEMENT

The SEC has not satisfied its burden to establish that the Amended Complaint pleads a claim for injunctive relief because it fails to plead facts establishing that either Crow or DC Group **"is engaged or about to engage"** in violations as required by section 21(d)(1) of the Exchange Act. Therefore, the Court should dismiss the request for injunctive relief for lack of jurisdiction or strike the request for relief.

First, section 21 sets a high jurisdictional bar for when the SEC can seek injunctive relief in federal court. Yet, the SEC incorrectly claims that section 27 is the exclusive jurisdictional basis here, and asks this Court to find section 21 of the Exchange Act to be superfluous to the question of jurisdiction. The language of section 21 and the structure of the Exchange Act of 1934 both confirm that section 21 has a jurisdictional component. Numerous courts – including this one – routinely cite to <u>both</u> section 21 and section 27 as providing subject matter jurisdiction for SEC enforcement actions seeking either injunctive relief or monetary penalties. Further, the SEC routinely cites to section 21 to invoke federal court jurisdiction – contrary to its position here – as it did in both complaints in this case and numerous others. The SEC's opposition does not address, much less explain, the inconsistency in their position.

Second, the Amended Complaint pleads no facts suggesting that Defendants are either engaged or about to engage in a violation of section 15. Instead, the Amended Complaint establishes that the alleged technical registration violations ceased over two years ago, and that

2

the entities involved in these activities are no longer operating. These facts, taken as true, provide no basis to conclude that Defendants are violating or are about to violate section 15.

The SEC does not refute this reading of their Amended Complaint. Rather, the SEC points to the fact that almost a decade ago Crow, without admitting or denying the allegations, consented to an entry of an injunction against him prohibiting him from violating the antifraud provisions of the securities laws. Even liberally construing the pleading, the SEC pleads only that future violations by Defendants are "possible." But, the law in this Circuit is clear: the mere "possibility" of a violation predicated on the existence of a past violation is insufficient to satisfy the requirements of section 21(d)(1).

## II. ARGUMENT

### A. This Court Lacks Subject Matter Jurisdiction Over The Request For Injunctive Relief Based On the SEC's Failure To Satisfy Section 21(d)(1)

The SEC's claim that the Court "plainly has subject matter jurisdiction" of the request for injunctive relief, "regardless of whether the Commission has satisfied the requirements of Section 21(d)(1)," because it relies on section 27 of the Exchange Act, is without merit. (SEC Mem. at 9-10.) As discussed herein, the statutory language of section 21(d), the relevant authority, and the SEC's own practice establishes that section 21(d) is jurisdictional.

#### 1. The Language of Section 21 Demonstrates It Is Jurisdictional

On its face, section 21(d)(1) sets forth a jurisdictional grant to federal courts to hear injunctive claims if the requirements for the section are satisfied:

> Whenever it shall appear to the Commission that any person <u>is engaged or is about to engage</u> in acts or practices constituting a violation of any provision of this title, the rules or regulations thereunder, . . . it may in its discretion bring an action <u>in the proper district court of the United States, the United States District Court for the District of Columbia, or the United States courts of any territory or other place subject to the jurisdiction of the United States</u>, to enjoin such acts or practices, and upon a proper showing

3

> a permanent or temporary injunction or restraining order shall be granted without bond.

Section 21(d)(1) allows a "district court of the United States" to hear an injunctive claim only on a showing that a person <u>is engaged or is about to engage</u> in a violation of the Exchange Act. Plainly, the section requires a Court to determine if it has the authority to hear a request for an injunction by determining if the SEC has alleged sufficient facts that if true would demonstrate an actual or imminent violation of the law. If such allegations are absent, so is the congressional grant of authority to a Court to entertain the action. To read the section otherwise would be to deem the statutory language referring to the federal courts' jurisdiction over claims under this section to be superfluous.[1]

Other portions of section 21 set forth different standards for SEC action demonstrating that Congress purposefully circumscribed the jurisdictional reach of the section. (Defs. Mem. at 6-7.) Further, just as with Congress' reference in section 21(d)(1) to "the proper district court of the United States," as the place for the SEC to file for injunction, section 21(e) states:

> [u]pon application of the [SEC] the **district courts** ... **shall have jurisdiction** to issue writs of mandamus, **injunctions**, and orders commanding ... any person to comply with the provisions of this title....

Section 21(e), 15 U.S.C. § 78u(e)(1). This language further demonstrates the jurisdictional nature of section 21. The SEC does not address, much less rebut, these textual arguments.

---

[1]  <u>Duncan v. Walker</u>, 533 U.S. 167, 174, 121 S.Ct. 2120, 2125 (2001) ("It is our duty to give effect, if possible, to every clause and word of a statute.")(internal quotation marks and citations omitted); <u>Market. Co. v. Hoffman</u>, 101 U.S. 112, 115-16 (1879) ( "As early as in Bacon's Abridgment, sect. 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'").

4

2. **Case Law Establishes That Section 21(d) Is Jurisdictional, and that Sections 21 And 27 Must Both Be Satisfied For The Court To Have Jurisdiction**

The SEC's suggestion that section 27 alone provides jurisdiction is inconsistent with the relevant law and the SEC's own practices. While section 27 does provide <u>part</u> of the basis of the SEC's jurisdiction, the <u>other part</u> of the SEC's jurisdiction here, as to the request for injunction, is section 21(d)(1). Defendants do not claim that either are exclusive. The main purpose of section 27 is to make clear that the federal courts have exclusive jurisdiction over all "violations of this title," and "of all suits in equity and actions at law brought to enforce any liability or duty created by this title." Section 27, 15 U.S.C. § 78aa. Section 27 is the broadest statement of exclusive jurisdiction within the federal courts for violations; section 21(d) is a narrower subset of jurisdiction, and compliments section 27, by further defining where and when jurisdiction lies for injunctions. As to where, "in the proper district court of the United States," and as to when, "a person is engaged or is about to engage in acts" violating the Act. Section 21(d)(1).

Courts routinely invoke section 21(d) and 21(e) to establish jurisdiction over SEC injunction actions. In fact, in the lead case cited by the SEC – <u>Cavanagh</u> – this Court invoked section 21 as a basis for jurisdiction. See <u>SEC v. Cavanagh</u>, 1 F.Supp.2d 337, 359 (S.D.N.Y. 1998) ("The **Court has subject matter jurisdiction over this matter pursuant to** Sections 20(d)(1) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d)(1) and 77v(a), **and Section 21(d)(3)(A)**, 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d)(3)(A), 78u(e) and 78aa."). While the SEC in its opposition, (SEC Mem. at 7), claims that <u>Cavanagh</u> stands for the proposition that courts have subject matter jurisdiction over injunctive actions in part under

section 27 of the Exchange Act, the SEC fails to point out that Cavanagh invoked both section 27 and section 21 as the combined basis for its jurisdiction.[2]

In addition, numerous federal courts, just like in Cavanagh, have cited sections 21(d) and (e) as providing part of the basis for subject matter jurisdiction over an SEC application for an injunction. See, e.g., U.S. v. Philip Morris USA, Inc., 396 F.3d 1190, 1219 (D.C. Cir. 2005) ("the relevant provisions of the Securities Exchange Act of 1934, sections 21(d) and (e) . . . vest jurisdiction in the federal courts") (citation omitted).[3]

The SEC's reliance on SEC v. Thermodynamics, Inc., 464 F.2d 457 (10th Cir. 1972), a Securities Act, not Exchange Act, case concerning vacating a previously issued injunction is inapposite. (SEC Mem. at 8.) First, to the extent the SEC characterizes Thermodynamics as inferring that section 21 is not jurisdictional, that is inconsistent with numerous more recent authorities cited above. Second, the jurisdictional challenge was based on a challenge to the sufficiency of a consent judgment to satisfy the "proper showing" requirement, as opposed to the failure to plead an element required by the statute to state a case for injunction. Id. at 458-59. Thus, the question in Thermodynamics – vacating a previously issued injunction – did not address the question at issue here, the invocation of the Court's authority in the first instance.

---

[2] The other cases cited by the SEC along with Cavanagh, namely SEC v. Broadwall Securities, Inc., 514 F.Supp. 488 (S.D.N.Y. 1981), and SEC v. Capital Growth Company, S.A. (Costa Rica), 391 F.Supp. 593 (S.D.N.Y. 1974), are inapposite, because the language of section 21(d)(1), and whether subject matter jurisdiction was established under it, was not at issue.

[3] See also SEC v. Freiberg, No. 2:05-CV-00233PGC, 2007 WL 2692041 *24 (D. Utah Sept. 12, 2007); SEC v. Yuen, No. CV 03-4376MRP(PLAX), 2006 WL 1390828 *34 (C.D.Cal. Mar. 16, 2006); SEC v. Infinity Group Co., 993 F.Supp. 324, 325 (E.D.Pa. 1998); SEC v. J.W. Korth & Co., 991 F.Supp. 1468, 1472 (S.D.Fla. 1998); SEC v. Mayhew, 916 F.Supp. 123, 128 (D.Conn. 1995); SEC v. Antar, 831 F.Supp. 380, 398 (D.N.J. 1993); SEC v. Fox, 654 F.Supp. 781, 783 (N.D.Tex. 1986).

The SEC's position that section 21(d)(1) has no jurisdictional content is also inconsistent with the SEC's complaint in this matter as well as numerous other matters seeking injunctive relief. For example, just days before and after the filing of its opposition brief here, the SEC filed three cases in New York relying on section 21(d) for jurisdiction. See *Complaint*, SEC v. Gad, No. 07-CV-8385 (GEL) (S.D.N.Y. September 27, 2007) (attached as Exhibit A); *Complaint*, SEC v. Simone, No. 07-3928 (E.D.N.Y. September 20, 2007) (attached as Exhibit B); *Complaint*, SEC v. DeMizio, No. 07-3927 (E.D.N.Y. September 20, 2007) (attached as Exhibit C ). SEC complaints nationwide routinely cite section 21(d)(1) as part of the jurisdictional basis for injunctive relief.[4]

### B. The SEC Fails to Allege Statutorily Required Present or Imminent Violations

The SEC has not met its burden of establishing jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Even liberally construing the allegations in the Amended Complaint, there is no basis to find that a continued violation by Defendants is realistically likely. Accordingly, subject matter jurisdiction over the injunction claim under section 21(d)(1) is absent, and the matter must be dismissed.[5]

#### 1. The Allegations In The SEC's First Amended Complaint Fail To Establish That Violations Are Ongoing Or Imminent

The SEC fails to address the determinative factual points Defendants made in their opening brief (Defs. Mem. at 4-5) based on the SEC's Amended Complaint:

---

[4] See, e.g., *Complaint*, SEC v. Nally, No. 07CV00991 (D.D.C. May 31, 2007) (attached as Exhibit D ); *First Amended Complaint*, SEC v. Donlan, No. 3:07CV00793 (S.D. Cal. May 16, 2007) (attached as Exhibit E ); *Complaint*, SEC v. Tenet Healthcare Corp., No. CV-07-2144 (RGK) (AGRx) (C.D. Cal. April 2, 2007) (attached as Exhibit F).

[5] The same result is reached if the Court declines to decide the 12(b)(1) subject matter jurisdiction issue, and simply strikes the request for injunction under Rule 12(f). (Defs. Mem. at 1, 7 n.4 & 9.)

- The SEC does not allege that Crow, DC Group, or any other defendant violated the anti-fraud provisions of the securities laws, or that any entity or person has been harmed, sustained losses or even complained about defendants' conduct;

- No ongoing violations are alleged to exist;

- The factual allegations of the Amended Complaint point exclusively to violations occurring more than two years in the past: Paragraph One of the Amended Complaint defines the "Relevant Period" to be "[f]rom November 2003 through at least December 2004." (Am. Compl. ¶ 1.) No other act in furtherance of the claimed violations is alleged to have occurred after, at the latest, January 2005. (Am. Compl. ¶¶ 25-26, 33-34, 37-38.); and,

- The Amended Complaint alleges that Duncan Capital ceased to be a registered broker-dealer on "June 13, 2005" and is not currently operating, and that DC Group is no longer operating. (See Am. Compl. ¶ 9-10.)

According to the Amended Complaint, there are no ongoing violations alleged, and as of June 2005, plainly Crow could not aid and abet a broker-dealer violation by either Duncan Capital or DC Group because those entities ceased to operate. Nowhere in its opposition does the SEC contest Defendants' conclusion that future violations are "not realistically likely" based on the SEC's own pleading.

### 2. Crow's Prior History And Alleged Status As Providing Financial Advisory Services Are Insufficient To Establish The Basis For An Injunction

The SEC falls back to its main point that "Crow, however, is a repeat offender, and his continuing control of DC Group makes it likely that he and DC Group will continue to violate the securities laws." (SEC Mem. at 14.) In characterizing Crow as a "recidivist" and "repeat offender," the SEC ignores the fact that the prior adjudication came about by consent, where Crow neither admitted nor denied the allegations against him. To bootstrap a single action settled almost ten years ago by consent into factual verification that Crow is a "recidivist," ever-ready to violate the securities laws, is overstated.

The courts in this Circuit appropriately caution against entering an injunction against a defendant based on the mere existence of a past violation. In the recent case of SEC v. Jones, 476 F.Supp.2d 374, 383-84 (S.D.N.Y. 2007), Judge Casey observed that, "With respect to recurrence, the Second Circuit demands that the Commission 'go beyond the mere facts of past violations and demonstrate a realistic likelihood of recurrence.'" See also id. at 384 ("'The Commission cannot obtain relief without positive proof of a reasonable likelihood that past wrong-doing will recur.'") (quoting SEC v. Commonwealth Chem. Sec., Inc., 574 F.2d 90, 100 (2d Cir. 1978)). In its brief, the SEC refers only to Jones' facts, but makes no attempt to explain why the facts it has pled against Crow satisfy the standard articulated in Jones, namely, that the facts here "go beyond the mere facts of past violations and demonstrate a realistic likelihood of recurrence." On the facts alleged in the Amended Complaint, there is no realistic likelihood of a recurrence of any of the claimed violations. Given that the allegations in the Amended Complaint do not support a finding of a likely recurrence, all that remains is the prior violation entered by consent, which the case law states is not enough.

### 3. Requiring The SEC To Meet Basic Pleading Requirements At This Procedural Juncture Is Proper

The SEC bears the burden under Federal Rule of Civil Procedure 12(b)(1) to establish evidence that subject matter jurisdiction exists. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Faggionato v. Lerner, 500 F.Supp.2d 237, 243, No. 06 CV 2614(LAP), 2007 WL 959102, at *5 (S.D.N.Y. Mar. 30, 2007). Yet, the SEC seeks to avoid its obligations by suggesting that an evaluation of the jurisdiction issues would require the "court [to] first determine[ ] whether to grant an injunction." (SEC Mem. at 9.) This argument is without merit. To establish jurisdiction under section 21(d)(1), the SEC need merely allege facts that, if true, would indicate that a party "**is engaged or is about to engage in acts**" that constitute "a

9

violation" of the Exchange Act. The SEC has not met that standard, and Crow and DC Group should not be required to further respond to claims or endure the collateral consequences that result from even the filing of an SEC enforcement action seeking injunctive relief.[6] Further, given that the SEC has already amended its pleading, the SEC's failure to plead facts sufficient to satisfy the basic requirements of the statute counsels that dismissing or striking these allegations is appropriate at this stage in the proceeding.

### III.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request the Court to enter an Order dismissing or striking the SEC's request for entry of a permanent injunction.

Respectfully submitted,

DATED: October 4, 2007     By:   /s/ Seth L. Levine
Seth L. Levine (SL-8685)
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474 (Phone)
(212) 687-2329 (Fax)

*Attorneys for Defendants Michael W. Crow and Duncan Capital Group LLC*

---

[6] The SEC's overreaching in this matter continues to be exemplified by seeking disgorgement in a non-fraud case, an apparently unprecedented position in a case charging broker-dealer registration violations arising under Section 15(a). As Defendants stated in their opening brief (Defs. Mem. at 3 n.1), there is no reported disgorgement case based solely on a violation of broker-dealer registration rules; they all allege either some genre of fraud or other violations. In response, the SEC cites one mixed-theory broker-dealer case that the SEC acknowledges included fraud, SEC v. Martino, 255 F.Supp.2d 268, 276-79 (S.D.N.Y. 2003), and two cases based on the sale of unregistered securities arising under a different statute, the Securities Act of 1933. (SEC Mem. at 6 n. 3). The broker-dealer registration provisions of Section 15(a) of the Securities Exchange Act of 1934 have little in common with the securities registration provisions of Section 5 of the Securities Act of 1933. The SEC's citation to 1933 Act cases to demonstrate that its request for disgorgement here is not unprecedented is confirmation of Defendant's original proposition: the SEC's request for disgorgement in a case premised exclusively on broker-dealer registration violations is novel and overreaching.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2007, I caused a true and correct copy of the above Defendants' Reply Memorandum Of Law In Support Of Motion To Dismiss Claims For Injunctive Relief to be served on the following, via the United States District Court electronic filing system:

Preethi Krishnamurthy
Securities and Exchange Commission
Northeast Regional Office
3 World Financial Center
New York, New York 10281
KrishnamurthyP@SEC.GOV
*Attorneys for Plaintiff*

Martin Russo
Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022
mrusso@nixonpeabody.com
*Attorneys for Trevor Crow, M.W. Crow Family LP, Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, and*
*Crow 2001 Children's Trust FBO Olivia Trevor Crow.*

Craig Warkol
Bracewell & Giuliani LLP
1177 Avenue of the Americas
New York, New York 10036
Craig.Warkol@bgllp.com
*Attorneys for Robert David Fuchs, Robert MacGregor,*
*Duncan Capital LLC, and Santal Holdings LLC*

 

Dana C. Rundlöf (DR-1431)
Foley & Lardner LLP
90 Park Avenue
New York, NY  10016
(212) 682-7474
(212) 687-2329