UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION

                                                Plaintiff,

- against -

MICHAEL W. CROW, DUNCAN CAPITAL LLC,
DUNCAN CAPITAL GROUP LLC, ROBERT DAVID
FUCHS, and ROBERT MACGREGOR,

                                                Defendants,

and

TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW
FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO
MICHELLE LEE CROW, CROW 2001 CHILDREN'S
TRUST FBO SPENCER MICHAEL CROW, CROW 2001
CHILDREN'S TRUST FBO DUNCAN CROW, and CROW
2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW,

                                                Relief Defendants.

07 Civ. 3814 (CM)

## DEFENDANTS MICHAEL W. CROW'S AND DUNCAN CAPITAL GROUP LLC'S ANSWER TO THE FIRST AMENDED FIRST AMENDED COMPLAINT

Defendants Michael W. Crow and Duncan Capital Group LLC ("DC Group"), by and through her attorneys, Nixon Peabody LLP, responds to the First Amended Complaint of the Securities and Exchange Commission, as follows:

    1.    Defendants Crow and DC Group deny the allegations set forth in Paragraph 1 of the First Amended Complaint, except admit that Defendant Crow previously was enjoined by the United States District Court for the Southern District of California and sanctioned by the Commission.

    2.    Defendants Crow and DC Group deny the allegations set forth in Paragraph 2 of the First Amended Complaint.

10884999.1

3. Defendants Crow and DC Group deny the allegations set forth in Paragraph 3 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding the registration of MacGregor.

4. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4a of the First Amended Complaint.

5. Defendants Crow and DC Group deny the allegations set forth in Paragraph 4b of the First Amended Complaint.

6. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4c of the First Amended Complaint.

7. Defendants Crow and DC Group deny the allegations set forth in Paragraph 4d of the First Amended Complaint.

8. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4e of the First Amended Complaint.

9. Defendants Crow and DC Group neither admit nor deny the allegations set forth in Paragraph 5 of the First Amended Complaint which require no response.

10. Defendants Crow and DC Group admit the allegations set forth in Paragraph 6 of the First Amended Complaint.

11. Defendants Crow and DC Group admit the allegations set forth in Paragraph 7 of the First Amended Complaint.

12. Defendants Crow and DC Group admit the allegations set forth in Paragraph 8 of the First Amended Complaint, except deny that he controlled Duncan Capital during the Relevant Period, deny the allegations regarding the provision of financial advisory services to public companies, and deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to the trading of the Wilshire stock.

13. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint, except admit that Duncan Capital was owned by Fuchs and/or Santal Holdings.

14. Defendants Crow and DC Group admit the allegations set forth in Paragraph 10 of the First Amended Complaint, except deny the allegations regarding directing Duncan Capital to raise capital for its clients through PIPE offerings and that DC Group maintains assets acquired during the relevant period in accounts controlled by Crow.

15. Defendants Crow and DC Group admit the allegations set forth in Paragraph 11 of the First Amended Complaint.

16. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the First Amended Complaint.

17. Defendants Crow and DC Group admit the allegations set forth in Paragraph 13 of the First Amended Complaint.

18. Defendants Crow and DC Group admit the allegations set forth in Paragraph 14 of the First Amended Complaint.

19. Defendants Crow and DC Group admit the allegations set forth in Paragraph 15 of the First Amended Complaint, except deny that it is organized under California law with a California address.

20. Defendants Crow and DC Group admit the allegations set forth in Paragraph 16 of the First Amended Complaint.

21. Defendants Crow and DC Group deny the allegations set forth in Paragraph 17 of the First Amended Complaint.

22. Defendants Crow and DC Group admit the allegations set forth in Paragraph 18 of the First Amended Complaint, except deny that Rockwood, Inc. changed its name to Duncan Capital.

23. Defendants Crow and DC Group deny the allegations set forth in Paragraph 19 of the First Amended Complaint.

24. Defendants Crow and DC Group deny the allegations set forth in Paragraph 20 of the First Amended Complaint, except admit that Duncan Capital LLC is a name similar to Duncan Capital Group LLC.

25. Defendants Crow and DC Group deny the allegations set forth in Paragraph 21 of the First Amended Complaint, except admit that Fuchs served as Duncan Capital's president and FINOP, and made all of the firm's regulatory filings.

26. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the First Amended Complaint, except admit that Duncan Capital, as a broker-dealer, served as the designated placement agent for PIPE offerings and lined up investors to purchase the shares being offered and received a placement agent fee from the issuer based on the amount raised.

27. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the First Amended Complaint.

28. Defendants Crow and DC Group deny the allegations set forth in Paragraph 24 of the First Amended Complaint.

29. Defendants Crow and DC Group deny the allegations set forth in Paragraph 25 of the First Amended Complaint.

30. Defendants Crow and DC Group deny the allegations set forth in Paragraph 26 of the Compliant.

31. Defendants Crow and DC Group deny the allegations set forth in Paragraph 27 of the First Amended Complaint.

32. Defendants Crow and DC Group deny the allegations set forth in Paragraph 28 of the First Amended Complaint.

33. Defendants Crow and DC Group deny the allegations set forth in Paragraph 29 of the First Amended Complaint.

34. Defendants Crow and DC Group deny the allegations set forth in Paragraph 30 of the First Amended Complaint.

35. Defendants Crow and DC Group deny the allegations set forth in Paragraph 31 of the First Amended Complaint.

36. Defendants Crow and DC Group deny the allegations set forth in Paragraph 32 of the First Amended Complaint.

37. Defendants Crow and DC Group deny the allegations set forth in Paragraph 33 of the First Amended Complaint.

38. Defendants Crow and DC Group deny the allegations set forth in Paragraph 34 of the First Amended Complaint.

39. Defendants Crow and DC Group deny the allegations set forth in Paragraph 35 of the First Amended Complaint.

40. Defendants Crow and DC Group neither admit nor deny the allegations set forth in Paragraph 36 of the First Amended Complaint which purport to state a legal conclusion and for which no response is required.

41. Defendants Crow and DC Group deny the allegations set forth in Paragraph 37 of the First Amended Complaint.

42. Defendants Crow and DC Group admit the allegations set forth in Paragraph 38 of the First Amended Complaint.

43. Defendants Crow and DC Group deny the allegations set forth in Paragraph 39 of the First Amended Complaint.

44. Defendants Crow and DC Group neither admit nor deny the allegations set forth in Paragraph 40 of the First Amended Complaint which purport to state a legal conclusion and for which no response is required. .

45. Defendants Crow and DC Group deny the allegations set forth in Paragraph 41 of the First Amended Complaint.

46. Defendants Crow and DC Group deny the allegations set forth in Paragraph 42 of the First Amended Complaint.

47. Defendants Crow and DC Group deny the allegations set forth in Paragraph 43 of the First Amended Complaint.

48. Defendants Crow and DC Group neither admit nor deny the allegations set forth in Paragraph 44 of the First Amended Complaint which purport to state a legal conclusion and for which no response is required.

49. Defendants Crow and DC Group admit the allegations set forth in Paragraph 45 of the First Amended Complaint.

50. Defendants Crow and DC Group deny the allegations set forth in Paragraph 46 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

51. Defendants Crow and DC Group admit the allegations set forth in Paragraph 47 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

52. Defendants Crow and DC Group admit the allegations set forth in Paragraph 48 of the First Amended Complaint.

53. Defendants Crow and DC Group admit the allegations set forth in Paragraph 49 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor,

54. Defendants Crow and DC Group deny the allegations set forth in Paragraph 50 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

55. Defendants Crow and DC Group deny the allegations set forth in Paragraph 51 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

56.   Defendants Crow and DC Group neither admit nor deny the allegations set forth in Paragraph 52 of the First Amended Complaint which purport to state a legal conclusion and for which no response is required.

57.   Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the First Amended Complaint, except admit that Crow was not an employee of Duncan Capital.

58.   Defendants Crow and DC Group admit the allegations set forth in Paragraph 54 of the First Amended Complaint.

59.   Defendants Crow and DC Group deny the allegations set forth in Paragraph 55 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

60.   Defendants Crow and DC Group deny the allegations set forth in Paragraph 56 of the First Amended Complaint.

61.   Defendants Crow and DC Group deny the allegations set forth in Paragraph 57 of the First Amended Complaint.

62.   Defendants Crow and DC Group deny the allegations set forth in Paragraph 58 of the First Amended Complaint.

63.   Defendants Crow and DC Group deny the allegations set forth in Paragraph 59 of the First Amended Complaint

64.   Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.

65. In response to Paragraph 61 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 60 as if fully set forth herein.

66. Defendants Crow and DC Group deny the allegations set forth in Paragraph 62 of the First Amended Complaint.

67. Defendants Crow and DC Group deny the allegations set forth in Paragraph 63 of the First Amended Complaint.

68. Defendants Crow and DC Group deny the allegations set forth in Paragraph 64 of the First Amended Complaint.

69. In response to Paragraph 65 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 64 as if fully set forth herein.

70. Defendants Crow and DC Group deny the allegations set forth in Paragraph 66 of the First Amended Complaint.

71. Defendants Crow and DC Group deny the allegations set forth in Paragraph 67 of the First Amended Complaint.

72. Defendants Crow and DC Group deny the allegations set forth in Paragraph 68 of the First Amended Complaint.

73. Defendants Crow and DC Group deny the allegations set forth in Paragraph 69 of the First Amended Complaint.

74. In response to Paragraph 70 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 69 as if fully set forth herein.

75. Defendants Crow and DC Group deny the allegations set forth in Paragraph 71 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

76. Defendants Crow and DC Group deny the allegations set forth in Paragraph 72 of the First Amended Complaint.

77. In response to Paragraph 73 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 72 as if fully set forth herein.

78. Defendants Crow and DC Group deny the allegations set forth in Paragraph 74 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

79. Defendants Crow and DC Group deny the allegations set forth in Paragraph 75 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

80. Defendants Crow and DC Group deny the allegations set forth in Paragraph 76 of the First Amended Complaint.

81. In response to Paragraph 77 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 76 as if fully set forth herein.

82. Defendants Crow and DC Group deny the allegations set forth in Paragraph 78 of the First Amended Complaint.

83. Defendants Crow deny the allegations set forth in Paragraph 79 of the First Amended Complaint.

84. In response to Paragraph 80 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 79 as if fully set forth herein.

85. Defendants Crow and DC Group deny the allegations set forth in Paragraph 81 of the First Amended Complaint.

86. In response to Paragraph 82 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 81 as if fully set forth herein.

87. Defendants Crow and DC Group deny the allegations set forth in Paragraph 83 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

88. Defendants Crow and DC Group deny the allegations set forth in Paragraph 84 of the First Amended Complaint.

89. In response to Paragraph 85 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 84 as if fully set forth herein.

90. Defendants Crow and DC Group deny the allegations set forth in Paragraph 86 of the First Amended Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations with respect to MacGregor.

91. Defendants Crow and DC Group deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the First Amended Complaint.

92. In response to Paragraph 88 of the First Amended Complaint, Defendants Crow and DC Group repeat and reiterate their responses to allegations in Paragraphs 1 through 87 as if fully set forth herein.

93. Defendants Crow and DC Group deny the allegations set forth in Paragraph 89 of the First Amended Complaint.

94. Defendants Crow and DC Group deny the allegations set forth in Paragraph 90 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Michael Crow acted in good faith, consulting with counsel for advice.

### THIRD AFFIRMATIVE DEFENSE

Disgorgement is inappropriate under the factual circumstances of this case.

Dated: January 28, 2008
New York, New York

NIXON PEABODY LLP

By: /S/   MARTIN P. RUSSO
   Martin P. Russo (MR-4134)
   Alison B. Cohen (AC-7702)
   Tamar Y. Duvdevani (TD-7603)
   437 Madison Avenue
   New York, New York 10022
   Tel: (212) 940-3000
   Fax: (212) 940-3111

*Attorneys for Defendants Michael W Crow and Duncan Capital Group LLC*