UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION

                            Plaintiff,

- against -

MICHAEL W. CROW, DUNCAN CAPITAL LLC,
DUNCAN CAPITAL GROUP LLC, ROBERT DAVID
FUCHS, and ROBERT MACGREGOR,

                            Defendants,

                      and

TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW
FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO
MICHELLE LEE CROW, CROW 2001 CHILDREN'S
TRUST FBO SPENCER MICHAEL CROW, CROW 2001
CHILDREN'S TRUST FBO DUNCAN CROW, and CROW
2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW,

                            Relief Defendants.

07 Civ. 3814 (CM)

3/3/08

## ~~STIPULATION AND (PROPOSED)~~ PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, through their counsel, and subject to the approval of the Court, as follows:

### I. DISCOVERY MATERIAL AND RESTRICTIONS ON USE.

A. "Discovery Material" shall include all written, recorded, or graphic material in any form or media, and any information or data contained therein or derived therefrom, whether disclosed during interviews, depositions, court proceedings, settlement discussions, production of tangible evidence, testimony, or other discovery response or objection to discovery.

B. All persons obtaining access to Discovery Material shall use the Discovery Material only in connection with this action, and shall not use such Discovery Material for any other purpose except by order of the Court.

10923476.1

C. This Stipulation shall not govern the use or disclosure by a party or other person of (a) its own Discovery Material; (b) material which would otherwise qualify as Discovery Material but which was lawfully possessed by the non-designating party, other than through receipt from the designating party, prior to the execution by the parties of this Stipulation; (c) material which would otherwise qualify as Discovery Material but which was acquired by the non-designating party from a non-party having the right to disclose such material, provided such material did not originate with the designating party; or (d) material which would otherwise qualify as Discovery Material but which was, is, or becomes public knowledge without any violation of this Stipulation.

II. **DESIGNATION OF DISCOVERY MATERIAL AS CONFIDENTIAL.**

A. Counsel of record for any party producing Discovery Material may in good faith at any time reasonably designate such material or portions thereof as "Confidential." A non-designating party may move for relief from this Stipulation with respect to any such Discovery Material which such moving party believes in good faith has not properly been designated Confidential. The Discovery Material at issue in such motion shall remain Confidential pending decision of the Court on such motion. Discovery Material designated Confidential is hereinafter referred to as "Confidential Discovery Material."

B. Documents may be designated Confidential by stamping each page with the word "Confidential" or by any other method to which the parties agree.

C. Deposition transcripts may be designated Confidential by stamping each page of the Confidential portion with the word "Confidential," by submitting a list of Confidential portions identified by page numbers, or by any other method to which the parties agree.

D. Discovery Material may only be designated Confidential if the designating party in good faith believes that such Discovery Material is non-public and constitutes, relates to, or

10923476.1

- 2 -

will reveal trade secrets or confidential research, development, or commercial information, or information of a sensitive personal nature; or is or contains information which the designating party believes in good faith to be confidential and would not ordinarily disclose to persons other than corporate affiliates, officers, directors, employers, employees, professional advisors, or agents.

III.  **PERMISSIBLE DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL.**

Confidential Discovery Material may be disclosed only to:

A.  The parties to this action, including any officers, directors, interns or employees of a party;

B.  In-house counsel for the parties to this action;

C.  Outside counsel for the parties to this action, including partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in this action;

D.  Clerical and data processing personnel not regularly employed by the parties to this action, or their counsel, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, or review of Discovery Material to the extent reasonably necessary to assist a party to this action or its counsel, including any person or entity with whom a party contracts to reproduce documents;

E.  Outside consultants or experts retained for the purpose of assisting counsel or testifying in this action;

F.  Non-parties who authored, received, or otherwise have prior knowledge of the facts disclosed in the Confidential Discovery Material to the extent such knowledge was not obtained in violation of this Stipulation;

G.  Court officials involved in this action;

10923476.1

- 3 -

H. Court reporting personnel involved in taking, transcribing or recording testimony in this action, including court reporters, stenographers, and videographers;

I. Deposition and trial witnesses in this action and counsel for any such witnesses;

J. Personnel involved in the administration of any document depository that may be established in connection with this action;

K. Such other persons as hereafter may be authorized by written consent of the party designating the Confidential Discovery Material; and

L. Any person that the Court may designate in the interest of justice, upon terms that the Court deems proper, including upon motion of any party made at any time with written notice to the other parties.

## IV.  CHALLENGING A CONFIDENTIALITY DESIGNATION

If the receiving party disagrees with a confidentiality designation, it may notify counsel for the Producing Person in writing of such disagreement by specifically identifying the confidential information the receiving party contends is not properly designated as "Confidential," and request that the designation be so changed. Within five (5) days after receipt of such request, the parties are to confer in good faith as to the proper status of such information. If the parties are unable to reach an agreement within these five (5) days, the request of the receiving party to change the applied designation shall become effective unless within fifteen (15) business days after receipt of such request, the Producing Person shall apply to the Court for a further protective order. On any such application the party designating the information as "Confidential" shall bear the burden of persuasion that such designation is appropriate. Any information designated as "Confidential" shall remain subject to the terms of this stipulation pending the decision of the Court.

## V.  DEPOSITIONS.

10923476.1

- 4 -

Persons in attendance at depositions, other than those listed in Paragraph III above, shall be limited at the request of any party during the disclosure of Confidential Discovery Material. At the request of any party, deposition or other testimony shall be designated Confidential by the court reporter transcribing the deposition. The testimony to be so designated shall be transcribed separately, and the face of such transcript and every copy shall be stamped or marked "Confidential" by the court reporter; provided, however, that if a deposition contains both allegedly confidential and non-confidential information, then only the confidential portion or portions thereof shall be so designated. In addition, the parties shall, after the deposition transcript has been made available, be entitled to designate as Confidential those portions of the deposition testimony or exhibits which they deem to contain or reveal Confidential Discovery Material. Each party in possession of a copy of the transcript in issue shall annex thereto a copy of any such notice designating those portions of a transcript Confidential and shall mark conspicuously on the face of the deposition transcript "Confidential" if not previously so marked. Prior to the expiration of such 45-day period, the entire transcript shall be treated as Confidential.

## VI. NONWAIVER.

A. Nothing herein shall affect any party's right reasonably to designate Discovery Material as Confidential by written notification to opposing counsel of record after it has been produced, and such Discovery Material shall thereinafter be treated as Confidential in accordance with the provisions of this Stipulation, subject to any non-designating party's right to object to such designation.

B. Nothing herein shall affect any party's right to object to any discovery request, including but not limited to the right to assert that no discovery should be made of certain documents or information, or to assert any privilege or protective doctrine, including, but not limited to, the attorney-client privilege or the work-product doctrine.

10923476.1

- 5 -

## VII. USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT.

Subject to the provisions of the rules of the Court, Confidential Discovery Material may be offered in evidence at trial, in any dispositive motion, in any motion to compel, or any court hearing in open court, but any party submitting any Confidential Discovery Material in connection with any motion filed with the Court must file those portions containing Confidential Discovery Material under seal.

In the event that counsel filing a motion for any party determines to file with the Court any document, or portion thereof, containing information that is Confidential Discovery Material under the terms of this Stipulation and Order, such party shall comply with the provisions of this paragraph by providing a non-redacted copy of said submission directly to the Court's Chambers and counsel for the other parties, and electronically filing a redacted version of such submission that does not disclose the Confidential Discovery Material on the public record. Any party submitting a non-redacted copy of papers containing Confidential Discovery Material to the Court's Chambers shall include a cover page bearing the following legend:

> The attached is a non-redacted copy of a document that has been designated in whole or in part as Confidential by the Plaintiff or Defendants in accordance with the Protective Order entered herein. A redacted copy of such document has been filed electronically with the Clerk of Court, and an unredacted copy has been filed under seal with the Clerk of Court. In accordance with Paragraph VII of the Protective Order entered herein, the parties request that the Court preserve the Confidentiality of the attached document.

Nothing in this Stipulation shall operate as an admission by any party that any particular Discovery Material is, or is not, admissible in evidence in this action.

## VIII. SUBPOENAS OR OTHER DISCOVERY REQUESTS.

If a person which has obtained Confidential Discovery Material under the terms of this Stipulation receives a subpoena or other valid discovery request commanding the production of any such Confidential Discovery Material, such person shall, within five days, notify in writing

10923476.1

- 6 -

the party which produced the Confidential Discovery Material of the service of the subpoena or request. The person receiving the subpoena or request shall thereafter afford the producing party a reasonable opportunity to seek a protective order or other relief prior to such person producing any Confidential Discovery Material.

## IX.　PROCEDURE UPON TERMINATION OF THIS ACTION.

The provisions of this Stipulation and (Proposed) Protective Order shall not terminate at the conclusion of this action. Within 60 days after the expiration of time to appeal from any final judgment or the final conclusion of all aspects of this action by settlement, Confidential Discovery Material, and all copies of same and all documents containing or referring to same, shall either be returned to the producing party or, at the option of the producing party, destroyed; provided, however, that documents filed with the Court, trial transcripts, trial exhibits admitted into evidence, and other documents created by or for counsel to the parties which are reasonably necessary to maintain a file for this action shall remain subject to the terms of this Stipulation. All persons who received Confidential Discovery Material shall notify counsel for the producing party of compliance with this paragraph not more that 90 days after the final conclusion of this action.

## X.　EXECUTION OF STIPULATION

This Stipulation and (Proposed) Protective Order may be executed in counterparts by facsimile signature, which signatures shall be deemed to be effective as originals.

Dated:   February 27, 2008

CONSENTED TO:

_____
Jack Kaufman (JK-3050)
Preethi Krishnamurthy (PK-2809)
Securities and Exchange Commission
3 World Financial Center
New York, N.Y. 10281-1022

Attorneys for Plaintiff

_____
Martin P. Russo (MR 4134)
Alison B. Cohen (AC 7702)
437 Madison Avenue
New York, New York 10022
Phone No.: (212) 940-3000
Fax No.: (212) 940-3111

Attorneys for Defendants and Crow Relief
Defendants
*Michael W. Crow, Duncan Capital Group
LLC, Trevor Crow, M.W. Crow Family LP,
Crow 2001 Children's Trust FBO Michelle Lee
Crow, Crow 2001 Children's Trust FBO
Spencer Michael Crow, Crow 2001 Children's
Trust FBO Duncan Crow, Crow 2001
Children's Trust FBO Olivia Trevor Crow*


_____
Craig Warkol
Bracewell & Guiliani

Attorneys for Defendants and Relief
Defendants
*Robert David Fuchs, Robert MacGregor,
Santal Holdings LLC*

10326601.1

- 8 -

Dated:   February 26, 2008

CONSENTED TO:

_____
Jack Kaufman (JK-3050)
Preethi Krishnamurthy (PK-2809)
Securities and Exchange Commission
3 World Financial Center
New York, N.Y. 10281-1022

Attorneys for Plaintiff

_____
Martin P. Russo (MR 4134)
Alison B. Cohen (AC 7702)
437 Madison Avenue
New York, New York 10022
Phone No.: (212) 940-3000
Fax No.: (212) 940-3111

Attorneys for Defendants and Crow Relief Defendants
*Michael W. Crow, Duncan Capital Group LLC, Trevor Crow, M.W. Crow Family LP, Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, Crow 2001 Children's Trust FBO Olivia Trevor Crow*

_____
Craig Warkol
Bracewell & Guiliani

Attorneys for Defendants and Relief Defendants
*Robert David Fuchs, Robert MacGregor, Santal Holdings LLC*

SO ORDERED: 2/29/08

_____
Michael H. Dolinger
United States Magistrate Judge

## EXHIBIT A

### UNDERSTANDING AND AGREEMENT RE: INFORMATION DESIGNATED "CONFIDENTIAL"

I hereby state that I have read and received a copy of the Stipulation and Order regarding the Information Designated "Confidential" in the case of SEC v. Michael W. Crow, et al., pending in the United States District Court for Southern District of New York, Civil No.: 07-3814 (CM).

I understand the terms of that Stipulation and Order and agree to be bound by its terms. I further consent to the exercise of personal jurisdiction by the United States District Court for the Southern District of New York and/or Supreme Court of the State of New York, County of New York, over me for the purposes of enforcement of this agreement.

Dated:_____

_____
Signature

_____
Printed Name

_____
_____
_____
Address

10923476.1