UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION

                              Plaintiff,

- against -

MICHAEL W. CROW, DUNCAN CAPITAL LLC, DUNCAN CAPITAL GROUP LLC, ROBERT DAVID FUCHS, and ROBERT MACGREGOR,

                              Defendants,

and

TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO MICHELLE LEE CROW, CROW 2001 CHILDREN'S TRUST FBO SPENCER MICHAEL CROW, CROW 2001 CHILDREN'S TRUST FBO DUNCAN CROW, and CROW 2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW,

                              Relief Defendants.

07 Civ. 3814 (CM)(MHD)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND TIME FOR EXPERT DISCLOSURES**

**PRELIMINARY STATEMENT**

Defendants Michael W. Crow, Duncan Capital Group LLC and relief defendants Trevor Crow, M.W. Crow Family LP, Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, and Crow 2001 Children's Trust FBO Olivia Trevor Crow (collectively, the "Crow Defendants") were unable to provide expert disclosure by the deadline set in the Court's Civil Case Management Plan because that date preceded the taking of significant discovery which is scheduled to occur in March 2008. Despite their efforts, the Crow Defendants' expert has

10921876.4

refused to be retained and render a report because discovery has not been substantially completed. Discovery is to be completed by April 1, 2008 and sufficient facts will be available to the expert at that time. Consequently, for the reasons set forth herein, the moving defendants respectfully request that the Court extend the deadline to make expert disclosure to April 21, 2008.

## BACKGROUND FACTS

On or about July 20, 2007, a Civil Case Management Plan was ordered in this case requiring that all discovery, including expert discovery, must be completed on or before April 1, 2008. (Declaration of Alison B. Cohen, dated March 3, 2008, ("Cohen Decl.") ¶ 3, Exh. A.). To provide the parties with expert materials before the expiration of the discovery period, the defendants were ordered to name and produce their experts' reports by March 1, 2001. (Cohen Decl. ¶ 3, Exh. A.)

At this time, the parties are still in the process of completing critical fact discovery. (Cohen Decl. ¶¶ 5.). The depositions of all of the named individual defendants (Messrs. Crow, Fuchs, and MacGregor) in this case are scheduled for the month of March 2008. (Cohen Decl. ¶ 4). In addition, important third-party witnesses (including the Chief Financial Officer of Duncan Capital LLC, an owner of DC Group and two attorneys) who are known to possess material and relevant information are scheduled to be deposed throughout the month of March 2008. (Id.).

The Crow Defendants have solicited the services of an expert for this case, but the expert refuses to be retained because discovery has not yet been completed. (Cohen Decl. ¶ 5). Since the named individual defendants and important third-party witnesses have not been deposed yet, fact discovery has not been sufficiently completed to allow the expert to form an opinion and

produce a complete and reliable report. (Id.) Accordingly, the Crow Defendants require an extension of time to submit its expert disclosure and report until April 21, 2008.

### ARGUMENT

The Crow Defendants were unable to retain an expert in this matter to provide a form an opinion and render a report by the March 1, 2008 because fact discovery necessary to make an opinion reliable has not be completed. As a result, an extension of time for the defendants to produce their expert disclosure and report is necessary. A party should be granted an extension of time to produce expert reports when it is necessary for the expert to review critical material yet to be obtained through the discovery process. *See DAG Enterps. v. Exxon Mobil Corp.*, No. 00-0182, 2003 U.S. Dist. LEXIS 26408, *17-18 (D. D.C. Jul. 31, 2003) (granting an extension of time to provide an expert report); *See also U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 652, 656 (C.D. Cal. 2007) (granting an extension of time to disclose rebuttal experts' report because the defendant could not be expected to submit such a report prior to deposing the plaintiff's expert).

Moreover, when the deadline to submit expert reports is set prior to the close of discovery, an extension of time should be granted. *See In re Indep. Energy Holdings Plc Sec. Litig.*, No. 00 Civ. 6689, 2002 U.S. Dist. LEXIS 21133, *4-5 (S.D.N.Y. Oct. 30, 2002) (granting an extension of time to submit expert reports where a party was delayed in obtaining documents). Such an extension of time is necessary because new information relevant to an expert's analysis may be discovered after the report is submitted. *Id.*

Here, the Crow Defendants were unable to retain an expert to write a report because discovery is incomplete. Like *DAG Enterps.*, the expert cannot compile a report because he does not have critical facts and information necessary to form an opinion related to the issues raised

by the allegations made in this case. Indeed, the expert the Crow Defendants attempted to retain refused to accept the engagement at this time because discovery is not sufficiently complete and he would be unable to render an opinion. (Cohen Decl., ¶ 5). The information he requires will become available as depositions progress in March 2008. Such depositions include those of the named defendants and important third-party witnesses. (Cohen Decl., ¶ 4). As such fact discovery is completed, the expert can review the matter, form an opinion, and later render a report conforming with Federal Rules of Civil Procedure Rule 26. (Cohen Decl., ¶ 5.). Therefore, and extension of time to submit the expert disclosure and report until April 21, 2008 after discovery is complete is necessary.

Moreover, we believe that the extension requested is appropriate because it will not delay this action because the pre-trial order and submissions are not due until May 15, 2008, allowing the SEC a significant time period to depose the Crow Defendants' expert. (Cohen Decl., ¶ 7). Furthermore, the extension requested will not prejudice the SEC because it does not intend to call an expert witness. (Cohen Decl., ¶6).

Accordingly, the extension of time until April 21, 2008 to submit an expert report should be granted because an expert cannot review the matter and form an opinion until discovery is completed, and the extension of time will not result in prejudice to the plaintiff or cause undue delay in this action.

## CONCLUSION

For the reasons stated above, the Court should grant the Crow Defendants' motion to extend the time to disclose their expert and submit expert reports until April 21, 2008.

Dated: New York, New York
      March 3, 2008

                                      NIXON PEABODY LLP

                                      */s/ Martin P. Russo*

                                      Martin P. Russo (MR-4134)
                                      Alison B. Cohen (AC-7702)
                                      Nixon Peabody LLP
                                      437 Madison Avenue
                                      New York, New York 10022
                                      Tel: 212-940-3000
                                      Fax: (212) 940-3111

                                      *Attorneys for Defendants*
                                      *Michael W. Crow*
                                      *Duncan Capital Group LLC*

                                      *Attorneys for Relief Defendants*
                                      *Trevor Crow*
                                      *M.W. Crow Family, L.P.*
                                      *Crow 2001 Children's Trust FBO*
                                      *Michelle Lee Crow, Crow 2001*
                                      *Children's Trust FBO Spencer*
                                      *Michael Crow, Crow 2001*
                                      *Children's Trust FBO Duncan Crow, and*
                                      *Crow 2001 Children's Trust FBO Olivia*
                                      *Trevor Crow*