UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION

                          Plaintiff,

- against -

MICHAEL W. CROW, DUNCAN CAPITAL LLC,
DUNCAN CAPITAL GROUP LLC, ROBERT DAVID
FUCHS, and ROBERT MACGREGOR,

                          Defendants,

            and

TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW
FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO
MICHELLE LEE CROW, CROW 2001 CHILDREN'S
TRUST FBO SPENCER MICHAEL CROW, CROW 2001
CHILDREN'S TRUST FBO DUNCAN CROW, and CROW
2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW,

                          Relief Defendants.

07 Civ. 3814 (CM)(MHD)

---

## DECLARATION OF ALISON B. COHEN IN SUPPORT OF MOTION TO EXTEND TIME FOR EXPERT DISCLOSURES

I, Alison B. Cohen, declare under penalty of perjury that the following is true and correct:

1.     I am admitted to practice in the state of New York and before the United States District Court for the Southern District of New York. I am associated with Nixon Peabody LLP, counsel for defendants Michael W. Crow ("Crow"), Duncan Capital Group LLC ("DC Group"), and relief defendants Trevor Crow, M.W. Crow Family LP, Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, and Crow 2001 Children's Trust FBO Olivia Trevor Crow (collectively the "Crow Relief Defendants").

10921876.4

2. I submit this declaration in support of defendant Crow's, DC Group's, and the Crow Relief Defendants' motion for an Order pursuant to Federal Rule of Civil Procedure 16(b) for an extension of time to name their experts and provide expert reports.

3. On or about July 20, 2007, the Court ordered a Civil Case Management Plan providing that all discovery, including expert discovery, must be completed by April 1, 2008. The Civil Case Management Plan further requires the defendants to provide expert reports pursuant to Fed. R. Civ. P. 26 by March 1, 2008. (A true and correct copy of the Civil Case Management Plan is attached hereto as Exhibit A.)

4. Discovery is ongoing in this matter and the parties have scheduled many depositions for the month of March 2008. The deponents include all three named individual defendants (Messrs. Crow, Fuchs and MacGregor) and several third-parties (including Duncan Capital LLC's former Chief Financial Officer, an owner of DC Group and two attorneys) who are known to possess material and relevant information.

5. Defendants Crow, DC Group, and the Crow Relief Defendants have attempted to engage the services of an expert, but the expert has refused to accept the engagement based on the status of discovery. Since the named individual defendants and critical third-party witnesses have yet to be deposed, fact discovery has not been sufficiently completed to permit him to form an opinion. The expert expressed that he could not review the matter, form a well-reasoned opinion and render a report until fact discovery is substantially completed. An extension of the date to make expert disclosure to April 21, 2008 is warranted inasmuch as discovery will be completed by April 1, 2008 and the expert will have three weeks to complete a review the facts, form an opinion and issue a report.

6.  The SEC will not be prejudiced by such an extension inasmuch as counsel has informed us that it has no intention of calling an expert witness.

7.  An extension of the deadline also will not delay this matter inasmuch as the pre-trial order and submissions in this case are not due until May 15, 2008, leaving the SEC more than three weeks to depose the expert.

8.  Before making this motion, we met and conferred with counsel to the SEC who informed us that it opposes an extension of the deadline.

9.  We also attempted to raise this issue with U.S. Magistrate Judge Dolinger, who advised us that the Court retained jurisdiction on such scheduling matters.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the forgoing is true and correct.

Executed this 3rd day of March, 2008.

                                                  Alison B. Cohen, Esq.