# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

SEC

                Plaintiff(s),                   07 Civ. 3814    (CM) (MHD)

-against-                                 ORDER OF REFERENCE
                                                     TO A MAGISTRATE JUDGE

Orton

                Defendant(s).

———————————————————————X

The above entitled action is referred to the Honorable _____, United States Magistrate Judge for the following purpose(s):

___ General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement

___ Consent under 28 U.S.C. §636(c) for all purposes (including trial)

✓ Specific Non-Dispositive Motion/Dispute:*

    Discovery

    Settlement

___ Consent under 28 U.S.C. §636(c) for limited purpose (e.g., dispositive motion, preliminary injunction

Purpose: _____

If referral is for discovery disputes when the District Judge is unavailable, the time period of the referral: _____

___ Habeas Corpus

___ Social Security

___ Settlement*

___ Inquest After Default/Damages Hearing

___ Dispositive Motion (i.e., motion requiring a Report and Recommendation

Particular Motion: _____

All such motions: _____

* Do not check if already assigned for general pretrial.

Dated: New York, New York
      7/20/07

SO ORDERED

_____
Hon. Colleen McMahon
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————X

SEC

                   Plaintiff(s),               07 Civ. 3814 (CM) (MHD)

-against-

eRow, et al.

                   Defendant(s).
—————————————————————X

CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by _____.

3. No additional parties may be joined after N/A.

4. No pleading may be amended after Sept 10, 2007.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before April 1, 2008. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by N/A. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of

the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by ___Jan 15, 2008___ ; Defendant(s) expert report(s) by ___March 1, 2008___.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon. United States Magistrate ___Dolinger___ for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before ___May 15, 2008___. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:
    New York, New York

Upon consent of the parties:
[signatures of all counsel]

_____      _____

_____      _____

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge