UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION, :

              Plaintiff, :

                :    **07 Civ. 3814 (CM)**

      v. :    **ECF Case**

                :

MICHAEL W. CROW, DUNCAN CAPITAL LLC, :
DUNCAN CAPITAL GROUP LLC, ROBERT :
DAVID FUCHS, and ROBERT MACGREGOR, :

              Defendants, :

              and :

TREVOR CROW, SANTAL HOLDINGS LLC, :
M.W. CROW FAMILY LP, CROW 2001 :
CHILDREN'S TRUST FBO MICHELLE LEE :
CROW, CROW 2001 CHILDREN'S TRUST FBO :
SPENCER MICHAEL CROW, CROW 2001 :
CHILDREN'S TRUST FBO DUNCAN CROW, and :
CROW 2001 CHILDREN'S TRUST FBO OLIVIA :
TREVOR CROW, :

           Relief Defendants. :

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO EXTEND TIME FOR EXPERT DISCLOSURES FILED BY DEFENDANTS MICHAEL W. CROW AND DUNCAN CAPITAL GROUP LLC AND THE CROW RELIEF DEFENDANTS

Jack Kaufman (JK-3050)
Preethi Krishnamurthy (PK-2809)
Securities and Exchange Commission
New York Regional Office
3 World Financial Center
New York, NY 10281
(212) 336-1100
Attorneys for Securities
  and Exchange Commission

March 17, 2008

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF CASES

*DAG Enters. v. Exxon Mobil Corp.,* 2003 U.S. Dist. LEXIS 26408 (D.D.C. Jul. 31, 2003) . . .   8

*In re Indep. Energy Holdings Plc Sec. Litig.,* 2002 U.S. Dist. LEXIS 21133
    (S.D.N.Y. Oct. 30, 2002)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. ex. rel. O'Connell v. Chapman Univ.,* 245 F.R.D. 652 (C.D. Cal. 2007)  . . . . . . . . . . . . . . 8

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this memorandum of law in opposition to the motion to extend time for expert disclosures filed by Defendants Michael W. Crow and Duncan Capital Group LLC (collectively, the "Crow Defendants") and Relief Defendants Trevor Crow, M.W. Crow Family LP, Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, and Crow 2001 Children's Trust FBO Olivia Trevor Crow (collectively, "the Crow Relief Defendants"). For the reasons set forth below, the motion to extend time for expert disclosures should be denied.

## PRELIMINARY STATEMENT

The Crow Defendants and Crow Relief Defendants (collectively, "Crow Parties") were given more than nine months since the filing of this action to solicit an expert opinion. At 6:59 p.m. on March 3, the day their expert report was due, they filed their motion for more time. The Crow Parties contend that their expert cannot render an opinion prior to the depositions of seven individuals scheduled for dates after March 3 (including the depositions of Mr. Crow himself and the two other individual defendants). However, the Crow Parties have not objected to the scheduling of those depositions, and they fail to mention that five of the seven deponents previously testified during the Commission's investigation (transcripts of which the Commission produced to the Crow Parties in June 2007). Nor have the Crow Parties even described the subject matter of their proposed expert's report, or any particular reason the proposed expert needs additional testimony to render an opinion. Finally, such an extension would prejudice the Commission by requiring it to spend at least one week preparing for an expert deposition

just days prior to the filing of the parties' joint pre-trial order. The Crow Parties' motion for an extension of time should therefore be denied.

## **BACKGROUND**

The Commission filed its Complaint on May 15, 2007. On June 22, 2007, by agreement with the Crow Defendants, the Commission began its document production without awaiting a formal document request. On that date, the Commission provided the Crow Parties with the transcripts and exhibits of the sworn testimony given during the Commission's investigation by all three individual defendants – Michael Crow, Robert David Fuchs, and Robert MacGregor – and several other non-party witnesses, including Robert Yingling, the former Chief Financial Officer of Defendants Duncan Capital Group LLC and Duncan Capital LLC, and Dan Purjes, an owner of Defendant Duncan Capital Group LLC.

On July 20, 2007, the Court entered a scheduling order requiring the parties to complete "[a]ll discovery, *including expert discovery*," by April 1, 2008. *See* Civil Case Mgmt. Plan at ¶ 6 (emphasis in original). The scheduling order also required defendants to submit expert reports by March 1, 2008, which was a Saturday. *See id.* The order further requires the parties to submit a joint pre-trial order by May 15, 2008. *See id.* at ¶ 9.

On July 27, 2007, the Commission provided the Crow Parties with initial disclosures, pursuant to Federal Rule of Civil Procedure ("Rule") 26(a), in which it named, among others, Mr. Yingling, Mr. Purjes, an attorney named Larry Nusbaum of the firm Gusrae, Kaplan, Bruno & Nusbaum PLLC, and the three individual defendants, as individuals likely to possess discoverable information.

On August 17, 2007, the Commission filed a First Amended Complaint. On September 10, 2007, the Crow Defendants filed a partial motion to dismiss the claims in the First Amended Complaint.

On November 5, 2007, the Commission substantially completed its document production to the Crow Defendants. On December 14, 2007, the Commission noticed the depositions of the three individual defendants for March 4, 11, and 18, 2008. On December 21, 2007 and January 11 and 17, 2008, the Commission noticed additional non-party depositions for dates in January, February and March.

On January 14, 2008, the Court denied the Crow Defendants' partial motion to dismiss. On January 28, the Crow Defendants filed their Answer. The Answer asserted, as an affirmative defense, that "Michael Crow acted in good faith, consulting with counsel for advice" (the "Affirmative Defense"). *See* Defendants Michael W. Crow's and Duncan Capital Group LLC's Answer to the First Amended Complaint, at 12. On January 29, the Commission sent counsel for the Crow Defendants a letter asking him to supplement the Crow Defendants' disclosures under Rule 26(a) with the names of each individual likely to have discoverable information concerning the Affirmative Defense. On February 1, the Crow Defendants supplemented their disclosures of individuals likely to possess discoverable information with the names of several lawyers, including Martin H. Kaplan of Gusrae, Kaplan, Bruno & Nusbaum PLLC. The same day, the Commission noticed the depositions of Mr. Kaplan and his law partner, Mr. Nusbaum, for March 31 and April 1, respectively.

On February 4, the Crow Defendants noticed their first deposition – of Mr. Yingling – for February 20. On February 14, the Crow Defendants agreed to adjourn Mr.

3

Yingling's deposition until March 24 at the request of Mr. Yingling's counsel and the Commission. On February 20, the Crow Defendants noticed the deposition of Mr. Purjes for March 20, a date more than two weeks after the due date of their expert report.

By agreement of the parties, Mr. Crow's deposition was adjourned to March 18, Mr. MacGregor's deposition was adjourned to March 26, Mr. Purjes's deposition was adjourned to March 31, and Mr. Kaplan's and Mr. Nusbaum's depositions were adjourned to April 1.

On Monday, March 3, 2008, at 6:59 p.m., the Crow Defendants and Relief Defendants filed their motion to extend time for expert disclosures.

## ARGUMENT

Waiting until the eleventh hour, the Crow Parties now seek to extend their time until April 21 to submit an expert report to the Commission, notwithstanding that the parties' joint pre-trial order is due on May 15. The Crow Parties contend that an extension is necessary because "fact discovery necessary to make an opinion reliable has not be[en] completed." Mem. of Law in Support of Mot. to Extend Time for Expert Disclosures ("Crow Mem.") at 3. The only uncompleted fact discovery they mention is the depositions of the three individual defendants (including Mr. Crow himself) and of Messrs. Yingling, Purjes, Kaplan and Nusbaum. *See* Crow Mem. at 2 (citing the depositions of "the named individual defendants" and "the Chief Financial Officer of Duncan Capital LLC, an owner of DC Group, and two attorneys"). The Crow Parties base their motion on a discovery schedule that was entirely foreseeable months before their expert report was due. For the reasons set forth below, their motion should be denied.

From the time the Commission filed its Complaint or shortly thereafter, the Crow

Parties have known that the three individual defendants and Messrs. Yingling, Purjes,

Kaplan and Nusbaum possessed discoverable information. Yet the Crow Parties made

strategic choices that resulted in the scheduling of the depositions of each of these

individuals for dates after March 4, without objection by the Crow Parties.[1] The Crow

Parties knew by June 2007 – when the Commission supplied them with the transcripts of

the sworn investigative testimony provided by the three individual defendants and

Messrs. Yingling and Purjes – the essence of the testimony each of these individuals was

likely to provide at their depositions. Based on that testimony alone, the Crow Parties

must have known that these depositions were "critical," Crow Mem. at 3, and could have

noticed these depositions for dates prior to March 4. In fact, the Commission noticed the

depositions of all three individual defendants for dates in March, and the Crow Parties

never objected that those dates would prevent them from obtaining a timely expert report.

The Crow Parties later noticed Mr. Purjes's deposition for March 20, a date three weeks

after their expert report was due. The Crow Parties also noticed Mr. Yingling's

deposition for February 20, but later agreed to adjourn it to March 24 at the request of

Mr. Yingling's counsel and the Commission. The Crow Parties should not be able to

obtain an extension based on deposition dates they noticed or agreed to.

Mr. Crow similarly knew early in this litigation that the two attorneys, Messrs.

Kaplan and Nusbaum, were likely to possess discoverable information and similarly

---

[1]    Although the Crow Parties include the late March date of Mr. Crow's deposition
among their reasons for an extension, *see* Crow Mem. at 2, Mr. Crow's deposition cannot
possibly be a basis for an extension of time for the Crow Parties' expert disclosures. Mr.
Crow's own expert would have access to Mr. Crow and could obtain answers to any
inquiries concerning Mr. Crow's story directly from Mr. Crow.

failed to notice them for depositions. The Commission named Mr. Nusbaum in its initial

disclosures in July 2007, and the Crow Defendants ultimately named Mr. Kaplan in a

supplement to their initial disclosures. Indeed, the Crow Parties' litigation strategy, and

not the Commission's, resulted in the late dates for Mr. Kaplan's and Mr. Nusbaum's

depositions. The Crow Defendants waited until the last possible date, the date their

Answer was due, to disclose their Affirmative Defense concerning Mr. Crow's

consultation with counsel. The Crow Defendants then waited until February 1 to disclose

Mr. Kaplan's name to the Commission. Only then could the Commission be certain that

Mr. Kaplan's and Mr. Nusbaum's testimony would be relevant and discoverable.

Therefore, on February 1, the Commission sent Messrs. Kaplan and Nusbaum deposition

subpoenas for dates sufficiently far in advance to allow the Commission to prepare to

take their depositions and to take into account the depositions already scheduled.

Counsel for the Crow Parties did not seek to reschedule the depositions for earlier dates.

Once again, the Crow Parties should not be able to obtain an extension based on late

deposition dates that were the result of their own litigation strategy.

Even leaving aside the Crow Parties' participation in the current deposition

schedule, the Crow Parties provide no explanation of why their potential expert witness

could not render an opinion by March 4. Their memorandum is entirely silent as to the

subject matter(s) on which their potential expert witness would render an opinion and

why their potential expert requires deposition testimony from the three individual

defendants and Messrs. Yingling, Purjes, Kaplan and Nusbaum to render an opinion. The

Crow Parties could have supplied their potential expert with the transcripts of the sworn

investigative testimony of Messrs. Crow, Fuchs, MacGregor, Yingling and Purjes and

6

asked the potential expert to consider them in rendering an opinion. The Crow Parties

certainly do not, and could not, argue that their potential expert did not have access to the

relevant documents. With respect to the depositions of Messrs. Kaplan and Nusbaum, the

Crow Parties provide no explanation as to why the testimony of two lawyers, whose

testimony will presumably pertain to the Crow Defendants' Affirmative Defense and

therefore to Mr. Crow's state of mind, would have any impact on an expert opinion in

this matter. In short, the Crow Parties have provided no reason why an expert opinion

could not have been rendered on March 4.

Furthermore, an extension of time for the Crow Parties to submit their expert

disclosures would prejudice the Commission. The Crow Parties seek to provide the

Commission with their expert report on April 21. The Commission would need at least

one week to read the report, familiarize itself with other work and testimony by the expert

and with any authorities relied on by the expert, and prepare to take the expert's

deposition. Assuming that the Commission deposed the expert on April 28, the

Commission would have 13 calendar days to incorporate the relevant material in the

parties' joint pre-trial order, due on May 15. More importantly, the Commission would

be forced to spend one week outside of the discovery period preparing for an expert

deposition rather than preparing its portion of the pre-trial order. The Crow Parties

would have significantly more time to spend on their portion of the pre-trial order,

because they would likely spend no more than a day or two preparing their expert for the

deposition. Therefore, an extension would prejudice the Commission.

Nor do any of the cases cited by the Crow Parties support an extension. The

Crow Parties fail to cite a single case in which a court extended time for an expert report

based upon a deposition schedule to which the party seeking the extension did not object. *See* Crow Mem. at *2-3 (citing cases); *DAG Enters. v. Exxon Mobil Corp.*, No. 00-0182, 2003 U.S. Dist. LEXIS 26408, *17-19 (D.D.C. Jul. 31, 2003) (granting an extension of time for filing an expert report within the discovery period where the court ordered additional document production and allowed the other side's expert additional time to examine the new documents); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 656 (C.D. Cal. 2007) (granting an extension of time for a rebuttal expert report where the report to be rebutted was incomplete and untimely); *In re Indep. Energy Holdings Plc Sec. Litig.*, No. 00 Civ. 6689, 2002 U.S. Dist. LEXIS 21133, at *3-5 (S.D.N.Y. Oct. 30, 2002) (noting that the court had previously granted a "modest extension of time" for expert reports "because of delays in obtaining documents from the United Kingdom"). Unlike in each of these cases, the situation the Crow Parties now complain of was entirely foreseeable months before the due date of their expert report.

## CONCLUSION

For the reasons set forth above, the Commission respectfully requests that the Court deny the Crow Defendants and Relief Defendants' motion to extend time for expert disclosures.

Dated: New York, New York
March 17, 2008

By:    /s/ Preethi Krishnamurthy
       Preethi Krishnamurthy (PK-2809)
       Jack Kaufman (JK-3050)
       Attorneys for Plaintiff
       Securities and Exchange Commission
       New York Regional Office
       3 World Financial Center
       New York, NY 10281-1022
       (212) 336-0116