```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                    Plaintiff,               :
                                             :          07 Civ. 3814 (CM)
            v.                               :          ECF Case
                                             :
MICHAEL W. CROW, DUNCAN CAPITAL LLC,         :
DUNCAN CAPITAL GROUP LLC, ROBERT             :
DAVID FUCHS, and ROBERT MACGREGOR,           :
                                             :
                    Defendants,              :
                                             :
            and                              :
                                             :
TREVOR CROW, SANTAL HOLDINGS LLC,            :
M.W. CROW FAMILY LP, CROW 2001               :
CHILDREN'S TRUST FBO MICHELLE LEE            :
CROW, CROW 2001 CHILDREN'S TRUST FBO         :
SPENCER MICHAEL CROW, CROW 2001              :
CHILDREN'S TRUST FBO DUNCAN CROW, and        :
CROW 2001 CHILDREN'S TRUST FBO OLIVIA        :
TREVOR CROW,                                 :
                                             :
                    Relief Defendants.       :
                                             :

## FINAL JUDGMENT AS TO DEFENDANT ROBERT MACGREGOR

The Securities and Exchange Commission having filed a Complaint and

Defendant Robert MacGregor ("Defendant" or "MacGregor") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject matter

of this action; consented to entry of this Final Judgment without admitting or denying the

allegations of the First Amended Complaint (except as to jurisdiction); waived findings

of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from aiding and abetting

any violation of Section 15(b)(7) of the Securities Exchange Act of 1934 ("Exchange

Act"), 15 U.S.C. § 78o(b)(7), or Rule 15b7-1 thereunder, 17 C.F.R. § 240,15b7-1, by

knowingly providing substantial assistance to a registered broker or dealer that effects

any transaction in, or induces the purchase or sale of, any security:

    (a)    without meeting such standards of operational capability as the

          Commission finds necessary or appropriate in the public interest or for the

          protection of investors;

    (b)    without meeting, and having all natural persons associated with the broker

          or dealer meet, such standards of training, experience, competence, and

          such other qualifications as the Commission finds necessary or appropriate

          in the public interest or for the protection of investors; or

    (c)    without having any natural person associated with the broker or dealer

          who effects or is involved in effecting such transactions be registered or

          approved in accordance with the standards of training, experience,

          competence, and other qualification standards (including but not limited to

          submitting and maintaining all required forms, paying all required fees,

          and passing any required examinations) established by the rules of any

          national securities exchange or national securities association of which

2

such broker or dealer is a member or under the rules of the Municipal

Securities Rulemaking Board (if the broker or dealer is subject to the rules

of that organization).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

liable for disgorgement of $480,563.00, representing profits gained as a result of the

conduct alleged in the First Amended Complaint, together with prejudgment interest

thereon in the amount of $114,552.00, and a civil penalty in the amount of $60,000.00

pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). Defendant shall

satisfy this obligation by paying $655,115.00, plus post-judgment interest pursuant to 28

U.S.C. § 1961, pursuant to the terms of the payment schedule set forth in paragraph III

below, after entry of this Final Judgment by certified check, bank cashier's check, or

United States postal money order payable to the Securities and Exchange Commission.

The payment shall be delivered or mailed to the Office of Financial Management,

Securities and Exchange Commission, Operations Center, 6432 General Green Way,

Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

identifying MacGregor as a defendant in this action; setting forth the title and civil action

number of this action and the name of this Court; and specifying that payment is made

pursuant to this Final Judgment. MacGregor shall simultaneously transmit photocopies

of such payment and letter to the Commission's counsel in this action. Defendant shall

pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The

Commission shall remit the funds paid pursuant to this paragraph to the United States

Treasury.

## III.

MacGregor shall pay $655,115.00 in four installments according to the following schedule: (1) $100,000, within ten days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $185,039,within 120 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $185,038, within 240 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4) $185,038, within 365 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If MacGregor fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein. As set forth therein, Defendant agrees that this Judgment does not resolve any claims that the Commission may bring against Defendant concerning Bionovo, Inc., regardless of whether any such claims fall within the scope of the Commission's First Amended Complaint in this case.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules

of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and

without further notice.

Dated: 11 April, 2008

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,    :
:
Plaintiff,    :
:            07 Civ. 3814 (CM)
v.    :            ECF Case
:
MICHAEL W. CROW, DUNCAN CAPITAL LLC,    :
DUNCAN CAPITAL GROUP LLC, ROBERT    :
DAVID FUCHS, and ROBERT MACGREGOR,    :
:
Defendants,    :
:
and    :
:
TREVOR CROW, SANTAL HOLDINGS LLC,    :
M.W. CROW FAMILY LP, CROW 2001    :
CHILDREN'S TRUST FBO MICHELLE LEE    :
CROW, CROW 2001 CHILDREN'S TRUST FBO    :
SPENCER MICHAEL CROW, CROW 2001    :
CHILDREN'S TRUST FBO DUNCAN CROW, and    :
CROW 2001 CHILDREN'S TRUST FBO OLIVIA    :
TREVOR CROW,    :
:
Relief Defendants.    :
:

---

## CONSENT OF DEFENDANT ROBERT MACGREGOR

Defendant Robert MacGregor ("Defendant" or "MacGregor") acknowledges

having been served with the Complaint and First Amended Complaint ("complaint") in

this action, enters a general appearance, and admits the Court's jurisdiction over

Defendant and over the subject matter of this action.

1.    Without admitting or denying the allegations of the complaint (except as

to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby

consents to the entry of the final Judgment in the form attached hereto (the "Final

Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from aiding and

abetting violations of Section 15(b)(7) of the Securities Exchange

Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(b)(7), and Rule

15b7-1 thereunder, 17 C.F.R. § 240.15b7-1;

(b)    orders Defendant to pay disgorgement in the amount of

$480,563.00, plus prejudgment interest thereon in the amount of

$114,552.00; and

(c)    orders Defendant to pay a civil penalty in the amount of $60,000

under Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).

2.    Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment

made pursuant to any insurance policy, with regard to any civil penalty amounts that

Defendant pays pursuant to the Final Judgment, regardless of whether such penalty

amounts or any part thereof are added to a distribution fund or otherwise used for the

benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for

a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty

amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such

penalty amounts or any part thereof are added to a distribution fund or otherwise used for

the benefit of investors.

3.    Defendant waives the entry of findings of fact and conclusions of law

pursuant to Rule 52 of the Federal Rules of Civil Procedure.

2

4.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double

3

Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10.    Defendant agrees that this Judgment does not resolve any claims that the Commission may bring against Defendant concerning Bionovo, Inc., regardless of whether any such claims fall within the scope of the Commission's First Amended Complaint in this case.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any

4

allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative proceeding commenced by the Commission, Defendant (i) agrees to appear at a deposition, trial or hearing at such time and place as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S.

5

Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 2-25-08

Robert MacGregor

On Feb. 25 , 2008, Robert MacGregor , a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

DAVID SHARGEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6176467
Qualified in Kings County
My Commission Expires October 29, 2011

Approved as to form:

Craig S. Warkol, Esq.
Bracewell & Giuliani LLP
1177 Avenue of the Americas
19ᵗʰ Floor
New York, NY 10036-2714
Attorney for Defendant

6