# BUTZEL LONG
ATTORNEYS AND COUNSELORS

Alison B. Cohen
212 678 4752
cohen@butzel.com

22nd Floor  380 Madison Avenue
New York, New York 10017
T: 212 818 1110  F: 212 818 0494
butzel.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/08

**MEMO ENDORSED**

6/26/08 But I am allowing it. CM

June 25, 2008

**By Facsimile 212-805-6326**

Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 640
New York, NY 10007

Re: <u>SEC v. Michael W. Crow, et al., 07-civ-3814 (CM)</u>

Dear Judge McMahon:

We represent Michael W. Crow, Duncan Capital Group LLC, Trevor Crow, M.W. Crow Family LP, Crow 2001 Children's Trust FBO Michelle Lee Crow, Crow 2001 Children's Trust FBO Spencer Michael Crow, Crow 2001 Children's Trust FBO Duncan Crow, and Crow 2001 Children's Trust FBO Olivia Trevor Crow (the "Crow Defendants"), and write in response to the letter to the Court dated June 23, 2008 from the Securities and Exchange Commission (the "Commission").

The Crow Defendants object to the Commission's request to depose Jennifer O'Shea (previously known as Jennifer Handy) at this time because discovery has been closed since April 1, 2008. The Commission's representation to this Court that it seeks Ms. O'Shea's testimony to demonstrate that Mr. Crow "ran the registered broker-dealer" is merely a pretext for an improper attempt to reopen discovery so as to impeach Mr. Crow's testimony on a collateral issue. *See*, *United States v. Rivera*, No. 05-CR-6908, 2008 U.S. App. LEXIS 7771, at *8 (2d Cir. Apr. 11, 2008) ("A witness may be impeached by extrinsic proof of a prior inconsistent statement only as to matters which are not collateral, *i.e.*, as to those matters which are relevant to the issues in the case and could be independently proven.") (citing *United States v. Blackwood*, 456 F.2d 526, 531 (2d Cir. 1972)). In this regard, the Commission previously represented to all of the defendants' counsel by email dated June 19, 2008 that the basis for seeking Ms. O'Shea's deposition was to impeach Mr. Crow's deposition testimony regarding a resume. Specifically, the Commission stated: "In the email string to which his resume was attached, Ms Handy made clear that Mr. Crow had reviewed and edited the resume. Nevertheless, Mr. Crow denied doing so at his deposition. We have spoken with Ms. Handy, who confirmed that Mr. Crow did review and approve his resume." (Exhibit B to the Commission's June 23, 2008 letter). Thus, by the

Detroit  Bloomfield Hills  Ann Arbor  Lansing  Holland  Boca Raton  Palm Beach  Washington D.C.  New York
Alliance Offices  Beijing  Shanghai  Member Lex Mundi  www.butzel.com

000139270\0001\164803-1

Hon. Colleen McMahon
June 25, 2008
page 2

Commission's own admission, it seeks Ms. O'Shea's testimony to impeach Mr. Crow's testimony with respect to his recollection of who prepared and reviewed the resume. Such testimony falls squarely within the definition of a collateral matter and does not bear any relevance on the ultimate issues of this case.

Moreover, the Commission mischaracterizes Mr. Crow's testimony with respect to the resume in question. Mr. Crow did not deny preparing the document, he simply did not have any recollection of the document. Furthermore, he testified that he did not recall preparing or reviewing it, and did not believe that he was involved in drafting it based on the numerous inaccuracies it contains. Even assuming that the Commission's reason for deposing Ms. O'Shea is to provide "direct evidence that Crow ran the registered broker-dealer," the resume and email on which it relies does not provide such evidence. The resume and emails the Commission attached as Exhibit A to its June 23, 2008 letter shows internal email correspondence between Ms. Handy and an employee of DC Asset Management LLC (an entity that is not a party to this action, but which was associated with Duncan Capital Group LLC). The document does not show that Ms. O'Shea emailed the resume to an investor or any other third-party. Accordingly, neither these emails nor Ms. O'Shea's anticipated testimony regarding them will show that Mr. Crow "publicly took credit for the registered broker-dealer's performance." (Commission's June 23, 2008 letter).

For the foregoing reasons, we respectfully request that the Court deny the Commission's request to depose Jennifer O'Shea.

Respectfully submitted,

Alison B. Cohen

cc: Preethi Krishnamurthy, Esq. (*by email only*)
krishnamurthyP@sec.gov

Jack Kaufman, Esq. (*by email only*)
kaufmanja@sec.gov

Howard Sirota, Esq. (*by email only*)
howard@sirotalaw.com

Martin P. Russo, Esq. (*by email only*)
russo@butzel.com

BUTZEL LONG