| 388 | Duncan Capital LLC formation documents |
| 389 | Duncan Capital LLC Members Minutes |
| 390 | November 2003 agreements Rockwood Group/Duncan Capital LLC |
| 391 | Repurchase and Sep. Agr. - Rockwood Group LLCDC LLC 8/31/04 |
| 392 | Letter dated 8/31/04 Purjes to members of DC Group LLC |
| 393 | DC Asset Management LLC Amended/Restated Operating Agr. 2/1/04 |
| 394 | Crow Children's Trust documents |
| 395 | Crow Children's Trusts tax returns |
| 396 | Internet Commerce Corporation Cross-Receipt dated 4/20/04 |
| 397 | MIV Therepeutics Inc. Cross-Receipt dated 4/23/04 |
| 400 | Demonstrative exhibit summarizing disgorgement bases and calculations |
| 401 | Compilation of China World Trade Corp. warrant documents |
| 402 | Compilation of Dyntek, Inc. warrant documents |
| 403 | Compilation of Equifin, Inc. warrant documents |
| 404 | Compilation of Genemax Corp. warrant documents |
| 405 | Compilation of Grant Ventures, Inc. warrant documents |
| 406 | Compilation of Internet Commerce Corp. warrant documents |
| 407 | Knobias, Inc. stock/warrant documents |
| 408 | Compilation of MediaBay, Inc. warrant documents |
| 409 | Compilation of MicroIslet, Inc. warrant documents |
| 410 | Compilation of MIV Therapeutics, Inc. warrant documents |
| 411 | Compilation of Neoprobe warrant documents |
| 412 | Compilation of NUR Macroprinters, Ltd. warrant documents |
| 413 | Compilation of Pacific CMA, Inc. warrant documents |
| 414 | Calypte Biomedical Corp. filings with the SEC |
| 415 | China World Trade Corp. filings with the SEC |
| 416 | Dyntek, Inc. filings with the SEC |
| 417 | Equifin, Inc. filings with the SEC |
| 418 | Genemax Corp. Form 10-KSB dated 12/31/04 |
| 419 | Grant Ventures, Inc. Form SB-2 dated 9/30/04 |
| 420 | Internet Commerce Corp. filings with the SEC |
| 421 | INYX, Inc. filings with the SEC |
| 422 | Knobias, Inc. filings with the SEC |
| 423 | MediaBay Inc. filings with the SEC |
| 424 | MicroIslet, Inc. filings with the SEC |
| 425 | Neoprobe Corp Form SB-2 dated 12/2/03 |
| 426 | NUR Macroprinters Ltd. Form F-3 dated 4/13/04 and 5/24/04 |
| 427 | Pacific CMA Inc. filings with the SEC |
| 428 | Unity Wireless Corp. filings with the SEC |

| 429 | SEC documents showing effective registration statements for various securities |
| 430 | Warrant Allocations chart (Bates-stamped SEC-DC-018366 through 018367) |
| 431 | Calypte Biomedical Corp. documents from Bloomberg |
| 432 | MIV Therapeutics Inc. stock price from 1/2/04 to 6/26/08 from Bloomberg. |
| 433 | Grant Life Sciences Inc. documents from Bloomberg |
| 434 | Neoprobe Corp. stock price from 11/3/03 to 6/26/08 from Bloomberg |
| 435 | Ellomay Capital Ltd. (NUR Macroprinters Ltd.) documents from Bloomberg |
| 436 | Inyx Inc. documents from Bloomberg |
| 437 | China World Trade Corp. stock price from 1/2/04 to 6/25/08 from Bloomberg |
| 438 | Tapimmune Inc. (Genemax Corp.) documents from Bloomberg |
| 439 | Equifin Inc. stock price from 1/2/04 to 6/23/08 from Bloomberg. |
| 440 | Pacific CMA Inc. stock price from 1/2/04 to 6/25/08 from Bloomberg. |
| 441 | Dyntek Inc. documents from Bloomberg |
| 442 | MediaBay Inc. stock price from 12/1/04 to 12/30/05 from Bloomberg |
| 443 | MicroIslet Inc. documents from Bloomberg: |
| 444 | Unity Wireless Corp. stock price from 1/2/04 to 6/20/08 from Bloomberg |
| 445 | Easylink Services International documents from Bloomberg |
| 446 | Knobias Inc. documents from Bloomberg |
| 447 | 5/12/04 Santal cancelled check for $86,929 to M. Crow Family L.P. |
| 448 | Duncan Capital LLC Schwab account statements 6/1/03 to 3/31/05 |
| 449 | Duncan Capital LLC Chase account statements 3/22/04 to 5/19/04 |
| 449A | Duncan Capital LLC Chase account statements 5/20/04 to 2/28/05 |
| 450 | Fleet account statements 11/12/03 to 6/30/04 for Duncan Capital LLC |
| 451 | JPMorgan/Chase acct. stmts. 12/18/03 to 1/20/05 Duncan Capital Group/LLC |
| 451A | JPMorgan Chase acct. stmts. 11/21/03 to 12/17/03 Duncan Capital LLC |
| 452 | Schwab acct. stmts. 1/1/05 to 12/31/05 Crow Children's Trust |
| 453 | Schwab acct. stmts. 1/1/05 to 12/31/05 Crow Children's Trust |
| 454 | Schwab account statements 1/1/05 to 12/31/05 Crow Children's Trust |
| 455 | Schwab account statements 1/1/05 to 12/31/05 Crow Children's Trust |
| 456 | Pennaluna & Co. account statements 11/17/04 - 3/31/05 M W Crow Family LP |
| 457 | Schwab account statements dated 1/1/04 to 3/31/05 M.W. Crow Family L.P |
| 458 | Sloan Sec. Corp. acct. stmnts. 8/31/04 to 3/31/05 M.W. Crow Family LP |
| 459 | Account statements dated 11/1/05 to 11/30/05 M.W. Crow Family LP |
| 460 | M.H. Meyerson & Co. acct. stmts. 4/20/04-7/30/04 Duncan Cap. Group LLC |
| 461 | Sloan Sec. Corp. acct. stmts. 7/13/04 to 12/31/04 Duncan Capital Group LLC |
| 461A | Sloan Sec. Corp. acct. stmts. 12/31/04 to 11/30/05 Duncan Capital Group LLC |
| 462 | Sloan Sec. Corp. acct. stmts. 11/1/05 to 3/31/07 Duncan Capital Group LLC |
| 463 | Compilation of Dyntek payment documents |
| 464 | JPMorgan Chase acct. stmts. 6/18/04 to 10/20/05 Duncan Capital Group LLC |

| 465 | Sloan Securities Corp. acct. stmts. 10/1/05 to 3/31/07 David Fuchs |
|---|---|
| 466 | Sloan Securities Corp. ctmts. 10/31/05 to 12/30/05 David Fuchs |
| 467 | Sublease Agr. 10/24/03 Pzena Inv. Mgmt., Seneca Capital LP and DC LLC |
| 468 | Payroll records - Rockwood Inc./Duncan Capital LLC |
| 469 | Round Hill Securities Inc. acct. stmts. 2/28/04 to 12/31/04 Rockwood/DC LLC |
| 470 | Bank Leumi account statements dated 2/3/04 to 12/31/04 Santal Holdings |
| 471 | Letter dated 11/3/04 from Edelson to Fuchs with no subject line |
| 472 | Bank Leumi account statements dated 1/5/04 to 3/31/05 Santal Holdings |
| 472A | Bank Leumi account statement dated 4/30/04 to 5/31/04 Santal Holdings |
| 473 | Sloan Securities Corp. acct. stmts. dated 5/24/05 to 11/30/05 Duncan Capital. |
| 474 | Sloan Securities Corp. acct stmts. dated 11/1/05 to 12/31/05 Duncan Capital |
| 475 | Sloan Securities Corp. acct. stmts. 1/1/2006 to 3/31/07 Duncan Capital. |
| 476 | E-mail dated 10/20/04 from Edelson to Crow with the subject line: transfers |
| 477 | Letter dated 3/29/04 Gale Chang to Monks and attached stock certificate |
| 478 | E-mail string 2/10/05 between and among Edelson, Webber, Crow and Ross |
| 479 | Dyntek, Inc. Cross-Receipt (Bates-stamped DCL-000955) |
| 480 | Letter dated 12/9/03 from DynTek, Inc. to Crow |
| 481 | Form D filed by DynTek, Inc. dated 1/12/04 |
| 482 | Form Ds filed by DynTek, Inc. dated 5/24/04 |
| 483 | Form D filed by DynTek, Inc. dated 10/29/04 |
| 484 | Chase account statement dated 11/21/03 to 12/17/03 Duncan Capital LLC |
| 485 | E-mail dated 6/10/04 Chazotsang to Handy: List of Securities in the 'Safe' (att) |
| **486-499** | *Reserved* |

| 500 | E-mail chain 10/16/04 Crow to Smithline: 8K Filing etc. [SEC Ex 216, 212] |
|---|---|
| 501 | Chart titled DC Opportunity Fund 1 Ltd. [SEC Ex 170] |
| 502 | E-mail chain 9/9/04 Crow, Smithline: DC Opp. Fund 1 [incl. SEC Ex. 187] |
| 503 | E-mail string 10/19/2004 Crow Smithline with no subject line. [SEC Ex 188] |
| 504 | E-mail dated 9/26/04 Crow to Smithline with no subject line. [SEC Ex 189] |
| 505 | Crow summary - Wilshire Technologies and Crow. [SEC Ex 190] |
| 506 | Crow summary – prior SEC action [SEC Ex 191] |
| 507 | E-mail 12/6/04 Richardson, Haas: Init. Findings-DC Cap. Mgmt. [SEC Ex 192] |
| 508 | Memorandum dated 2/1/04 from Crow to Smithline. Re: Agreement. |
| 509 | E-mail dated 8/26/04 from Crow to Smithline with the subject line: Deal |
| 510 | E-mail 8/26/04 from Smithline to Crow with no subject line. [SEC Ex 195] |
| 511 | Agreement dated 2/1/05 from Crow to Smithline. [SEC Ex 196] |
| 512 | E-mail 9/16/04 Crow to Smithline with the subject line: Term sheet-China gran. |
| 513 | E-mail string 10/6/04 Crow Smithline: Laurus.  [SEC Ex 198] |
| 514 | E-mail chain 8/5/04 Crow, Smithline: DC Investment advisors [SEC Ex 199] |

| 515 | Confidential Offering Memorandum 8/27/04: DC Opp. Fund [SEC Ex 200] |
|---|---|
| 516 | Confidential Offering Memorandum 12/1/04: DC Opp. Fund [SEC Ex 201] |
| 517 | Report 9/2004 - DC Opp. Fund I (LLC & LTD.) Due Diligence. [SEC Ex 204] |
| 518 | Report 1/2005 - DC Opportunity Fund I Due Diligence. [SEC Ex 205] |
| 519 | E-mail chain 1/26/05 Smithline to Wellner - no subject line (att) [SEC Ex 209] |
| 520 | E-mail string 8/16/04 Smithline to Crow with no subject line.  [SEC Ex 210] |
| 521 | E-mail 8/5/04 Smithline, Goverdale: Entity Ownership Issues. [SEC Ex 211] |
| 522 | E-mail 9/30/04 from Crow to Smithline with no subject line. [SEC Ex 213] |
| 523 | E-mail dated 5/20/04 Crow to Smithline with no subject line. [SEC Ex 215] |
| 524 | Compilation of e-mails 9-10/04 Crow, Smithline [SEC Exs. 216-217]: |
| 525 | E-mail 11/9/04 Smithline, Wellner, Haas, Crow - no subject line. [SEC Ex 218] |
| 526 | Confidentiality Agreement dated 1/22/03 re: Dyntek. [SEC Ex 220] |
| 527 | Amendment No.1 2/1/04 Dyntek Inc and Duncan Capital.  [SEC Ex 221] |
| 528 | Memo 1/29/04 Crow, Ross: Pymnt Obl. Inv. Banking Adv. Agr. [SEC Ex 223] |
| 529 | E-mail chain 4/14/04 Ross to Crow: Dyntek.  [SEC Ex 224] |
| 530 | E-mail 9/9/04 Haas, Fuchs, Skriloff, Norton, MacGregor, & Machett: Placement Warrants/stocks.  [SEC Ex 225] |
| 531 | E-mail chain 10/4/04 Crow, Grin: Meeting. [SEC Ex 227] |
| 532 | E-mail string 7/26/04 from Dittus to Crow: Financing.  [SEC Ex 228] |
| 533 | E-mail string 4/20/04-4/18/04 Crow, Purjes: DYTK Placement Agent Warrants [SEC Ex 229] |
| 534 | E-mail 4/15/04 Ramsey to Crow with the subject line: MCTL  [SEC Ex 230] |
| 535 | E-mail 4/15/04 Ramsey to Crow with the subject line: MCTL   [SEC Ex 231] |
| 536 | Schwab Acct. Statement 4/1/04-4/30/04 MW Crow Family LP. [SEC Ex 232] |
| 537 | Memo. of Understanding 6/8/04: DC, Knobias, and Kollage.  [SEC Ex 233] |
| 538 | E-mail 5/13/04 Crow to Yingling with the subject line: Wire   [SEC Ex 234] |
| 539 | E-mail string 4/19/04- 4/17/04 Crow to Fuchs: B&P   [SEC Ex 235] |
| 540 | Memorandum 10/31/05 - Bingham McCutchen - Fuchs subpoena. [SEC Ex 28] |
| 541 | Memorandum 8/5/05 Cambria Capital – Fuchs subpoena.  [SEC Ex 29] |
| 542 | Memorandum 8/5/05 Santal Holdings subpoena [SEC Ex 30] |
| 543 | Memorandum 3/24/05 Duncan Capital subpoena  [SEC Ex 31] |
| 544 | Memorandum 8/1/05 to Fuchs - Bridges & Pipes subpoena [SEC Ex 32] |
| 545 | E-mail 6/21/04 Fuchs, Burke & Gabriella: ViraNet (Att.) [SEC Ex 36] |
| 546 | E-mail 6/24/04 Fuchs to Norwood with the subject line: Satcon  [SEC Ex 37] |
| 547 | E-mail 6/23/04 from Fuchs to Purjes with the subject line: Satcon  [SEC Ex 38] |
| 548 | E-mail 8/16/04 Fuchs, Norton: Bridges & PIPEs  [SEC Ex 39] |
| 549 | E-mail 4/17/04 Norton, Zinman: Sub. Doc.- Bridges & PIPES (att.) [SEC Ex 40] |
| 550 | E-mail chain 5/15/04 to 5/14/04 Crow, Fuchs: Genemax [SEC Ex. 41] |
| 551 | Chase Account Statement 9/21/04-10/20/04 Duncan Capital/Fuchs [SEC Ex 44] |
| 552 | Chase Acct. Stmt. 8/19/04-9/20/04 Duncan Capital/Fuchs [SEC Ex 45] |

| 553 | Chase Acct. Stmt. 7/21/04-8/18/04 Duncan Capital/Fuchs [SEC Ex 46] |
| 554 | Memorandum 11/19/03 Crow to Ross: Invest. Bank. Adv. Agrmt. [SEC Ex 47] |
| 555 | Memorandum 12/5/03 Crow to Ross with no subject line [SEC Ex 48] |
| 556 | Dyntek, Inc. Cross-Receipt 5/3/04 Fuchs to Ross. [SEC EX 49] |
| 557 | E-mail 4/15/04 Crow to Fuchs: Lunch with Sands, Sterling [SEC Ex 50] |
| 558 | E-mail 4/16/04 Fuchs to Norton & Crow: DYTK  [SEC Ex 51] |
| 559 | E-mail 4/15/04 from Fuchs to Crow with the subject line: DYTK  [SEC Ex 52] |
| 560 | E-mail string 4/15/04 Fuchs to Crow with the subject line: DYTK [SEC Ex 53] |
| 561 | Memo 10/19/04 Edelson/Webber: Pymnt Obl–Inv. Bnk. Adv. Agr. [SEC Ex 55] |
| 562 | E-mail 8/2/04 Purjes to Fuchs & Bailey-Beck: !!! Deals. [SEC Ex 56] |
| 563 | E-mail dated 4/19/04 from Crow to Fuchs: DYTK  [SEC Ex 57] |
| 564 | E-mail chain 4/21/04 Fuchs to Crow: MCTL & DYTK.  [SEC Ex 58] |
| 565 | E-mail string 4/21/04 Crow to Barros: MCTL & DYTK.  [SEC Ex 59] |
| 566 | E-mail string 4/20/04 Fuchs, Mandelbaum: mivt financing [SEC Ex 60] |
| 567 | Memorandum Fuchs to Dyntek 1/26/05 with no subject line. [SEC Ex 61] |
| 568 | E-mail chain 11/14/04 Fuchs to MacGregor: Bridges & Pipes [SEC Ex 63] |
| 569 | E-mail 11/13/04 from Fuchs to MacGregor with no subject line. [SEC Ex 64] |
| 570 | E-mail chain 11/13/04 Norton, Fuchs: Bridges & Pipes. [SEC Ex 65] |
| 571 | Mut. Rel. Agr.12/1/04 DC Group, Santal, and DC LLC.  [SEC Ex 67] |
| 572 | E-mail chain 9/7/04 MacGregor, Crow, Fuchs: Sellers [SEC Ex 68] |
| 573 | E-mail dated 4/16/04 from Fuchs to Behar: DYTK.  [SEC Ex 69] |
| 574 | E-mail 6/2/04 Fuchs to Purjes: Fund.  Bates Number DP 002263  [SEC Ex 82] |
| 575 | E-mail chain dated 2/4/04 from Crow to Purjes: Meeting.  [SEC Ex 84] |
| 576 | E-mail string 5/6/04 from Crow to Purjes: Discount B/D available.  [SEC Ex 85] |
| 577 | E-mail chain 10/15/03 from Crow to Purjes with no subject line.  [SEC Ex 86] |
| 578 | E-mail string 1/16/04 to 1/15/04 with no subject line.  [SEC Ex 87] |
| 579 | E-mail dated 12/26/03 from Fuchs to Purjes: B&P.  [SEC Ex 88] |
| 580 | E-mail string from 3/20/04-3/19/04 Crow, Purjes: Pipe Blacklist.  [SEC Ex 89] |
| 581 | Irrevocable Stock or Bond Power; Dan & Edna Purjes 4/14/04. [SEC Ex 90] |
| 582 | E-mail string 4/17/04 to 4/16/04 Fuchs to Purjes: DYTK. [SEC Ex 91] |
| 583 | Notice of Exercise 4/20/04; re Purjes.  [SEC Ex 92] |
| 584 | Notice of Exercise dated 4/20/04; re Purjes.  [SEC Ex 93] |
| 585 | E-mail 4/24/04 Purjes to Fuchs, MacGregor, & Monks: DYTK  [SEC Ex 96] |
| 586 | E-mail string 4/25/04 to 4/24/04 from Purjes to Crow: DYTK.    [SEC Ex 97] |
| 587 | Securities Purchase Agreement dated April 2004 re Dyntek.  [SEC Ex 101] |
| 588 | Purchasers Signature Page re Purjes & Rockwood.   [SEC Ex 102] |
| 589 | Memo 5/3/05 Crow-Technoprises: Updated Warr. Assign. Instr.  [SEC Ex 105] |
| 590 | Memorandum dated 3/2/05 Crow/MediaBay – att. Warr. Assign.  [SEC Ex 106] |
| 591 | E-mail string 1/2/04 to 12/29/03 Crow to Purjes: Warrants.  [SEC Ex 108] |

| | |
|---|---|
| 592 | E-mail chain 6/29/05 from Purjes to Fuchs with no subject line. [SEC Ex 109] |
| 593 | Memorandum dated 1/10/06 SEC to MacGregor (subpoena att.) [SEC Ex 115] |
| 594 | MacGregor employment ltr. 11/17/03 - DC Securities LLC   [SEC Ex 116] |
| 595 | MacGregor Employment K 8/20/03 DC Asset Mngmt. [SEC Ex 117] |
| 596 | Services Settlement Agreement Crow & MacGregor 12/2004.   [SEC Ex 118] |
| 597 | Memorandum 11/10/03 Crow to MacGregor. [SEC Ex 119] |
| 598 | Employee W-2 Wage Summary 2003-2005 re MacGregor  [SEC Ex 120] |
| 599 | E-mail string dated from 2/12/04 to 2/11/04: Friday.  [SEC Ex 121] |
| 600 | E-mail string 3/24/04 MacGregor to Crow: MIIS-MIVT-STKR.   [SEC Ex 122] |
| 601 | E-mail chain 4/14/04 MacGregor to Crow: Tonight/Friday. [SEC Ex 123] |
| 602 | E-mail string 2/6/04 MacGregor to Wood: Thank you.  [SEC Ex 124] |
| 603 | E-mail chain 4/6/04 MacGregor to Crow: Pipe flow.  [SEC Ex 125] |
| 604 | E-mail chain dated 10/28/04 from MacGregor to Crow: Ilya?   [SEC Ex 128] |
| 605 | E-mail string 5/19 04 MacGregor, Crow: Confirmed-4pm [SEC Ex 129] |
| 606 | E-mail string from 5/21/04 to 5/20/04 from MacGregor to Crow.  [SEC Ex 131] |
| 607 | E-mail 10/13/04 from Crow to MacGregor: Dyntek.  [SEC Ex 132] |
| 608 | E-mail string 9/22/04 to 9/21/04 MacGregor, Crow: Knobias.  [SEC Ex 133] |
| 609 | E-mail chain 2/25/04 MacGregor to Crow with no subject line. [SEC Ex 134] |
| 610 | E-mail 2/11/04 MacGregor - DC Term Sheet: MIIS (att).  [SEC Ex 135] |
| 611 | Memo 10/14/05 MacGregor/Fuchs: Third Party Marketing Fee [SEC Ex 137] |
| 612 | E-mail 4/19/04 MacGregor to Crow: DYTK Term Sheet (Att.) [SEC Ex 139] |
| 613 | Form 8-K dated 5/3/04 re: Dyntek   [SEC Ex 140] |
| 614 | E-mail string dated 4/14/04 from MacGregor to Crow: Dytk  [SEC Ex 141] |
| 615 | E-mail chain 10/22/04 Skriloff to MacGregor: Grant Venture. [SEC Ex 145] |
| 616 | E-mail dated 12/2/03 from Fuchs to MacGregor: Dyntek.  [SEC Ex 147] |
| 617 | E-mail string 12/2/03 to 12/1/03 Crow to MacGregor: Dytk.  [SEC Ex 148] |
| 618 | E-mail chain dated 12/4/03 from MacGregor to Fuchs: Dyntek.  [SEC Ex 149] |
| 619 | E-mail string 11/15/04 MacGregor to Crow with no subject line. [SEC Ex 150] |
| 620 | E-mail chain 9/9/04 MacGregor to Fuchs: Duncan Capital et al.  [SEC Ex 152] |
| 621 | E-mail 7/26/04 D. Grin: Unity Wireless Convertible Note. (Att.) [SEC Ex 153] |
| 622 | E-mail chain dated 8/27/04 from MacGregor to Crow: VRAL.  [SEC Ex 154] |
| 623 | Form X-17A-5 Focus Report 7-9/04: Duncan Capital LLC.  [SEC Ex 156] |
| 624 | Form X-17A-5 Focus Report 10-12/04: Duncan Capital LLC.  [SEC Ex 157] |
| 625 | E-mail string dated 7/16/04 from Crow to Edelson: Inyx. [SEC Ex 159] |
| 626 | E-mail string 8/17/04 from Edelson to Crow with no subject line. [SEC Ex 160] |
| 627 | Memo 12/28/05 SEC to Kaplan: (att. Subpoena) [SEC Ex 161] |
| 628 | SEC Subpoena dated 3/24/05 to Duncan Capital Group LLC. [SEC Ex 163] |
| 629 | SEC Subpoena dated 3/24/05 to Michael Crow. [SEC Ex 164] |
| 630 | Memo 7/18/05 from SEC to Duncan Capital Group (att subpoena) [SEC Ex 165] |

| | |
|---|---|
| 631 | Memo 7/18/05 SEC to Crow (Att. Subpoena) [SEC Ex 166] |
| 632 | E-mail chain 5/3/04 Crow, Handy: DC Opp. Fund Off. Agrmnts.  [SEC Ex 167] |
| 633 | E-mail 4/23/04 from Smithline to Crow with no subject line. [SEC Ex 168] |
| 634 | E-mail chain 9/9/04 Purjes to Fuchs: DC Opportunity Fund I.  [SEC Ex 169] |
| 635 | E-mail chain 10/29/04 Smithline/Schuldberg: Bridges & Pipes.  [SEC Ex 171] |
| 636 | E-mail dated 7/27/04 Fuchs to Crow: Conference Call.  [SEC Ex 172] |
| 637 | E-mail string 2/23/04 to 2/9/04 Blessing to Crow: Presentations. [SEC Ex 174] |
| 638 | E-mail 2/24/04 Handy, Blessing: DC Presentations (Att) [SEC Ex 175] |
| 639 | E-mail chain dated 2/24/04 from Crow to Handy: Presentations. [SEC Ex 176] |
| 640 | E-mail string dated 1/12/04 from Crow to Shillan: Dan Purjes. [SEC Ex 178] |
| 641 | E-mail dated 1/13/04 from Crow to Shillan: Dan Purjes. [SEC Ex 179] |
| 642 | Contribution Agreement 11/15/03 DC LLC & Rockwood Group. [SEC Ex 180] |
| 643 | Subscription Agreement 11/12/03 Rockwood Group & DC [SEC Ex 181] |
| 644 | E-mail string 3/5/04 to 3/4/04 Purjes, Bailey-Beck: Doc. Req. [SEC Ex 182] |
| 645 | E-mail string 10/6/03 to 9/26/03 from Haag to Crow: Call.  [SEC Ex 183] |
| 646 | E-mail string 10/13/03 Crow to Beck with the subject line: PIPE  [SEC Ex 184] |
| 647 | Memo 2/24/06 SEC to Kaplan (att. Subpoena) [SEC Ex 219] |
| 648 | Memorandum 1/11/06 from Thompson to SEC [SEC Ex 236] |
| 649 | E-mail chain dated 4/29/04 from Crow to Fuchs: Bridges & Pipes [SEC Ex 237] |
| 650 | E-mail string 4/15/04 Crow to Fuchs with the subject line: Dytk.  [SEC Ex 239] |
| 651 | SEC Form 1662  [SEC Ex 1] |
| 652 | Chase Acct. Statement 7/21/04-8/18/04 Duncan Capital LLC/Fuchs. [SEC Ex 5] |
| 653 | E-mail 3/3/04 Ron, Smithline, Yingling, Monks: DC Chart (Att) [SEC Ex 10] |
| 654 | E-mail 3/3/04 from Crespo to Yingling: DC Chart (Att).  [SEC Ex 11] |
| 655 | E-mail string 4/16/04 to 4/15/04 Yingling, Crow - no subject line.  [SEC Ex 12] |
| 656 | E-mail 4/14/04 Yingling to Crow with the subject line: Benefits.  [SEC Ex 13] |
| 657 | E-mail chain 4/8/04 Crow, Yingling: Internet.   [SEC Ex 17] |
| 658 | E-mail string 6/24/04 from Yingling to Crow with no subject line.   [SEC Ex 18] |
| 659 | Chase Account Statement 6/18/04-7/20/04: Duncan Capital LLC.  [SEC Ex 19] |
| 660 | E-mail string 5/17/04 from Yingling to Crow with no subject line. [SEC Ex 20] |
| 661 | Chase Account Statement 3/22/04-4/19/04: Duncan Capital LLC.  [SEC Ex 22] |
| 662 | E-mail string 5/504 Crow, Yingling: Santal fees.  [SEC Ex 24] |
| 663 | Chase Account Statement 4/20/04-5/19/04 re: Duncan Capital LLC [SEC Ex 25] |
| 664 | E-mail 5/26/04 from Yingling to Fuchs: Santal.xls.  (Att.)  [SEC Ex 27] |
| 665 | Deposition Transcript of Steven Ross dated 3/13/08 |
| 666 | Deposition Transcript of Robert Yingling dated 3/24/08 |
| 667 | Deposition Transcript of Lawrence G. Nusbaum III dated 4/1/08 |
| 668 | Deposition Transcript of Dan Purjes dated 3/31/08 |
| 669 | Deposition Transcript of Carl Theodore Wolf dated 2/12/08 |

| 670 | Deposition Transcript of Brian Ladin dated 1/25/08 |
| 671 | Deposition Transcript of Eugene Grin dated 2/19/08 |
| 672 | Deposition Transcript of Robert MacGregor dated 3/26/08 |
| 673 | Deposition Transcript of Joseph John Gil dated 2/5/08 |
| 674 | Deposition Transcript of Martin Kaplan dated 4/1/08 |
| 675 | Deposition Transcript of Patrick Regan dated 2/27/08 |
| 676 | Deposition Transcripts of Michael W. Crow dated 3/18/08 and 3/19/08 |
| 677 | Deposition Transcripts of David Fuchs dated 3/11/08 |
| 678 | Deposition Transcript of Jennifer O'Shea dated 7/2/08 |
| 679 | Deposition Transcript of David Skriloff dated 2/28/08 |
| 680 | Admissions of Defendant Michael W. Crow |
| 681 | Admissions of Defendant Robert David Fuchs |
| 682 | Duncan Capital Group LLC chart [SEC Ex. 74] |
| 683 | E-mail 1/15/04 through 1/16/04 Purjes, Crow: Strategy Session [SEC Ex. 75] |
| 684 | Chart - "25% Proceeds to be repaid as sold to Rockwood Group" [SEC Ex. 76] |
| 685 | E-mail string 1/29/05, 1/30/05 Purjes, Crow with no subject line [SEC Ex. 77] |
| 686 | E-mail 2/11/04 through 2/12/04 Crow, Fuchs and Purjes [SEC Ex. 78] |
| 687 | E-mail string 1/27/04 between and among Fuchs, Purjes and Crow [SEC Ex. 79] |
| 688 | E-mail string 2/7/04 and 2/9/04 Norton, Purjes and Crow [SEC Ex. 80] |
| 689 | E-mail string 2/5/04 Purjes, Crow and Bailey-Beck [SEC Ex. 81] |
| 690 | E-mail 3/29/04 from Fuchs to Purjes: $1 million Conn investor [SEC Ex. 83] |
| 691 | E-mail string 5/3/04 - 5/4/04 Nguyen, Crow, Ross, Fuchs: DYTK [SEC Ex. 142] |
| 692 | E-mail string 2/4/04 MacGregor, Pilon, Crow: StockerYale PIPE [SEC Ex. 143] |
| 693 | Santal Holdings LLC formation documents |
| 694 | Written Consent of Members of Santal and DeCaprio/Fuchs ltr. dated 10/17/03 |
| 695 | M.W. Crow Family LP 2003 and 2004 tax returns |
| 696 | Transcripts of investigative testimony of Michael Crow 1/31/06 and 6/7/06 |
| 697 | Transcript of Investigative Testimony of Richard Edelson dated 1/26/06 |
| 698 | Transcripts of Investigative Testimony of David Fuchs 11/18/05 and 8/22/06 |
| 699 | Transcript of Investigative Testimony of Robert MacGregor dated 1/5/06 |
| 700 | Transcript of Investigative Testimony of Dan Purjes 12/15/05 and 12/16/05 |
| 701 | Transcript of Investigative Testimony of Richard Smithline dated 2/10/06 |
| 702 | E-mail 11/19/03 Fuchs to Purjes/ Crow: Moving Money to Parent |
| 703 | E-mail string 12/8/03 and 12/9/03 Crow, Bailey-Beck and Handy (atts.) |
| 704 | Focus report for Rockwood, Inc. for 10/1/03 through 12/31/03 |
| 705 | Focus report for Duncan Capital LLC for 1/1/04 through 3/31/04 |
| 706 | Focus report for Duncan Capital LLC for 4/1/04 through 6/30/04 |
| 707 | Focus report for Duncan Capital LLC for 7/1/04 through 9/30/04 |
| 708 | Focus report for Duncan Capital LLC for 10/1/04 through 12/31/04 |

| 709 | E-mail dated 7/6/04 from MacGregor to Fuchs, Crow: TTI |
| 710 | E-mail string dated 11/15/04 between MacGregor and Hamblyn: Use this one |
| 711 | E-mail 8/31/04 Crow, Schuldberg: List for investor packages dcfunds (att.) |
| 712 | E-mail dated 10/21/03 MacGregor to Latterman, Crow: Duncan Capital – PIPEs |
| 713 | E-mail string dated 2/27/04 Fuchs, Crow, Kaplan: Your CMA (att). |

| 714 | E-mail string 4/2/04 and 4/5/04 Yingling and Reckamp: Duncan Capital Audit |
| 715 | E-mail string 1/17/04 & 1/18/04 Crow, Fuchs, Monks: Revised Mutual Release |
| 716 | Demonstrative exhibit: cash from Duncan Capital to Duncan Capital Group |

## VII. DEFENDANTS' EXHIBITS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown. Defendants have attempted not to duplicate exhibits listed by Plaintiff and consequently reserve the right to use any exhibit listed herein by Plaintiff. In addition, Defendants reserve the right to rely upon additional exhibits to rebut contentions raised during the Plaintiff's case. Plaintiff objects to Defendants' reliance upon additional exhibits (i.e., exhibits not included in either their or Plaintiff's exhibit lists herein) to rebut contentions raised in Plaintiff's case.

A.  Email dated November 6, 2003, from Michael Crow to Randy Haag.

B.  Email dated April 13, 2004, from Michael Crow to Jennifer Handy, Bates Stamped SEC CRO 0030746-0030747.

C.  Email dated May 5, 2004, from Michael Crow to Bob Yingling, Bates Stamped SEC CRO 0032767-0032770.

D.  Email dated July 21, 2004, from Seymour Siegel to Michael Crow.

E.  Email dated July 26, 2004, from Michael Crow to David Fuchs, Bates Stamped SEC CRO 0037531-0037533.

F.  Email dated August 6, 2004, from Michael Crow to Guy Cohen.

G.  Email dated October 11, 2004, from Jennifer Crick to Michael Crow.

H.  Email dated February 3, 2005, from Michael Crow to Keith Wellner.

I.  Email dated Oct. 29, 2003, from Anthony Guzzi to Michael Crow, Bates Stamped SEC CRO 0034408-0034409.

J.  Email dated January 23, 2004, from Ivana Rancic to Adrine Bailey-Beck; Anthony Guzzi; Bradford E. Monks; Chas Blalack; Dan Purjes; David Fuchs; David Gasner;

David Skriloff; Ivana Rancic; Jeff Dyment; Jennifer Handy; Manuel Ron; Mark Blundell; Matthew Norton; Michael Crow; Robert MacGregor and Scott Matchett, Bates Stamped SEC CRO 0037629.

K.    Email dated March 3, 2004, from Manuel Ron to Richard Smithline, Bob Yingling and Bradford Monks, Bates Stamped SEC CRO 0037103-0037104.

L.    Email dated March 18, 2004, from Larry Nusbaum to David Fuchs, Bates Stamped SEC CRO 0042295-0042296.

M.    Email dated July 16, 2004, from Michael Crow to Richard Edelson, Bates Stamped SEC CRO 0037536-0037537.

N.    Email dated October 15, 2004, from Michael Crow to Richard Smithline, Bates Stamped SEC CRO 0041708.

O.    Email dated January 12, 2005, from David Fuchs to Michael Crow, Bates Stamped SEC CRO 0031326-0031333.

P.    Organization chart.

Q.    Email dated October 12, 2004, from Corey Ribotsky to Michael Crow, Bates Stamped SEC CRO 0027696.

R.    Email dated December 4, 2003, from Michael Crow to Bradford Monks, Bates Stamped SEC CRO 0029676.

S.    Email dated January 2, 2004, from Bradford Monks to Michael Crow, Bates Stamped SEC CRO 0028560-0028561.

T.    Email dated January 18, 2004, from Bradford Monks to Michael Crow, Bates Stamped SEC CRO 0042668-0042669.

U.    Email dated January 25, 2004, from Bradford Monks to Michael Crow and Dan Purjes, Bates Stamped SEC CRO 0028671-0028672.

V.    Document entitled "Outstanding Transactional Matters as of June 25, 2004," Bates Stamped SEC CRO 0042649-0042660.

W.    Email dated October 21, 2003, from Michael Crow to Larry Nusbaum.

X.    Email dated October 27, 2003, from David Fuchs to Michael Crow, Bates Stamped SEC CRO 0034263.

Y.    Letter dated November 28, 2003, from Martin Kaplan to Allison McKinnie at the NASD.

Z.    Email dated December 23, 2003, from David Fuchs to Michael Crow and Dan Purjes.

AA.    Email dated January 3, 2004, from Michael Crow to Dan Purjes, Bates Stamped SEC CRO 0012730.

BB.    Email dated January 6, 2004, from Michael Crow to Jennifer Handy.

CC.    Email dated January 28, 2004, from Martin Kaplan to David Fuchs and an attached memorandum dated January 28, 2004 from Robert Perez to David Fuchs.

DD.    Email dated January 29, 2004 from Martin Kaplan to David Fuchs and an attached draft letter Marie Clergé Rousseau at the NASD.

EE.    Letter dated February 6, 2004 from Martin Kaplan to Marie Clergé Rousseau at the NASD, Bates Stamped SEC CRO 0035076.

FF.    Email dated February 27, 2004 from Martin Kaplan to David Fuchs and Bradford E. Monks and attached memorandum from Robert Perez to David Fuchs and Brad Monks dated February 27, 2004.

GG.    Email dated February 27, 2004 from Martin Kaplan to David Fuchs and Bradford E. Monks and attached memorandum from Robert Perez to David Fuchs and Brad Monks dated February 27, 2004.

HH.    Memorandum dated February 27, 2004, from Robert Perez to David Fuchs, Lawrence Nusbaum and Bradford E. Monks.

II.    Email dated April 2, 2004, from Bob Yingling to David Fuchs, Bradford E. Monks, Matthew Norton, Dickie Chazotsang, Bates Stamped SEC CRO 0037581.

JJ.    Email dated April 5, 2004, from Scott Reckamp to Bob Yingling, and David Fuchs, Bates Stamped SEC CRO 0030878.

KK.    Email dated April 7, 2004, from Matthew Norton to Bob Yingling and Dickie Chazotsang.

LL.    Letter from David Fuchs to Kimberly A. Cooper at the NASD dated May 26, 2004, Bates Stamped SEC CRO 0010409.

MM.    Email dated June 28, 2004, from Michael Crow to David Fuchs.

NN.    Email dated June 28, 2004, from Michael Crow to David Fuchs, Bates Stamped SEC CRO 0037538.

OO.    Letter dated August 2, 2004, from Michael Levickas at the NASD to Robert Fuchs and attached documents.

PP.  Letter dated November 2, 2004, from Ronald R. Krietzman at the SEC to David Fuchs, Bates Stamped SEC CRO 0011882.

QQ.  Letter dated November 23, 2004, from David Fuchs (Duncan Capital, LLC) to the SEC, Bates Stamped SEC CRO 0011886.

RR.  Email dated January 12, 2005 from Scott Reckamp to Michael Crow and David Fuchs.

SS.  Sublease Agreement dated October 24, 2003, Bates Stamped SEC CRO 0035206-0035232.

TT.  Email dated January 30, 2004 from Martin Kaplan to David Fuchs and Bradford E. Monks and attached memorandum from Robert Perez to David Fuchs dated January 30, 2004.

UU.  Email dated January 18, 2005 from David Fuchs to Michael Crow.

VV.  Print-out of Duncan Capital's website, Bates Stamped SEC CRO 0010464.

WW.  Email dated August 1, 2004 from Michael Crow to David Fuchs.

XX.  Email dated December 23, 2004 from Larry Nusbaum to Bradford Monks, Michael Crow and David Fuchs and attached draft Sale/Exchange Agreement, draft Consulting and Services Agreement, and draft Mutual Release Agreement.

YY.  Letter dated April 26, 2004 from Kimberley Johnson at the SEC to Robert David Fuchs.

ZZ.  Email dated April 23, 2004 from Kimberly Johnson to Dickie Chazotsang.

AAA.  Duncan Capital LLC Form BD Amendment dated March 11, 2004.

BBB.  Email dated April 6, 2004 from Kimberly Johnson to Bradford Monks.

CCC.  Duncan Capital LLC Form BD Amendment dated March 5, 2004.

DDD.  Duncan Capital LLC Form BD Amendment dated March 2, 2004.

EEE.  Letter dated March 26, 2004 from Kimberley Johnson at the SEC to Robert D. Fuchs.

FFF.  New York State Department of State Certificate of Merger.

GGG.  Duncan Capital LLC BrokerCheck Report.

HHH.  Email dated March 31, 2004 from Bradford Monks to Michael Crow, Bates Stamped SEC CRO 002248.

III.    Email dated December 9, 2003 from Michael Crow to Jennifer Handy and attached memorandum from Dan Purjes to Michael Crow dated November 17, 2003.

JJJ.    Letter from Michael Crow to David Fuchs.

KKK.    Email dated November 15, 2004 from Stuart Hamlyn to Robert MacGregor.

LLL.    Email dated December 1, 2003 from Anthony Guzzi to Bradford Monks, David Gasner, Ivana Rancic, Jay Green, Jennifer Handy, Manual Ron, Michael Crow, and Robert MacGregor.

MMM. Email dated December 26, 2003 from David Fuchs to Dan Purjes.

NNN.    Email dated January 23, 2004 from Ivana Rancic to Adrine Bailey-Beck; Anthony Guzzi; Bradford E. Monks; Chas Blalack; Dan Purjes; David Fuchs; David Gasner; David Skriloff; Ivana Rancic; Jeff Dyment; Jennifer Handy; Manuel Ron; Mark Blundell; Matthew Norton; Michael Crow; Robert MacGregor and Scott Matchett.

OOO.    Certificate of Status for Duncan Capital Group LLC issued by the State of Delaware.

PPP.    Sale/Exchange Agreement dated as of December 1, 2004 between Duncan Capital Group LLC and Duncan Capital LLC.

QQQ.    Mutual Release Agreement dated as of December 1, 2004 between Duncan Capital Group LLC, Santal Holdings LLC, and Duncan Capital LLC, Bates Stamped SEC CRO 0001231.

RRR.    Email dated January 1, 2004 from Brad Monks to Michael Crow.

SSS.    Form BD amendment dated April 12, 2004 for Duncan Capital LLC.

TTT.    Expert Disclosure of J. Richard Tucker dated April 21, 2008.

UUU.    Letter dated March 2, 2005 from Robert David Fuchs to Elsie Kopcha at the NASD.

VVV.    Written Statement of Mr. David Fuchs in response to a letter from the NASD dated February 25, 2005.

## VIII. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

A.    **Stipulations with Respect to Exhibits**

The parties stipulate that Plaintiff's Exhibits 181, 182, 183, and 191 were produced from the files of Robert Yingling and are authentic.

B.    **Plaintiff's Objections to Defendants' Exhibits**

The Commission objects to Defendants' Exhibit TTT as the report of an expert whose testimony is inadmissible under Federal Rule of Evidence 702.

C.    **Defendants' Objections to Plaintiffs' Exhibits**

| Exhibits | Objections |
|---|---|
| 7 | Hearsay |
| 8 | Hearsay; Attorney-client privileged |
| 192 | Hearsay; Witness available; Failure to designate |
| 203 | Hearsay; Witness available; Failure to designate |
| 204-214 | Not Exchanged |
| 238 | Hearsay; Witness available; Failure to designate |
| 239 | Relevance |
| 250-299 | Not Exchanged |
| 300 | Relevance; Prejudice outweighs probative value |
| 301 | Relevance; Prejudice outweighs probative value |
| 302 | Relevance; Prejudice outweighs probative value |
| 303 | Relevance; Prejudice outweighs probative value; Hearsay |
| 306 | Authenticity; Relevance |
| 311 | Relevance; Prejudice outweighs probative value; Hearsay |
| 342 | Relevance; Argumentative; Hearsay |
| 343 | Relevance; Argumentative; Hearsay |
| 364 | Authenticity |
| 368 | Authenticity |
| 394 | Relevance |
| 395 | Relevance |
| 398-400 | Not Exchanged |
| 430 | Authenticity |
| 431 | Authenticity; Hearsay; Relevance |
| 432 | Authenticity; Hearsay; Relevance |
| 433 | Authenticity; Hearsay; Relevance |
| 434 | Authenticity; Hearsay; Relevance |
| 435 | Authenticity; Hearsay; Relevance |
| 436 | Authenticity; Hearsay; Relevance |
| 437 | Authenticity; Hearsay; Relevance |
| 438 | Authenticity; Hearsay; Relevance |
| 439 | Authenticity; Hearsay; Relevance |

| 440 | Authenticity; Hearsay; Relevance |
|---|---|
| 441 | Authenticity; Hearsay; Relevance |
| 442 | Authenticity; Hearsay; Relevance |
| 443 | Authenticity; Hearsay; Relevance |
| 444 | Authenticity; Hearsay; Relevance |
| 445 | Authenticity; Hearsay; Relevance |
| 446 | Authenticity; Hearsay; Relevance |
| 452 | Relevance |
| 453 | Relevance |
| 454 | Relevance |
| 455 | Relevance |
| 463 | Authenticity |
| 486-499 | Not Exchanged |
| 532 | Authenticity; Incomplete |
| 540 | Relevance |
| 541 | Relevance |
| 542 | Relevance |
| 543 | Relevance |
| 544 | Relevance |
| 593 | Relevance |
| 627 | Relevance |
| 628 | Relevance |
| 629 | Relevance |
| 630 | Relevance |
| 631 | Relevance |
| 632 | Relevance |
| 647 | Relevance |
| 648 | Relevance |
| 651 | Relevance |
| 665 | Hearsay; Witness available; Failure to designate |
| 666 | Hearsay; Witness available; Failure to designate |
| 667 | Hearsay; Witness available; Failure to designate |
| 668 | Hearsay; Witness available; Failure to designate |
| 669 | Hearsay; Witness available; Failure to designate |
| 670 | Hearsay; Witness available; Failure to designate |
| 671 | Hearsay; Witness available; Failure to designate |
| 672 | Hearsay; Witness available; Failure to designate |
| 673 | Hearsay; Witness available; Failure to designate |

| 674 | Hearsay; Witness available; Failure to designate |
|---|---|
| 675 | Hearsay; Witness available; Failure to designate |
| 676 | Hearsay; Witness available; Failure to designate |
| 677 | Hearsay; Witness available; Failure to designate |
| 678 | Hearsay; Witness available; Failure to designate |
| 679 | Hearsay; Witness available; Failure to designate |

| 680 | Hearsay; Witness available; Failure to designate |
| 681 | Hearsay; Witness available; Failure to designate |
| 696 | Hearsay; Witness available; Failure to designate |
| 697 | Hearsay; Witness available; Failure to designate |
| 698 | Hearsay; Witness available; Failure to designate |
| 699 | Hearsay; Witness available; Failure to designate |
| 700 | Hearsay; Witness available; Failure to designate |
| 701 | Hearsay; Witness available; Failure to designate |
| 716 | Not Exchanged |

## IX.  PLAINTIFF'S WITNESS LIST

The witnesses listed below may be called at trial.  No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.

### A.  Witness List

Kevin Crow
Michael W. Crow
Trevor Crow
Stephen R. DeBella
Richard Edelson
David Fuchs
Joseph Gil (by deposition)
Eugene Grin
Martin Kaplan
Brian Ladin (by deposition)
Robert MacGregor
Jennifer O'Shea*
Tim Nealon
Van Nguyen
Matt Norton
Lawrence G. Nusbaum, III
Dan Purjes
David Skriloff
Richard Smithline
Patrick Regan
Carl Wolf
Robert Yingling*
Commission official with knowledge of Form BD requirements

* These witnesses have informed the parties that they may move out of the Court's jurisdiction prior to trial.  The Commission intends to call these witnesses at trial if they are available, but the Commission designates the portions of these witnesses' deposition transcripts listed below in the event that they are not available for trial.

## B. Deposition Designations

| WITNESS NAME | Plaintiff's Designations | Defendants' Objections to Plaintiff's Designations | Defendants' Designations | Plaintiff's Objections to Defendants' Designations |
|---|---|---|---|---|
| Joseph Gil | 8:4 – 8:11, 10:3 – 12:15, 12:19 – 15:15, 15:20 – 16:20, 16:24 – 18:22, 19:3 – 19:22, 20:10 – 21:5, 21:11 – 21:23, 22:2 – 22:4, 22:14 – 23:1, 23:13 – 24:6, 24:10 – 24:12, 24:18 – 26:7, 26:9 – 26:14, 26:16 – 26:21, 26:23 – 35:9, 35:20 – 36:2, 36:4 – 36:22, 37:11 – 47:18, 48:1 – 49:3, 49:5 – 50:19, 50:21 – 53:15, 53:25 – 58:3, 58:5 – 58:12, 61:13 – 61:23, 64:18 – 64:19, 64:21 – 64:22, 64:24 – 64:25, 65:3 – 65:5, 70:1 – 70:4, 70:9 – 71:23, 72:2 – 72:3, 80:5 – 80:20, 87:16 – 87:20, 98:16 – 99:2, 114:17 – 114:22, 115:2 – 115:3, 115:18 – 115:25, 116:12 – 116:20, 117:21 – 117:23 | 16:24-17:6 – Lack of Foundation; Relevance 23:13-15 – Leading 26:4-27:5 – Lack of Foundation; Speculation 29:18-30:3 – Lack of Foundation; Speculation; Hearsay 32:14-33:1 – Non-responsive 35:25-36:12 – Lack of Foundation; Speculation; Hearsay 36:13-36:19 - Lack of Foundation; Speculation 37:25-38:10 – Relevance 38:18-20 – Speculation 39:10-17 – Lack of Foundation; Speculation 39:18-25 – Lack of Foundation; Speculation 42:5-14 – Speculation 44:17-20 – Lack of Foundation 47:13-18 – Relevance; Speculation 49:3–8 – Relevance 50:5-19 – Lack of | 19:7-14 22:5-13 59:16-24 61:2-12 67:10-17 69:23-25 70:5-8 72:4-16 80:5-7 80:14-20 84:18-85:10 85:16-86:20 87:22-89:19 89:22-90:1 90:23-91:1 91:24-92:20 94:16-95:17 96:2-14 96:23-97:24 99:3-8 100:10-13 107:8-108:22 110:2-4 110:23-111:16 112:2-113:19 113:20-114:15 115:5-17 117:8-117:15 | 72:4-16 (Relevance); 85:16-20 (Form, Foundation); 85:22 – 86:4 (Foundation); 86:18-19 (Relevance); 89:14-19 (Form); 92:15-20 (Form); 96:8-11 (Form); 97:4-12 (Form); 97:15-20 (Form); 100:10-13 (Form); 107:13-16 (Hearsay); 107:21-22 (Non-responsive); 108:4-11 (Hearsay); 108:18-22 (Form); 112:21-25 (Form); 113:20-21 (Form); 113:24-114:15 (Relevance) |

|  |  | Foundation; Speculation 50:17-21 – Relevance 52:19–53:15 - Relevance 53:25-57:22 – Relevance 58:9-11 - Non-responsive 117:21-23 – Relevance 98:-99:2— Speculation 115:18-25— Speculation |  |  |
|---|---|---|---|---|
| Brian Ladin | 6:10 – 16:18, 8:23 – 16:5, 16:25 – 22:10, 23:8 – 31:7, 31:12 – 33:6, 33:8 – 34:3, 42:24 – 43:2, 50:17 – 51:5, 53:19 – 53:22, 53:24 – 54:10, 54:22 – 55:3, 55:5 – 55:6, 55:22 – 56:3, 56:5 – 56:6, 56:18 – 57:5, 58:10 – 59:5, 63:13 – 63:17, 67:3 – 67:11, 67:13 – 68:3, 68:12 – 69:1, 69:3 – 69:5, 69:10 – 69:24, 74:19 – 75:12, 76:2 – 76:8, 77:6 – 77:9, 77:15 – 77:20, 79:6 – 79:14, 81:19 – 82:9, 82:11 – 82:12, 83:2 – 83:8, 83:10 – 83:19, 83:21 – 83:24, 87:16 – 87:22, 87:24 – 88:2, 103:23 – 103:25, 104:23 – 105:4, 105:20 – 105:22, 105:24 – 106:4, 106:9 – 106:17, 109:15 – 109:18, 114:1 – 114:15 | 29:11-19 - Lack of Foundation 30:4-31:7 - Relevance 31:12-31:14 – Relevance; Speculation 31:16-18 – Relevance 31:19-33:6 – Relevance 33:8-19 – Relevance 54:22-55:3 – Relevance 55:5-6 – Relevance 55:22-56:3 – Relevance 56:5-6 – Relevance 106:9-17 - Lack of Foundation; Speculation 109:15-18 - Relevance 50:17-51:5— Relevance 53:19-22— Relevance 75:24-8— Relevance; Non- | 21:23-22:6 41:20-42:23 43:23-44:10 47:24-48:20 51:13-52:3 52:6-7 52:16-53:11 53:13-18 54:11-13 59:6-59:24 65:20-25 75:3-15 78:25-79:5 79:15-20 82:2-17 91:12-91:16 97:14-25 103:18-22 104:12-22 105:5-13 105:13-15 106:5-8 112:12-21 113:12-17 | 53:7-11, 13-14 (Form, Foundation); 54:11-13 (Relevance); 59:15-24 (Relevance); 78:25 – 79:5 (Relevance); 79:15-20 (Form); 105:8-12 (Relevance) |

| | 114:19 – 114:21 | Responsive 103:23-25—Relevance 104:23-25—Non-Responsive 105:2-4—Non-Responsive | | |
|---|---|---|---|---|
| Jennifer O'Shea | 5:3 – 5:5, 7:13 – 10:16, 10:19 – 11:12, 11:14 – 12:14, 12:16 – 13:6, 13:8 – 13:15, 14:2 – 14:5, 14:10 – 15:11, 15:15 – 22:13, 22:15 – 27:17, 27:20 – 28:9, 28:11 – 29:10, 29:17 – 29:19, 29:21 – 30:10, 30:12 – 32:2, 32:4 – 32:11, 32:13 – 34:15, 34:17 – 34:19, 34:21 – 34:25, 35:3 – 35:5, 42:4 – 42:9, 48:7 – 48:9, 49:17 – 49:20, 49:22 – 50:3, 50:18 – 50:20, 51:3 – 51:6, 51:8 – 51:9, 51:13 – 51:22, 53:25 – 54:8, 54:13 – 55:24, 56:2 – 56:24, 57:2 – 59:12, 60:8 – 60:24, 61:10 – 61:22, 64:3 – 66:2, 66:16 – 69:6, 69:20 – 70:2, 70:7 – 70:11, 70:15 – 71:24, 72:12 – 73:18, 74:10 – 74:22 | 12:10-18 -Leading 21:5-8 -Speculation 30:23-31:7 -Relevance 34:8-25 -Relevance | 27:7-25 28:12-25 36:1-25 38:2-4 41:4-42:3 47:4-8 47:20-48:6 49:13-16 52:23-54:13 63:15-22 64:3-66:8 69:15-70:2 70:7-14 70:23-25 71:18-24 73:2-4 | 36:11-16 (Form); 38:2-4 (Form); 47:4-8 (Form); 47:24-48:6 (Form); 49:13-16 (Form); 54:9-12 (Form); 66:3-8 (Form) |
| Robert Yingling | 7:15 – 7:19, 8:23 – 9:4, 9:14 – 11:13, 14:10 – 15:2, 15:12 – 15:13, 16:2 – 16:11, 16:13 – 16:22, 17:8 – 17:9, 17:11 – 17:14, 17:16 – 18:2, 18:4 – 18:19, 18:23 – 18:24, 19:1 – 19:16, 20:21 – 20:23, 20:25 – 21:6, | 65:4-12 -Lack of Foundation; Speculation 69:7-22 -Speculation 80:13-22 -Leading 97:21–98:5 -Speculation 108:14-17 - Lack of Foundation | 16:23-25 17:3-7 19:17-20 20:5-21:2 27:16-28:3 28:15-29:9 29:23-30:5 31:4-7 34:24-35:13 37:14-21 | 38:24-40:2 (Form); 42:19-43:3 (Form); 187:2-5 (Form); 200:12-201:9 (Hearsay); 207:4-25 (Hearsay); 212:2-6 |

| | | | |
|---|---|---|---|
| 21:14 – 21:16, 21:20 – 22:17, 23:3 – 23:5, 23:13 – 24:2, 24:4, 25:11 – 25:18 25:20 – 26:2, 26:7 – 27:13, 27:15, 28:4 – 28:8, 28:10, 28:15 – 29:8, 30:6 – 30:7, 30:9 – 30:15, 30:19 – 30:23, 34:16 – 34:21, 36:3 – 36:15, 36:17 – 37:11, 43:10 – 43:12, 43:14 – 43:19, 43:21 – 44:3, 45:19 – 47:15, 48:8 – 50:9, 50:19 – 51:25, 52:6 – 52:10, 52:12 – 52:16, 52:18 – 53:13 , 54:15 – 55:25, 57:23 – 59:17, 59:19 – 60:25, 61:3 – 61:11, 61:16 – 63:4, 63:6, 63:13 – 64:2, 64:9 – 65:4, 65:6 – 65:10, 65:12 – 69:4, 69:7 – 69:10, 69:12 – 69:19, 69:21 – 72:25, 73:3 – 75:15, 75:23 – 76:10, 76:12 – 79:9, 79:11 – 80:18, 80:20 – 81:6, 83:9 – 83:17, 83:19 – 86:15, 86:23 – 87:4, 87:7 – 87:15, 89:13 – 90:4, 90:12 – 94:6, 94:16 – 95:2, 95:6 – 96:2, 96:7 – 97:18, 97:20 – 97:22, 97:24 – 99:3, 99:5 – 99:23, 100:25 – 101:2, 101:4 – 101:16, 105:14 – 105:23, 106:16 – 107:12, 107:14 – 110:10, 110:12 – 111:7, 111:9 – 111:22, 111:24 – 112:10, | 110:8-12 - Lack of Foundation 111:5-9 - Lack of Foundation 120:18-22 - Lack of Foundation 112:8-12 - Lack of Foundation 120:18-22 - Lack of Foundation 121:20-24 - Lack of Foundation 122:13-16 - Lack of Foundation 123:7-11 - Lack of Foundation 125:5-10 - Lack of Foundation 125:11-21 - Speculation 129:8-15 - Speculation 130:13-21 - Lack of Foundation; Speculation 142:7-11 - Lack of Foundation; Speculation 150:16-22 - Speculation 160:11-15 - Relevance 160:15-20 - Relevance 185:14-20— Speculation 186:2-25— Speculation; Non-Responsive 215:21-216:2— Relevance; Lacks Foundation | 38:3-40:2 41:24-42:5 42:19-43:3 60:8-21 90:5-11 95:3-95:5 99:24-100:11 101:17-105:13 183:12-184:6 185:8-13 187:2-21 194:22-195:7 198:23-199:11 200:12-201:23 207:4-25 210:22-212:6 213:10-19 213:23-214:7 214:17-215:13 215:13-215:20 216:3-216:13 216:14-217:9 217:25-218:8 218:23-220:7 220:19-221:10 221:11-223:18 | (Form); 213:10-19 (Form/ Hearsay); 214:17-215:13 (Form/ Hearsay/ Relevance); 216:23-217:9 (Form); 218:23-219:19 (Hearsay); 220:19-221:10 (Form/ Hearsay); 222:2-7 (Form); 222:22-223:2 (Form); 223:14-18 (Form) |

| | 112:12, 112:21 – 113:5, 113:13 – 116:12, 116:14 – 117:3, 117:5, 119:12 – 120:20, 120:22 – 121:22, 121:24 – 122:16, 122:18 – 123:9, 123:11 – 123:14, 123:25 – 124:13, 125:5 – 125:8, 125:10 – 125:21, 125:10 – 125:21, 125:23 – 126:16, 127:6 – 129:15, 129:20 – 130:19, 132:5 – 137:3, 137:7 – 138:6, 139:11 – 139:21, 139:24 – 140:5, 140:25 – 141:4, 141:7 – 142:11, 143:8 – 143:11, 143:13 – 143:14, 143:18 – 143:25, 144:3 – 144:6, 144:18 – 144:20, 145:12 – 146:5, 146:7 – 147:23, 148:2 – 148:7, 148:12 – 148:14, 148:16 – 149:7, 149:9 – 151:25, 153:10 – 155:15, 155:22 – 156:8, 157:2 – 157:13, 157:23 – 158:5, 158:12 – 159:4, 159:15 – 160:13, 160:15 – 160:18, 160:20, 161:4 – 164:10, 164:19 – 165:22, 166:4 – 166:19, 166:21 – 167:2, 168:12 – 168:25, 169:3 – 170:6, 170:8 – 171:6, | | | |
| --- | --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| | 171:10 – 172:11, 172:17 – 173:13, 173:15 – 173:17, 173:19 – 173:23, 173:25 – 174:24, 175:1 – 175:11, 176:6 – 178:15, 178:18 – 178:21, 179:8 – 179:18, 179:20 – 179:21, 180:2 – 180:3, 180:5, 180:17 – 182:9, 182:12 – 182:14, 184:7 – 185:7, 185:14 – 186:25, 187:6 – 187:13, 187:15 – 188:13, 188:16 – 188:22, 188:24 – 189:15, 189:21 – 189:23, 189:25, 190:13 – 190:16, 190:20 – 190:22, 191:3 – 192:5, 192:8 – 192:18, 192:20 – 193:19, 193:25 – 194:14, 194:16 – 194:21, 195:13 – 197:13, 197:23 – 198:22, 199:12 – 200:11, 204:1 – 205:15, 205:19 – 206:3, 206:21 – 207:3, 208:1 – 208:9, 209:15 – 209:19, 215:21 – 216:2, 217:15 – 217:17, 217:19 – 217:24, 220:8 – 220:13, 221:11 – 221:19, 221:22 – 221:25 | | | |

## X. DEFENDANTS' WITNESS LIST

**A.    Witness List**

Michael W. Crow
Robert David Fuchs
Martin H. Kaplan
Robert Perez
Charles Crow
Robert Yingling (by deposition if unavailable)
Steven Ross (by deposition)
Dan Purjes (by deposition if unavailable)
Robert MacGregor
J. Richard Tucker
Richard Smithline
Eugene Grin
Trevor Crow
Keith Rosenblum
Paul DiCaprio

**B.    Deposition Designations**

| WITNESS NAME | Defendants' Designations | Plaintiff's Objections to Defendants' Designations | Plaintiff's Counter-Designations | Defendants' Objections to Counter-Designations |
|---|---|---|---|---|
| Steven Ross | 8:24-9:2<br>10:2-18:19<br>19:16-20:16<br>20:20-21:25<br>23:13-26:19<br>27:17-28:8<br>28:21-29:25<br>30:5-31:21<br>31:25-32:13<br>32:14-33:4<br>33:18-34:24<br>37:10-38:9<br>38:12-43:17<br>44:14-18<br>45:1-47:5<br>47:6-15<br>48:2-49:1<br>56:19-60:24<br>61:25-63:17<br>69:9-71:21 | 58:1-9<br>(Relevance) | 6:15 – 6:20<br>18:20 – 19:15<br>20:3 – 20:19<br>22:1 – 23:12<br>28:9 – 28:17<br>43:18 – 44:4<br>44:8 – 44:13<br>49:2 – 42:16<br>42:19 – 50:4<br>50:11 – 51:12<br>53:24 – 54:10<br>54:14 – 56:13<br>60:25 – 61:9<br>61:18 – 61:24<br>63:18 – 64:22<br>65:5 – 65:22<br>66:6 – 68:8<br>69:2 – 69:6<br>71:22 – 72:25<br>74:4 – 75:2 | 28:12-17—<br>Non responsive;<br>Speculation<br>43:18-44:3—<br>Lack of Foundation;<br>Document speaks for itself<br>49:6-15—<br>Lack of Foundation;<br>Document speaks for itself<br>50:14-20—<br>Lack of Foundation;<br>Document |

| | | | | |
|---|---|---|---|---|
| | 73:1-6<br>73:7-74:3<br>81:1-84:19<br>91:10-94:21<br>95:20-97:24<br>110:13-112:8<br>156:24-157:25 | | 75:13 – 75:22<br>76:1 – 76:8<br>76:12 – 76:14<br>77:5 – 77:22<br>78:3 – 78:9<br>78:19 – 79:9<br>84:20 – 86:19<br>87:3 – 88:11<br>88:23 – 89:17<br>90:12 – 91:7<br>95:9 – 95:18<br>98:13 – 102:17<br>102:21 – 103:25<br>110:6 – 110:12<br>112:10 – 112:16<br>112:24 – 113:9<br>114:7 – 114:22<br>115:7 – 116:3<br>116:9 – 117:16<br>117:20 – 122:4<br>122:7 – 124:17<br>124:22 – 125:15<br>126:1 – 129:6<br>132:7 – 132:20<br>133:2 – 133:23<br>134:1 – 135:19<br>135:23 – 136:10<br>137:15 – 138:1<br>138:12 – 140:2<br>140:14 – 141:18<br>142:3 – 144:6<br>144:11 – 145:7<br>145:10 – 146:7<br>146:10 – 147:6<br>147:11 – 147:18<br>147:21 – 148:6<br>148:12 – 150:5<br>150:7 – 156:23<br>163:14 – 163:25<br>165:10 – 167:25<br>168:5 – 168:10<br>169:8 – 173:19 | speaks for<br>itself<br>54:8-10—<br>Non-<br>responsive<br>56:3-7—<br>Relevance;<br>Speculation<br>60:25-61:3—<br>Non-<br>Responsive<br>63:220-23—<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>63:24-64:2—<br>Speculation<br>64:9-13—<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>65:5-7— Lack<br>of Foundation;<br>Document<br>speaks for<br>itself<br>65:11-14—<br>Speculation<br>66:10-12—<br>Speculation<br>66:18-21—<br>Speculation<br>67:12-15—<br>Speculation<br>68:7-8—<br>Speculation<br>72:7-12—<br>Speculation<br>72:14-18—<br>Speculation<br>74:19-20—<br>Non- |

| | | | | Responsive |
|---|---|---|---|---|
| | | | | 76:1-5—Speculation |
| | | | | 78:23-24—Speculation |
| | | | | 78:25-79:5—Lack of Foundation; Document speaks for itself |
| | | | | 84:23—Speculation |
| | | | | 85:19-20—Speculation |
| | | | | 86:10-12—Speculation |
| | | | | 86:17-18—Lack of Foundation; Document speaks for itself |
| | | | | 87:8-9—Non-Responsive |
| | | | | 88:2-4—Speculation |
| | | | | 88:11—Speculation |
| | | | | 90:15-17—Speculation |
| | | | | 95:16-18—Speculation |
| | | | | 99:13-16—Lack of Foundation; Document speaks for itself |
| | | | | 100:4-7—Speculation |
| | | | | 100:13-17—Lack of Foundation; Document speaks for |

| | | | | itself<br>100:18-20—<br>Speculation<br>100:21-23—<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>101:5-7—<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>101:11-12—<br>Speculation<br>101:16-18—<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>102:2-4—<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>102:9-11—<br>Speculation<br>102:12-16 –<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>102:21:23—<br>Lack of<br>Foundation;<br>Document<br>speaks for<br>itself<br>102:24-25—<br>Speculation<br>103:1-3— |
|---|---|---|---|---|

| | | | | Lack of Foundation; Document speaks for itself 103:4-11— Non-responsive 113:3-4— Speculation 115:18-19— Speculation 115:20-21— Lack of Foundation; Document speaks for itself 115:25-116:3— Speculation 116:16-20— Speculation 117:1-6— Speculation 118:23-119:5— Speculation 119:11-13— Speculation 119:14-18— Lack of Foundation; Document speaks for itself 119:20-22— Lack of Foundation; Document speaks for itself 120:8-10— Lack of Foundation; Document |
|---|---|---|---|---|

| | | | | speaks for itself 120:11-12— Speculation 120:14-15— Speculation 122:24-123:1— Speculation 123:2-6— Lack of Foundation; Document speaks for itself 123:17-18— Speculation 123:22-24— Lack of Foundation; Document speaks for itself 124:7-11— Speculation 124:22-126:3—Lack of Foundation; Document speaks for itself 126:8-9— Speculation 126:12-17— Speculation 126:19-20— Speculation 126:21-22— Lack of Foundation; Document speaks for itself 126:24-25— Speculation 127:1-3— |
|---|---|---|---|---|

| | | | | Lack of Foundation; Document speaks for itself 129:3-6—Speculation 132:11-14—Speculation 133:13-17—Lack of Foundation; Document speaks for itself 134:13-14—Speculation 134:25-135:2—Speculation 135:3-10—Lack of Foundation; Document speaks for itself 135:14—Speculation 135:17-19—Speculation 135:25-136:10—Speculation 138:21-139:1—Speculation 139:19-23—Lack of Foundation; Document speaks for itself 140:24-141:2—Lack of Foundation; Document |
| --- | --- | --- | --- | --- |

| | | | | speaks for itself<br>141:15-17—Lack of Foundation; Document speaks for itself<br>141:18—Speculation<br>143:1-3—Lack of Foundation; Document speaks for itself<br>143:6-11—Speculation<br>143:12-19—Lack of Foundation; Document speaks for itself<br>143:25-144:4—Non-Responsive<br>144:24-25—Speculation<br>145:20-21—Speculation<br>145:24-146:1—Speculation<br>146:2-4—Lack of Foundation; Document speaks for itself<br>146:20-22—Lack of Foundation; Document speaks for itself |
|---|---|---|---|---|

| | | | | 146:25-147:1—Speculation<br>148:3-6—Speculation<br>148:20-23—Speculation<br>149:9-12—Lack of Foundation; Document speaks for itself<br>149:19-22—Lack of Foundation; Document speaks for itself<br>149:24-150:3—Non-Responsive<br>150:15-19—Non-Responsive<br>150:21-23—Lack of Foundation; Document speaks for itself<br>151:4-7—Speculation<br>151:12-17—Lack of Foundation; Document speaks for itself<br>152:1-3—Lack of Foundation; Document speaks for itself<br>152:25- |
|---|---|---|---|---|

| | | | | 153:3—Non-Responsive 155:1-3—Non-Responsive 155:6-11—Non-Responsive; Speculation 156:9-12—Speculation 166:17-19—Speculation 167:24-25—Speculation 170:3-5—Speculation 170:8-9--Speculation |
|---|---|---|---|---|
| Dan Purjes | 6:24-10:15 28:9-33:21 228:13-229:2 248:13-249:14 250:25-251:12 252:5-16 | Objection to entire designation based on witness's presence in jurisdiction and current availability for trial; 6:3-7 (Form); 7:10-10:15 (Relevance); 31:14-24 (Form); 31:25-32:6 (Form); 228:18-229:2 (Hearsay); 248:22-249:5 (Form, Foundation, Relevance, Hearsay); 249:13-14 (Relevance); 252:5-16 | The Commission intends to call Mr. Purjes as a witness at trial, but reserves the right to designate portions of Mr. Purjes's deposition testimony if the witness unexpectedly becomes unavailable for trial. | |

| | | (Foundation, Hearsay, Relevance) | | |
|---|---|---|---|---|
| | | | | |

## XI. RELIEF SOUGHT

The Commission seeks the relief set forth in paragraphs 36 – 44, 47 – 49, and 52 – 53 of Plaintiff's Proposed Conclusions of Law, in Section IV.A above. With respect to the permanent injunctions the Commission seeks, the form of injunction the Commission seeks against each defendant is set forth below:

### A. Form of Injunction Against Defendant Michael W. Crow

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Michael W. Crow and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)] and Rule 15b3-1 [17 C.F.R. § 240.15b3-1] promulgated thereunder by knowingly providing substantial assistance to a broker or dealer (as those terms are used in Exchange Act Section 15(a)) that:

(a) fails to file a correct Form BD; or

(b) fails to promptly file an amendment on Form BD correcting information contained in any application for registration as a broker or dealer or in any amendment thereto that is or has become inaccurate for any reason.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Crow and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(7) of the Exchange Act [15 U.S.C. § 78o(b)(7)], and Rule 15b7-1 [17 C.F.R. § 240.15b7-1] promulgated thereunder, by knowingly providing substantial assistance to a registered broker or dealer that effects any transaction in, or induces the purchase or sale of, any security:

(a) without meeting such standards of operational capability as the Commission finds necessary or appropriate in the public interest or for the protection of investors;

(b) without meeting, and having all natural persons associated with the broker or dealer meet, such standards of training, experience, competence, and such other qualifications as the Commission finds necessary or appropriate in the public interest or for the protection of investors; or

(c) without any natural person associated with the broker or dealer who effects or is involved in effecting such transactions having been registered or approved in

accordance with the standards of training, experience, competence, and other qualification standards (including but not limited to submitting and maintaining all required forms, paying all required fees, and passing any required examinations) established by the rules of any national securities exchange or national securities association of which such broker or dealer is a member or under the rules of the Municipal Securities Rulemaking Board (if the broker or dealer is subject to the rules of that organization).

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Crow and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by knowingly providing substantial assistance to any broker or dealer (that is either a person other than a natural person or a natural person not associated with a broker or dealer other than a natural person) that makes use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## B. **Form of Injunction Against Defendant Robert David Fuchs**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Robert David Fuchs and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)] and Rule 15b3-1 [17 C.F.R. § 240.15b3-1] promulgated thereunder by knowingly providing substantial assistance to a broker or dealer (as those terms are used in Exchange Act Section 15(a)) that:

    (c) fails to file a correct Form BD; or

    (d) fails to promptly file an amendment on Form BD correcting information contained in any application for registration as a broker or dealer or in any amendment thereto that is or has become inaccurate for any reason.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Fuchs and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(7) of the Exchange Act [15 U.S.C. § 78o(b)(7)] and Rule 15b7-1 [17 C.F.R. § 240.15b7-1] promulgated thereunder by knowingly providing substantial assistance to a registered broker or dealer that effects any transaction in, or induces the purchase or sale of, any security:

    (a) without meeting such standards of operational capability as the Commission finds necessary or appropriate in the public interest or for the protection of investors;

(b)    without meeting, and having all natural persons associated with the broker or dealer meet, such standards of training, experience, competence, and such other qualifications as the Commission finds necessary or appropriate in the public interest or for the protection of investors; or

(c)    without any natural person associated with the broker or dealer who effects or is involved in effecting such transactions having been registered or approved in accordance with the standards of training, experience, competence, and other qualification standards (including but not limited to submitting and maintaining all required forms, paying all required fees, and passing any required examinations) established by the rules of any national securities exchange or national securities association of which such broker or dealer is a member or under the rules of the Municipal Securities Rulemaking Board (if the broker or dealer is subject to the rules of that organization).

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Fuchs and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by knowingly providing substantial assistance to any broker or dealer (that is either a person other than a natural person or a natural person not associated with a broker or dealer other than a natural person) that makes use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Fuchs and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3(a)(12) [17 C.F.R. § 240.17a-3(a)(12)] promulgated thereunder, by knowingly providing substantial assistance to any broker or dealer that fails to make and keep current a questionnaire or application for employment that (1) is executed by each "associated person" (as that term is defined in Rule 17a-3(h)(4) [17 C.F.R. § 240.17a-3(h)(4)]; (2) is approved in writing by an authorized representative of such broker or dealer; and (3) contains the information, with respect to each associated person of such broker or dealer, set forth in Rule 17a-3(a)(12)(A) – (H) [17 C.F.R. § 240.17a-3(a)(12)(A) – (H)].

## C.  Form of Injunction Against Defendant Duncan Capital LLC

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Duncan Capital LLC and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)] and Rule 15b3-1 [17 C.F.R. § 240.15b3-1] promulgated

thereunder by failing to file a correct Form BD when serving as a broker or dealer as those terms are used in Exchange Act Section 15(a), or to promptly file an Amendment on Form BD correcting information contained in any application for registration as a broker or dealer or in any amendment thereto that is or has become inaccurate for any reason.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Duncan Capital LLC and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(b)(7) of the Exchange Act [15 U.S.C. § 78o(b)(7)], or Rule 15b7-1 [17 C.F.R. § 240.15b7-1] promulgated thereunder, by effecting any transaction in, or inducing the purchase or sale of, any security:

    (a)    without meeting such standards of operational capability as the Commission finds necessary or appropriate in the public interest or for the protection of investors;

    (b)    without meeting, and having all associated natural persons meet, such standards of training, experience, competence, and such other qualifications as the Commission finds necessary or appropriate in the public interest or for the protection of investors; or

    (c)    without any natural person associated with the broker or dealer who effects or is involved in effecting such transactions having been registered or approved in accordance with the standards of training, experience, competence, and other qualification standards (including but not limited to submitting and maintaining all required forms, paying all required fees, and passing any required examinations) established by the rules of any national securities exchange or national securities association of which such broker or dealer is a member or under the rules of the Municipal Securities Rulemaking Board (if the broker or dealer is subject to the rules of that organization).

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Duncan Capital LLC and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3(a)(12) [17 C.F.R. § 240.17a-3(a)(12)] promulgated thereunder, by failing to make and keep current a questionnaire or application for employment that (1) is executed by each "associated person" (as that term is defined in Rule 17a-3(h)(4) [17 C.F.R. § 240.17a-3(h)(4)]; (2) is approved in writing by an authorized representative of Duncan Capital LLC; and (3) contains the information, with respect to each associated person, set forth in Rule 17a-3(a)(12)(A) – (H) [17 C.F.R. § 240.17a-3(a)(12)(A) – (H)].

### D. Form of Injunction Against Defendant Duncan Capital Group LLC

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Duncan Capital Group LLC and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].


Dated: _____


_____
U.S.D.J.


Date: ___7/15/08___          By: _____
                                  Jack Kaufman (JK-3050)
                                  Preethi Krishnamurthy (PK-2809)
                                  Securities and Exchange Commission
                                  New York Regional Office
                                  3 World Financial Center, Room 400
                                  New York, New York 10281-1022

                                  Attorneys for Plaintiff
                                  Securities and Exchange Commission

Date: 7/15/08

By: _____

Martin P. Russo
Alison B. Cohen
Butzel Long
380 Madison Avenue
New York, NY 10017

Adam Gilbert
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022

Attorneys for Defendants Michael W. Crow and
Duncan Capital Group LLC and Relief Defendants
Trevor Crow, M.W. Crow Family LP,
Crow 2001 Children's Trust FBO Michelle Lee
Crow, Crow 2001 Children's Trust FBO Spencer
Michael Crow, Crow 2001 Children's Trust FBO
Duncan Crow, and Crow 2001 Children's Trust
FBO Olivia Trevor Crow

Date: 7/15/08

By: _____

Howard B. Sirota
Attorney At Law
260 Madison Avenue
New York, NY 10016

Attorney for Defendants Duncan Capital LLC and
Robert David Fuchs and Relief Defendant Santal
Holdings LLC

78