UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

MICHAEL W. CROW, DUNCAN CAPITAL LLC, DUNCAN CAPITAL GROUP LLC, ROBERT DAVID FUCHS, and ROBERT MACGREGOR,

        Defendants,

and

TREVOR CROW, SANTAL HOLDINGS LLC, M.W. CROW FAMILY LP, CROW 2001 CHILDREN'S TRUST FBO MICHELLE LEE CROW, CROW 2001 CHILDREN'S TRUST FBO SPENCER MICHAEL CROW, CROW 2001 CHILDREN'S TRUST FBO DUNCAN CROW, and CROW 2001 CHILDREN'S TRUST FBO OLIVIA TREVOR CROW,

        Relief Defendants.

07 Civ. 3814 (CM)

#08, 2090

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/08

---

## FINAL JUDGMENT AS TO DEFENDANTS MICHAEL W. CROW, ROBERT DAVID FUCHS, DUNCAN CAPITAL LLC, DUNCAN CAPITAL GROUP LLC AND RELIEF DEFENDANTS

**WHEREAS,**

1. Plaintiff Securities and Exchange Commission ("Commission") commenced this action on May 15, 2007; the Court entered a Final Judgment as to Defendant Robert MacGregor on April 11, 2008; and a trial as to the Commission's claims for relief against the remaining defendants and relief defendants was held before the Honorable Colleen McMahon on October 14, 15, 20, 22, 23, 24 and 27, 2008; and

2. On November 5, 2008, the Court issued certain findings of fact and conclusions of law which are the bases for this Final Judgment as to Defendants Michael W. Crow, Robert David Fuchs, Duncan Capital LLC, Duncan Capital Group LLC and Relief Defendants ("Final Judgment"), including that:

    A. Duncan Capital LLC violated Sections 15(b)(1), 15(b)(7) and 17(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78o(b)(1), 78o(b)(7) and 78q(a)] and Rules 15b3-1, 15b7-1 and 17a-3(a)(12) promulgated thereunder [17 C.F.R. §§ 240.15b3-1, 240.15b7-1 and 240.17a-3(a)(12)];

    B. Duncan Capital Group LLC violated Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)];

    C. Robert David Fuchs ("Fuchs") aided and abetted violations of Sections 15(a), 15(b)(1), 15(b)(7) and 17(a) of the Exchange Act [15 U.S.C. §§ 78o(a), 78o(b)(1), 78o(b)(7) and 78q(a)], and Rules 15b3-1, 15b7-1 and 17a-3(a)(12) promulgated thereunder [17 C.F.R. §§ 240.15b3-1, 15b7-1 and 240.17a-3(a)(12)]; and

    D. Michael W. Crow ("Crow") aided and abetted violations of Sections 15(a), 15(b)(1) and 15(b)(7) of the Exchange Act [15 U.S.C. §§ 78o(a), 78o(b)(1) and 78o(b)(7)], and Rules 15b3-1 and 15b7-1 promulgated thereunder [17 C.F.R. §§ 240.15b3-1 and 15b7-1];

**NOW THEREFOR,**

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Crow and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)] and Rule 15b3-1 [17 C.F.R. § 240.15b3-1] promulgated thereunder by knowingly providing substantial assistance to a broker or dealer (as those terms are used in Exchange Act Section 15(a)) that:

    A. fails to file a correct Form BD; or

    B. fails to promptly file an amendment on Form BD correcting information contained in any application for registration as a broker or dealer or in any amendment thereto that is or has become inaccurate for any reason.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Crow and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(7) of the Exchange Act [15 U.S.C. § 78o(b)(7)], and Rule 15b7-1 [17 C.F.R. § 240.15b7-1] promulgated thereunder, by knowingly providing substantial assistance to a registered broker or dealer that effects any transaction in, or induces the purchase or sale of, any security:

    A. without meeting such standards of operational capability as the Commission finds necessary or appropriate in the public interest or for the protection of investors;

    B. without meeting, and having all natural persons associated with the broker or dealer meet, such standards of training, experience, competence, and such other qualifications as the Commission finds

    necessary or appropriate in the public interest or for the protection of investors; or

 C. without any natural person associated with the broker or dealer who effects or is involved in effecting such transactions having been registered or approved in accordance with the standards of training, experience, competence, and other qualification standards (including but not limited to submitting and maintaining all required forms, paying all required fees, and passing any required examinations) established by the rules of any national securities exchange or national securities association of which such broker or dealer is a member or under the rules of the Municipal Securities Rulemaking Board (if the broker or dealer is subject to the rules of that organization).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Crow and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by knowingly providing substantial assistance to any broker or dealer (that is either a person other than a natural person or a natural person not associated with a broker or dealer other than a natural person) that makes use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted

security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Fuchs and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)] and Rule 15b3-1 [17 C.F.R. § 240.15b3-1] promulgated thereunder by knowingly providing substantial assistance to a broker or dealer (as those terms are used in Exchange Act Section 15(a)) that:

    A. fails to file a correct Form BD; or

    B. fails to promptly file an amendment on Form BD correcting information contained in any application for registration as a broker or dealer or in any amendment thereto that is or has become inaccurate for any reason.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Fuchs and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(b)(7) of the Exchange Act [15 U.S.C. § 78o(b)(7)] and Rule 15b7-1 [17 C.F.R. § 240.15b7-1] promulgated thereunder by knowingly providing substantial assistance to a registered broker or dealer that effects any transaction in, or induces the purchase or sale of, any security:

A. without meeting such standards of operational capability as the Commission finds necessary or appropriate in the public interest or for the protection of investors;

B. without meeting, and having all natural persons associated with the broker or dealer meet, such standards of training, experience, competence, and such other qualifications as the Commission finds necessary or appropriate in the public interest or for the protection of investors; or

C. without any natural person associated with the broker or dealer who effects or is involved in effecting such transactions having been registered or approved in accordance with the standards of training, experience, competence, and other qualification standards (including but not limited to submitting and maintaining all required forms, paying all required fees, and passing any required examinations) established by the rules of any national securities exchange or national securities association of which such broker or dealer is a member or under the rules of the Municipal Securities Rulemaking Board (if the broker or dealer is subject to the rules of that organization).

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Fuchs and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any

violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by knowingly providing substantial assistance to any broker or dealer (that is either a person other than a natural person or a natural person not associated with a broker or dealer other than a natural person) that makes use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Fuchs and his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3(a)(12) [17 C.F.R. § 240.17a-3(a)(12)] promulgated thereunder, by knowingly providing substantial assistance to any broker or dealer that fails to make and keep current a questionnaire or application for employment that (1) is executed by each "associated person" (as that term is defined in Rule 17a-3(h)(4) [17 C.F.R. § 240.17a-3(h)(4)]); (2) is approved in writing by an authorized representative of such broker or dealer; and (3) contains the information, with respect to each associated person of such broker or dealer, set forth in Rule 17a-3(a)(12)(A) – (H) [17 C.F.R. § 240.17a-3(a)(12)(A) – (H)].

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Duncan Capital LLC and its officers, agents, servants, employees, attorneys, and all

persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(b)(1) of the Exchange Act [15 U.S.C. § 78o(b)(1)] and Rule 15b3-1 [17 C.F.R. § 240.15b3-1] promulgated thereunder by failing to file a correct Form BD when serving as a broker or dealer as those terms are used in Exchange Act Section 15(a), or to promptly file an Amendment on Form BD correcting information contained in any application for registration as a broker or dealer or in any amendment thereto that is or has become inaccurate for any reason.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Duncan Capital LLC and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(b)(7) of the Exchange Act [15 U.S.C. § 78o(b)(7)], or Rule 15b7-1 [17 C.F.R. § 240.15b7-1] promulgated thereunder, by effecting any transaction in, or inducing the purchase or sale of, any security:

- A. without meeting such standards of operational capability as the Commission finds necessary or appropriate in the public interest or for the protection of investors;
- B. without meeting, and having all associated natural persons meet, such standards of training, experience, competence, and such other qualifications as the Commission finds necessary or appropriate in the public interest or for the protection of investors; or

    C. without any natural person associated with the broker or dealer who effects or is involved in effecting such transactions having been registered or approved in accordance with the standards of training, experience, competence, and other qualification standards (including but not limited to submitting and maintaining all required forms, paying all required fees, and passing any required examinations) established by the rules of any national securities exchange or national securities association of which such broker or dealer is a member or under the rules of the Municipal Securities Rulemaking Board (if the broker or dealer is subject to the rules of that organization).

## X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Duncan Capital LLC and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3(a)(12) [17 C.F.R. § 240.17a-3(a)(12)] promulgated thereunder, by failing to make and keep current a questionnaire or application for employment that (1) is executed by each "associated person" (as that term is defined in Rule 17a-3(h)(4) [17 C.F.R. § 240.17a-3(h)(4)]); (2) is approved in writing by an authorized representative of Duncan Capital LLC; and (3) contains the information, with respect to each associated person, set forth in Rule 17a-3(a)(12)(A) – (H) [17 C.F.R. § 240.17a-3(a)(12)(A) – (H)].

### XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Duncan Capital Group LLC and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

### XII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Crow and Duncan Capital Group LLC are jointly and severally liable for and shall pay the Commission disgorgement of ill-gotten gains of $1,562,337, together with prejudgment interest, at the IRS underpayment rate, calculated from March 1, 2005 through October 31, 2008, in the amount of $434,334, for a total of $1,996,671. Prejudgment interest on the amount of $1,562,337 for the period November 1, 2008 to the date of the entry of this judgment is calculated by the Clerk of the Court as $ _3,081.87_, bringing the total prejudgment interest and disgorgement amount to $ _1,999,752.87_

### XIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Fuchs is liable for and shall pay the Commission disgorgement of ill-gotten gains of $221,000, together with prejudgment interest, at the IRS underpayment rate, calculated from March 1, 2005

through October 31, 2008, in the amount of $61,439, for a total of $282,439. Prejudgment interest on the amount of $221,000 for the period November 1, 2008 to the date of the entry of this judgment is calculated by the Clerk of the Court as $ _435.95_ , bringing the total prejudgment interest and disgorgement amount to $ _282,874.95_ .

### XIV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Crow, Fuchs, Duncan Capital LLC and Duncan Capital Group LLC are jointly and severally liable for and shall pay the Commission disgorgement of ill-gotten gains of $3,903,474, together with prejudgment interest, at the IRS underpayment rate, calculated from March 1, 2005 through October 31, 2008, in the amount of $1,085,177, for a total of $4,988,651. Prejudgment interest on the amount of $3,903,474 for the period November 1, 2008 to the date of the entry of this judgment is calculated by the Clerk of the Court as $ _7,700.00_, bringing the total prejudgment interest and disgorgement amount to $ _4,996,351.00_ .

### XV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Crow, Fuchs, Duncan Capital LLC and Duncan Capital Group LLC are hereby enjoined from exercising any unexercised warrants received for transactions listed on PX-400 (with the exception of Neoprobe Corp. warrants); and are hereby ordered to surrender to the Commission any and all unexercised warrants received for transactions listed on PX-400 (with the exception of Neoprobe Corp. warrants).

### XVI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that relief defendant M.W. Crow Family LP is liable for and shall pay the Commission disgorgement

of ill-gotten gains of $831,624, together with prejudgment interest, at the IRS underpayment rate, calculated from March 1, 2005 through October 31, 2008, in the amount of $231,194, for a total of $1,062,818. Prejudgment interest on the amount of $831,624 for the period November 1, 2008 to the date of the entry of this judgment is calculated by the Clerk of the Court as $ _1,640.46_, bringing the total prejudgment interest and disgorgement amount to $ _1,064,458.46_.

### XVII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that relief defendant Santal Holdings LLC is liable for and shall pay the Commission disgorgement of ill-gotten gains of $42,162, together with prejudgment interest, at the IRS underpayment rate, calculated from March 1, 2005 through October 31, 2008, in the amount of $11,721, for a total of $53,883. Prejudgment interest on the amount of $42,162 for the period November 1, 2008 to the date of the entry of this judgment is calculated by the Clerk of the Court as $ _83.17_, bringing the total prejudgment interest and disgorgement amount to $ _53,966.17_.

### XVIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that relief defendants are also hereby enjoined from exercising any unexercised warrants received for transactions listed on PX-400 (with the exception of Neoprobe Corp. warrants); and are hereby ordered to surrender to the Commission any and all unexercised warrants received for transactions listed on PX-400 (with the exception of Neoprobe Corp. warrants).

### XVIX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Crow shall pay a civil monetary penalty, pursuant to 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in the amount of $250,000.

## XX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Fuchs shall pay a civil monetary penalty, pursuant to 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in the amount of $125,000.

## XXI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Duncan Capital Group LLC shall pay a civil monetary penalty, pursuant to 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in the amount of $50,000.

## XXII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Duncan Capital LLC to pay a civil monetary penalty, pursuant to 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in the amount of $50,000.

## XXIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants and relief defendants shall pay the amounts ordered as disgorgement, prejudgment interest thereon (calculated as of the date of the entry of this Final Judgment), together with civil penalties assessed by paying the amounts ordered within 10 days after entry of the Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the defendant or relief defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Final Judgment. Each defendant and relief defendant shall simultaneously transmit photocopies of any such payment and letter to the Commission's counsel in this action (Valerie A. Szczepanik, Senior Trial Counsel, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY 10281). Post-judgment interest on any delinquent amounts shall be paid pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XXIV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendants and relief defendants shall surrender the unexercised warrants ordered by transmitting the warrants to Commission's counsel in this action.

## XXV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: November 13, 2008
New York, New York

SO ORDERED.

_____
THE HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE